Chad Pehrson (12622) cpehrson@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W Broadway, Ste 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>Defendants. | **DEFENDANT ATMOS, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br>Magistrate Judge: Daphne A. Oberg |

Defendants Atmos Fragrance, Inc. and Kristen Knight move this Court to dismiss Plaintiff Pura Scents, Inc.'s claims of trade secret misappropriation under the DTSA and UTSA, breach of contract, and claims of patent infringement, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]  Specifically, Pura's Complaint fails to provide necessary factual bases to support the conclusory allegations that Atmos misappropriated any Pura trade

---

[1] Under Rule 12(a)(4) of the Federal Rules of Procedure, unless the Court sets a different time, Defendants will respond to the unchallenged portions of the Amended Complaint once the Court has decided this Motion. *See Talbot v. Sentinel Ins. Co., LTD.*, No. 11-01766, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases for the majority proposition that "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion" until 14 days after the court has decided the motion).

1

secret, that Atmos' products infringe Pura's patents, or that a breach of contract between Pura and Ms. Knight occurred. For these reasons, the Court should dismiss Pura's claims against Defendants.

I.  **BACKGROUND**

On December 20, 2024, Pura filed a complaint against Defendants alleging Atmos infringed two patents owned by Pura, that Ms. Knight breached a contract between herself and Pura, and that Defendants misappropriated trade secrets in violation of 18 U.S.C. § 1836 ("DTSA") and under Utah Code §§ 13-24-1 ("UTSA"). [Dkt. 1.]

To support its claims, the Complaint alleges the following in relevant part:

> 92. Atmos has been and is infringing at least claim 1 of the '091 Patent by making, using, importing, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Accused Products in violation of 35 U.S.C. § 271(a).
>
> 102. Atmos has been and is infringing at least claim 1 of the '601 Patent by making, using, importing, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Accused Products in violation of 35 U.S.C. § 271(a).
>
> 117. On information and belief, Ms. Knight materially breached the Knight Agreement by (among other things):
>
> > a.  Disclosing Pura's confidential information to Atmos; and
> >
> > b. Using Pura's confidential information to develop products for Atmos that directly compete with Pura's products.
>
> 125. The Investor Individuals has access to Pura's confidential and trade secret information through their involvement with Pura's investors. On information and belief, the Investor Individuals disclosed this confidential and trade secret information with Atmos when they helped found or finance the company.

> 126. Ms. Knight acquired Pura's trade secrets while serving as an independent contractor and consultant for Pura. As alleged above, on information and belief, when Ms. Knight ended her independent contractor relationship with Pura, she took Pura's trade secrets with her and, in violation of her contractual and other legal duties to Pura, used and disclosed the trade secrets to Atmos for her own and Atmos' benefit.
>
> 127. On information and belief, Atmos acquired Pura's trade secrets from the Investor Individuals and Ms. Knight. Atmos knew, or had reason to know, that the information provided by the Investor Individuals and Ms. Knight constituted Pura's trade secrets and, on information and belief, encouraged or instructed the Investor Individuals and Ms. Knight to disclose such information. On information and belief, Atmos used the information provided by the Investor Individuals and Ms. Knight to establish operations, develop or improve its product offerings and business systems, target customers, and build its brand.

[Compl. ¶¶ 92, 102, 117, 126, 127.]

## II.  RULE 12(B)(6) PLEADING STANDARD

A complaint must contain "'a short and plaint statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly*, 550 U.S. at 570.

To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, citing *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. 555.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS

Pura's claims for misappropriation of trade secrets under both the DTSA and UTSA should be dismissed as the Complaint fails to properly allege any facts that state a claim for relief. "The elements of a claim for trade secret misappropriation under the DTSA and UTSA closely resemble each other." *Total Quality Sys., Inc. v. Universal Synaptics Corp.*, 670 F.Supp.3d 1196, 1210 (D. Utah 2023) (citing *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F.Supp.3d 1163, 1175 (D. Colo. 2019). To successfully bring a claim for trade secret misappropriation, "a plaintiff must show (1) the existence of a trade secret that relates to a product or service used in, or intended to use in, interstate or foreign commerce; (2) the acquisition of the trade secret without consent; and (3) the person acquiring, using, or disclosing the trade secret knew or had reason to know that the trade secret was acquired by improper means." *Id.*

A complaint is deficient and fails to plausibly state a claim for relief when the complaint only contains conclusory statements that are turned into factual allegations when preceded by "on information and belief" statements. *See Balfour Beatty Infrastructure Inc. v. Am. Track Generations LLC*, No. 19- 249, 2020 WL 13049359, at *4 (D. Wyo. June 22, 2020) (dismissing the plaintiff's complaint for failure to plausibly allege the misappropriation of trade secrets when the complaint stated "on information and belief" conclusory statements).

Here, Pura's Complaint fails to plausibly state a claim for relief for misappropriation of trade secrets. The Complaint alleges both federal and state trade secrets claims. As to the violation of the DTSA (18 U.S.C. § 1836), the Complaint generally alleges that Pura has several trade secrets within the definition of 18 U.S.C. § 1836(3). [Compl. ¶ 120.] Pura alleges that "[t]hese trade secrets

4

include (among other things) Shopify financial and customer data; information about Pura's Ambassador Program Database; and information regarding Pura's financial outlook and projections." [Compl. ¶ 121.] Pura also alleges that "Investor Individuals had access to Pura's confidential and trade secret information . . . On information and belief, the investor individuals disclosed this confidential and trade secret information to Atmos." [Compl. ¶ 125.] Pura further alleges that "Ms. Knight acquired Pura's trade secrets while serving as an independent contractor and consultant for Pura . . . [and] on information and belief, when Ms. Knight ended her independent contractor relationship with Pura, she took Pura's trade secrets with her and . . . used and disclosed the trade secrets to Atmos." [Compl. ¶ 126.] Pura alleges that "[o]n information and belief, Atmos acquired Pura's trade secrets from the Investor Individuals and Ms. Knight" and "[o]n information and belief, Defendants continue to use Puras' trade secrets." [Compl. ¶¶ 127-28.]

Similarly, Pura's claims for misappropriation of trade secrets in violation of the UTSA (Utah Code §§ 1302401 *et seq.*) allege that "Pura has several trade secrets within the definition of 18 U.S. Utah Code § 13-24-2(4)." [Compl. ¶ 133.] Pura states that "[t]hese trade secrets include (among other things)" Shopify financial and customer data; information about Pura's Ambassador Program Database; and information regarding Pura's financial outlook and projections. [Compl. ¶ 134.] Similarly to the claims made under the DTSA, Pura alleges that "Investor Individuals had access to Pura's confidential and trade secret information . . . On information and belief, the Investor Individuals disclosed this confidential and trade secret information to Atmos." [Compl. ¶ 138.] Pura again alleges that "Ms. Knight acquired Pura's trade secrets while serving as an independent contractor and consultant to Pura . . . on information and belief, when Ms. Knight

5

ended her independent contractor relationship with Pura, she took Pura's trade secrets with her and . . . used and disclosed the trade secrets to Atmos." [Compl. ¶ 139.] Pura alleges that "[o]n information and belief, Atmos acquired Pura's trade secrets from the Investor Individuals and Ms. Knight" and "[o]n information and belief, Defendants continue to use Pura's trade secrets." [Compl. ¶¶ 140-41.]

Here, the contentions Pura uses to support its claims are conclusory statements, each prefaced with a hedge: "on information and belief." The core substantive aspect of the allegation is nothing more than the conclusions: "Atmos acquired Pura's trade secrets from the Investor Individuals and Ms. Knight" and "Defendants continue to use Pura's trade secrets." No actual facts alleged in the Complaint support these conclusions. As such, this Complaint is similar to the complaint in *Balfour*, where the court dismissed the plaintiff's complaint because the allegations were based "on information and belief" conclusory statements.

Further, it is not clear from the Complaint which trade secrets are alleged to have been misappropriated. Specifically, Pura prefaces its list of trade secrets by saying, "[t]hese trade secrets include (among other things)." Obviously, it cannot be clear to Defendants or anyone else the nature of "among other things."

Because Pura has failed to support its claims of trade secret misappropriation under the DTSA and UTSA with supporting facts, the Complaint fails to plausibly state a claim for relief under *Twombly* and *Iqbal*. The Court should, therefore, dismiss Pura's claims for trade secret misappropriation.

### IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT

Pura's claims for patent infringement should also be dismissed as the Complaint fails to

state a claim on which relief can be granted as to infringement of both patents asserted in this case. "[T]he Rule 8 pleading standards as construed by the Supreme Court in . . . *Iqbal* . . . and . . . *Twombly* . . . govern in patent cases." *The Beer Barrel, LLC v. Deep Wood Bre Prod., LLC*, No. 16-440, 2016 WL 5936874, at *3 (D. Utah Oct. 12, 2016). Under these standards, courts explain that if a pleading fails to provide an "explanation as to the *how* or *why* the [] products infringe," it is not inferred that a plaintiff will be entitled to relief. *PageMelding, Inc. v. ESPN, Inc.*, No. 11-06263, 2012 WL 851574, at *2 (N.D. Cal. Mar. 13, 2012). Similarly, "if a complaint does not contain factual allegations that would permit a court to infer that a required element of the patent claim was satisfied, it is hard to see how infringement would be 'probable.'" *Novitaz, Inc. v. inMarket Media, LLC*, No. 16- 06795, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017); *see also AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1142-43 (N.D. Cal. 2019) (explaining that a "direct infringement claim 'does not satisfy the standards of *Twombly* and *Iqbal* where it does not at least contain factual allegations that the accused product practices every element of at least one exemplary claim'").

### a. Pura Failed to Plead Facts to Support Its Allegation That Atmos Infringed US. Patent No. 10, 967,091.

Pura's Complaint fails to contain sufficient factual allegations that Atmos' products practice every element of at least one exemplary claim. Pura alleges that "Atmos has been and is infringing at least claim 1 of the '091 Patent." [Compl. ¶ 91.] Claim 1 of the '091 Patent reads as follows:

> A solution dispensing apparatus, comprising:
> a body including a first vial bay and a second vial bay, the first vial bay and the second vial bay being adjacently situated;

> a first heating element disposed in the body in association with the first vial bay; a second heating element disposed in the body in association with the second vial bay;
> a vial retaining mechanism including a first vial coupling proximate the first vial bay, and a second vial coupling proximate the second vial bay and the second heating element, the first vial coupling configured to receive and detachably retain a first vial and situate a dispensing end of the first vial toward the first heating element, and the second vial coupling configured to receive and detachably retain a second vial and situate a dispensing end of the second vial toward the second heating element;
> a switching mechanism including the first heating element associated with the first vial bay, and the second heating element associated with the second vial bay, wherein: the first heating element is configured to heat a first solution dispensed from the dispensing end of the first via, and the second heating element is configured to heat a second solution dispensed from the dispensing end of the second vial;
> a wireless interface configured to wirelessly communicate with a management server to receive control data stored on the management server, the control data including solution settings from the management server based on an association of the solution dispensing apparatus with a particular room; and
> a controller electronically coupled to the wireless interface to receive the control data and electronically coupled to the switching mechanism, the controller configured to instruct the switching mechanism to dispense one or more of the first solution from the first vial via the first heating element and the second solution from the second vial via the second heating element based on the solution settings received from the management server and an attribute of the particular room.

[Compl., Exh. A]

Pura alleges that in addition to infringing the '091 Patent, Atmos has been inducing infringement and contributing to the infringement of the '091 Patent. [Compl. ¶¶ 93-95.] Pura's Complaint alleges that "despite being put on specific notice of the ''091 Patent, Atmos has continued to infringe the '109 Patent." [Compl. ¶ 96.] Plaintiff's Complaint alleges that Atmos does this by selling products, including diffusers, fragrance vials with diffusers, a smartphone app, "and other

technology employed by Atmos to provide the features described herein." [Compl. ¶ 58.] Pura alleges that Atmos sells products that include a diffuser with three holders for fragrance vials with flanges, heating elements to diffuse fragrances, and an app to allow users to control the release of fragrance at various intensities by means of the heating mechanisms. [Compl. ¶¶ 60-62.]

Pura's Complaint is deficient as there are not factual allegations sufficient to support the claim that Atmos' products practice every claim of Claim 1, assuming that is the exemplary claim. One of the elements required by Claim 1 of the '091 Patent is for "a switching mechanism including the first heating element associated with the first vial bay, wherein: the first heating element is configured to heat a first solution dispensed from the dispensing end of the first vial, and the second heating element is configured to heat a second solution dispensed from the dispensing end of the second vial." After a review of Pura's Complaint, Defendants are unable to identify where the Complaint alleges that any of Atmos' products practice the limitation of "a switching mechanism."

Additionally, Claim 1 includes a limitation for "a wireless interface configured to wirelessly communicate with a management server." Pura's Complaint makes no mention of any Atmos product communicating with a server. Rather, the Complaint alleges that Atmos' "app can be used to configure the Accused Products."

Pura's Complaint is therefore deficient, as it fails to meet the standards under *Iqbal* and *Twombly* as the claim for infringement of the '091 Patent is not supported by factual allegations that any Atmos product practices every element of Claim 1 of the '091 Patent. Because Pura's Complaint fails to meet the requisite standards, this court should dismiss the claim for infringement of the '091 Patent.

### b. Pura Failed to Plead Facts to Support Its Allegation That Atmos Infringed U.S. Patent No. 11,213,601

Similarly to the claims of infringement of the '091 Patent, Pura's Complaint fails to contain sufficient factual allegations that any Atmos product practices every element of at least one exemplary claim of the '601 Patent. Pura's Complaint simply states, "Atmos has been and is infringing at least claim 1 of the '601 Patent." [Compl. ¶ 102.] Claim 1 of the '601 Patent reads:

> A fragrance intensity control apparatus, comprising:
> a first vial bay configured to receive and detachably retain a first vial including a first fragrance solution;
> a first heating element disposed in the first vial bay and responsive to control data;
> a first sensor proximate to the first heating element, the first sensor configured to measure a first temperature of the first heating element and to provide a first feedback based on the first temperature; and
> a controller configured to generate the control data to adjust a first intensity of a first fragrance based on the first fragrance solution dispensed from the first vial, the first intensity adjusted by adjusting the first temperature at a first set point of the first heating element to an adjusted temperature at an adjusted set point, the control data based at least in part of the first feedback to maintain the adjusted temperature at the adjusted set point during a diffusion of the first fragrance solution.

[Compl., Exh. B]

Pura alleges that in addition to infringing the '601 Patent, Atmos has been inducing and contributing to the infringement of the '601 Patent. [Compl. ¶¶ 103-105.] Pura's Complaint makes conclusory statements unsupported by facts. Pura's Complaint alleges that "despite being put on specific notice of the ''601 Patent, Atmos has continued to infringe the ''601 Patent . . . Atmos and its employees have copied Pura's product designs." [Compl. ¶ 106.] Pura's Complaint alleges that Atmos does this by selling products including diffusers, fragrance vials with diffusers, a smartphone app, and other technology employed by Atmos to provide the features described

herein." [Compl. ¶ 58.] Pura alleges that Atmos sells products that include a diffuser with three holders for fragrance vials with flanges, heating elements to diffuse fragrances, and an app that allows users to control the release of fragrance at various intensities by means of the heating mechanisms. [Compl. ¶¶ 60-62.]

Pura's Complaint is further deficient as it does not contain factual allegations about which claims of the '601 Patent Defendants allegedly infringe, simply alleging that Atmos infringes "at least Claim 1." [Compl. ¶ 102.] It is not clear to Atmos specifically which claims of the '601 Patent Pura claims are infringed, if it is only Claim 1, or if there are multiple claims. Regardless, Pura's Complaint is deficient as there are no factual allegations sufficient to support the claim that Atmos' products practice every claim of Claim 1, assuming that is the exemplary claim. One of the elements required by Claim 1 of the '601 Patent is for "a controller configured to generate the control data to adjust a first intensity of a first fragrance based on the first fragrance solution dispensed from the first vial, the first intensity adjusted by adjusting the first temperature at a first set point of the first heating element to an adjusted temperature at an adjusted set point, the control data based at least in part on the first feedback to maintain the adjusted temperature at the adjusted set point during diffusion of the first fragrance solution." The Complaint does not plainly allege that any of Atmos' products practice the limitation of having the intensity of a fragrance controlled by adjusting the temperature of a set point.

Pura's Complaint is therefore deficient, failing to meet the standards under *Iqbal* and *Twombly* as the claim for infringement of the '601 Patent is not supported by factual allegations that any Atmos product practices every element of Claim 1 of the '601 Patent. Because Pura's Complaint fails to meet the requisite standards, this court should dismiss the claim for infringement

of the '601 Patent.

## V. THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Finally, Pura's Complaint fails to allege facts sufficient to state a claim for breach of contract against Ms. Knight. Under Utah law, to bring a claim for breach of contract, there must be "(1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages." *Green Oak Hedge Fund v. Hopkinson*, No. 2:06-cv-636, 2007 WL 2029314 (D. Utah Jul. 9, 2007). As previously stated in this Motion, a complaint is deficient and fails to plausibly state a claim for relief when the complaint only contains conclusory statements that are turned into factual allegations when preceded by "on information and belief" statements. *See Balfour Beatty Infrastructure Inc. v. Am. Track Generations LLC*, No. 19- 249, 2020 WL 13049359, at *4 (D. Wyo. June 22, 2020)

Here, Pura's Complaint alleges that the agreement between Pura and Ms. Knight was valid and enforceable, that Pura performed its obligations under the agreement by acting in accordance with the agreement, and that Ms. Knight agreed to protect Pura's confidential information. [Compl. ¶¶ 112-14.] However, when it comes to the issue of breach, Pura's Complaint fails to put forth any facts indicating a breach by Ms. Knight. Rather, Pura relies on "on information and belief" statements. Pura alleges "[o]n information and belief, Ms. Knight materially breached the Knight Agreement by (among other things) Disclosing Pura's confidential information to Atmos; and using Pura's confidential information to develop products for Atmos that directly compete with Pura's products." [Compl. ¶ 117.] These conclusory statements are insufficient to support any claim that Ms. Knight breached her contract with Pura.

Because Pura's Complaint fails to allege any facts to make it plausible on its face that Ms.

Knight breached her agreement with Pura, the Court should dismiss Pura's claims for breach of contract against Ms. Knight.

## VI.    CONCLUSION

Defendants respectfully request dismissal of Pura's claims for trade secret misappropriation, patent infringement, and breach of contract for failure to state a claim upon which relief can be granted.

Dated: February 18, 2025

Respectfully submitted,

**Kunzler Bean & Adamson**

*/s/ Chad S. Pehrson*
Chad S. Pehrson

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2025, I caused a true and correct copy of **DEFENDANT ATMOS, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** to be submitted for electronic filing through the Court's CM/ECF system which automatically effectuated service of process upon all counsel of record.

*/s/Chad S. Pehrson*