David L. Mortensen (#8242)
    Email: dmortensen@foley.com
Tanner B. Camp (#17805)
    Email: tcamp@foley.com
Michael A. Manookin (#15667)
    Email: mmanookin@foley.com
Charles D. Morris (#18058)
     Email: charlie.morris@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

*Attorneys for Pura Scents, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>              Defendants. | **PLAINTIFF PURA SCENTS, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT ATMOS FRAGRANCE, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Case No. 2:24-cv-00958-TS-DAO<br><br>The Honorable Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Pura Scents, Inc. ("Pura") submits this memorandum in opposition to defendant

Atmos Fragrance, Inc. ("Atmos") and Kristen Knight's (collectively, the "Atmos Parties")

Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................... ii

I.      INTRODUCTION ...................................................................................1

II.     BACKGROUND .....................................................................................2

III.    LEGAL STANDARD..............................................................................3

IV.     ARGUMENT............................................................................................4

   A.    Pura Sufficiently Pled Claims for Misappropriation of Trade Secrets. ......................4

   B.    Pura Sufficiently Pled Claims for Patent Infringement. .............................................9

   C.    Pura Sufficiently Pled a Claim for Breach of Contract.............................................13

V.      CONCLUSION.....................................................................................14

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aaag-California, LLC v. Kisana* No. 2:20-CV-00026-HCN-JCB, 2020 WL 2849929 (D. Utah June 2, 2020) ................................................................................................................... passim

*Ahern Rentals v. EquipmentShare.com* 59 F.4th 948 (8th Cir. 2023) ................................... 5, 6, 7

*Ashcroft v. Iqbal* 556 U.S. 662 (2009) ......................................................................................... 4

*Balfour Beatty Infrastructure Inc. v. Am. Track Generations LLC* 2020 WL 13049359 (D. Wyo. June 22, 2020) ....................................................................................................................... 7, 8

*Balfour Beatty Infrastructure Inc. v. Am. Track Generations LLC* 533 F. Supp. 3d 1030 (D. Wyo. 2020) ...................................................................................................................................... 8

*Braden v. Wal-Mart Stores, Inc.* 588 F.3d 585 (8th Cir. 2009) ................................................... 6

*Clinton v. Sec. Benefit Life Ins. Co.* 63 F.4th 1264 (10th Cir. 2023) ...................................... 3, 6

*Cobalt Flux, Inc. v. Positive Gaming AS* No. 2:08-CV-185 TS, 2008 WL 4534182 (D. Utah Oct. 6, 2008) ....................................................................................................................................... 5

*Erickson v. Pardus* 551 U.S. 89 (2007) ............................................................................. 4, 7, 11

*Gerling & Assocs., Inc. v. Odulair, LLC* No. 2:16-CV-1000, 2017 WL 2790669 (S.D. Ohio June 28, 2017) ....................................................................................................................................... 7

*Gracenote, Inc. v. Sorenson Media, Inc.* No. 2:16-CV-950 CW, 2017 WL 2116173 (D. Utah May 15, 2017) .............................................................................................................................. 9, 10

*Green Oak Hedge Fund v. Hopkinson* No. 2:06-cv-636, 2007 WL 2029314 (D. Utah July 9, 2017) ...................................................................................................................................... 14

*Hiatt v. Brigham Young University* 512 F. Supp. 3d 1180 (D. Utah 2021) ................................ 13

*Robison v. 7PN, LLC* 569 F. Supp. 3d 1175 (D. Utah 2021) ...................................................... 14

*Ruiz v. McDonnell* 299 F.3d 1173 (10th Cir. 2002) .................................................................... 4

*SimpliVity Corp. v. Springpath, Inc.* No. 4:15–13345–TSH, 2016 WL 5388951 (D. Mass., July 15, 2016) ...................................................................................................................................... 9

*Total Quality Sys., Inc. v. Universal Synaptics Corp.* 679 F. Supp. 3d 1196 (D. Utah 2023)... 4, 5, 13

*VGH Sols., Inc.* 888 F.3d 1256 (Fed. Cir. 2018)........................................................................ 12

Rules

Rule 8(a) of the Federal Rules of Civil Procedure.................................................................. 1, 3, 5

## I.    INTRODUCTION

The Motion provides no proper basis to dismiss the claims in Pura's Complaint. While arguing that Pura fails to allege facts sufficient to support its claims, the Atmos Parties ignore the law, make unsupported and incorrect arguments, and fail to consider the allegations in the Complaint as a whole as required by the applicable standard. Instead, the Motion appears to have been brought exclusively for the purpose of delaying this litigation. Thus, the Motion should be denied.

*First*, the Atmos Parties argue that Pura's trade secrets claims are deficient solely because Pura makes certain allegations on "information and belief." That is legally incorrect. Like most claims, claims under the Defend Trade Secrets Act ("DTSA") and the Utah Uniform Trade Secrets Act ("UTSA") are subject to the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Under that standard, a plaintiff can allege facts "on information and belief," particularly where the facts are within the control of the defendant or where the belief is based on factual information that raises an inference of culpability. That is the case here. Thus, the trade secrets claims are not somehow deficient just because Pura asserts allegations on information and belief.

*Second*, the Atmos Parties argue that Pura's patent infringement claims are not properly pled because, according to the Atmos Parties, Pura failed to allege certain elements of each patent claim. But the Atmos Parties' arguments are conclusory, unsupported, and fail to acknowledge facts alleged in the Complaint (as well as reasonable inferences that arise from those facts). The Atmos Parties cannot don blinders and ignore Pura's allegations in the Complaint. When considered as a whole, the Complaint properly pleads each patent claim.

*Third*, the Atmos Parties argue that Pura's breach of contract claim fails because, again, Pura makes certain allegations on "information and belief." For the reasons this argument fails as to the trade secrets claims, it fails as to the breach of contract claim.

Contrary to the Atmos Parties' assertions, Pura provided a detailed and lengthy Complaint and described the basis for each of its claims. The Atmos Parties do not (and cannot) argue that they do not understand Pura's claims or the basis for those claims. Despite that, they have burdened this Court (and Pura) with a hyper technical and legally incorrect motion. Thus, the Motion should be denied.

## II. BACKGROUND

Pura is an innovator in the fragrance industry. (*See* Compl., Dec. 12, 2024, ECF No. 1, ¶¶ 1, 16–21.) Since its founding in 2014, Pura has invested millions of dollars and years of research to develop a revolutionary line of products, including the world's first app-controlled fragrance diffuser. (*Id.* ¶¶ 1–2, 17–18.) To protect its innovations and market position, Pura has developed a robust portfolio of patents and trade secrets. (*Id.* ¶¶ 20, 49–57.)

As part of its operations, Pura partnered with major investors, including Kickstart and Tamarak Capital. Through these relationships, certain individuals—including Tyson Andrus, Jeremy Andrus, and Aaron Derose (the "Investor Individuals")—gained access to Pura's most sensitive business information. (*Id.* ¶¶ 4, 35–43.) Pura's investors are bound by strict confidentiality obligations under Pura's Investors' Rights Agreement. (*Id.* ¶¶ 36–38.)

Pura also retained Kristen Knight as a consultant to manage and grow its Ambassador Program. In that role, Ms. Knight obtained access to Pura's confidential information, including

marketing strategies, customer databases, and proprietary analytics. (*Id.* ¶¶ 5, 22–33.) She too was bound by a confidentiality agreement. (*Id.* ¶¶ 24–25.)

 Rather than honor their legal obligations, the Investor Individuals and Ms. Knight took and used Pura's confidential and proprietary information to form a competing company, Atmos. (*Id.* ¶¶ 6–7, 44–45.) Atmos launched in 2022 and began selling products in 2024. Those products are virtual copycats of Pura's products and include a smart fragrance diffuser, fragrance vials, and a mobile application ("app") that allows scent-based customization. (*See id.* ¶¶ 7, 46–47, 58–68.)

 Atmos's rapid market entry and product development would not have been possible without its unlawful use of Pura's confidential and trade secret information and, even if it was, Atmos's products infringe Pura's patents. (*See, e.g.*, *id.* ¶¶ 47, 58–82.) Despite receiving a cease-and-desist letter in September 2024, Atmos refused to stop its infringing activities, which continue to this day. (*Id.* ¶¶ 83–85.) These actions have caused ongoing and irreparable harm to Pura's business, market position, and reputation. (*Id.* ¶¶ 86–90.)[1]

## III. LEGAL STANDARD

 As the Court is well aware, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And, on a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and "view all reasonable inferences in favor of the [non-moving

---

[1] In the Background section of the Motion, the Atmos Parties cite six paragraphs from the Complaint and suggest that these are the only allegations on which Pura bases its claims. (Mot. at 2.) Not so. It is axiomatic that in addressing a motion to dismiss, a court must consider the complaint's allegations "as a whole," not just those cherry picked by a defendant. *See Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023).

party].” *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Importantly, a plaintiff's claim must only be plausible, not probable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    ARGUMENT

The Atmos Parties argue that each of Pura's claims is deficient and should be dismissed. But their arguments ignore the law and allegations in Pura's Complaint. The Motion should therefore be denied.

### A.    Pura Sufficiently Pled Claims for Misappropriation of Trade Secrets.

The Atmos Parties first argue that Pura fails to adequately allege misappropriation of its trade secrets because it makes certain allegations on “information and belief.” (Mot. to Dismiss, Feb. 18, 2025, ECF No. 13 (“Mot.”), at 4–6.) That is incorrect.

The elements of a claim for trade secrets misappropriation under the DTSA and the UTSA are similar. *Total Quality Sys., Inc. v. Universal Synaptics Corp.*, 679 F. Supp. 3d 1196, 1210 (D. Utah 2023). To establish a claim under the DTSA, a plaintiff must show:

> (1) the existence of a trade secret that relates to a product or service used in, or intended for use in, interstate or foreign commerce; (2) the acquisition of the trade secret, or the use or disclosure of the trade secret without consent; and (3) the person acquiring, using, or disclosing the trade secret knew or had reason to know that the trade secret was acquired by improper means.

*Id.* And under the UTSA, a plaintiff must show: “(1) the existence of a trade secret, (2) communication of the trade secret to [the defendant] under an express or implied agreement limiting disclosure of the secret, and (3) [the defendant's] use of the secret that injures [the plaintiff].” *Id.*

Importantly, like most claims, claims under the DTSA or UTSA need only satisfy the liberal pleading requirements of Rule 8(a). *See Cobalt Flux, Inc. v. Positive Gaming AS*, No. 2:08-CV-185 TS, 2008 WL 4534182, at *3 (D. Utah Oct. 6, 2008). That means that a complaint must "give just enough factual detail to provide 'fair notice of what the . . . claim is and the grounds upon which it rests." *Total Quality*, 679 F. Supp. 3d at 1206. And it is well established that a plaintiff may allege necessary facts "upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Aaag-California, LLC v. Kisana*, No. 2:20-CV-00026-HCN-JCB, 2020 WL 2849929, at *2 (D. Utah June 2, 2020).

The Eighth Circuit Court of Appeals decision in *Ahern Rentals v. EquipmentShare.com*, 59 F.4th 948 (8th Cir. 2023) is instructive on this issue. There, the plaintiff alleged that two competitors misappropriated its trade secrets to gain an unfair advantage in the construction equipment rental industry. *Id.* at 951. The plaintiff alleged "on information and belief" that one of the competitors "knew or had reason to know" that the other competitor improperly acquired the trade secrets at issue. *Id.* at 956. The Eighth Circuit found that the allegations pled "on information and belief" were appropriate because based on the plaintiff's other allegations, "it is entirely plausible to infer that EZ *knew* it was using programs developed through the exploitation of trade secrets." *Id.* The court also found that "any hard evidence of EZ's knowledge is within the sole control of EZ or [the other competitor]." *Id.* Thus, the court held that the plaintiff's allegations "on information and belief are sufficient to nudge its complaint across 'the line between possibility and plausibility.'" *Id.*

Here, the Atmos Parties do not dispute that Pura adequately alleges the existence of its trade secrets. (*See* Mot. at 4–6.) Rather, they argue only that Pura fails to allege *misappropriation* of those trade secrets because it makes certain allegations on information and belief. (*Id.*) The Atmos Parties are wrong.

*First*, the Atmos Parties incorrectly focus on Pura's assertions under the trade secrets claims for relief without considering the Complaint's allegations as a whole. (*See* Mot. at 4–6); *Clinton*, 63 F.4th at 1275 ("Our task is to consider the complaint's allegations 'taken as a whole.'"); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.") When considered as a whole, those allegations demonstrate that Pura's belief that the Atmos Parties misappropriated its trade secrets "is based on factual information" that makes the inference of the Atmos Parties' culpability plausible. *See Aaag-California*, 2020 WL 2849929, at *2.

Among other things, Pura alleges that Ms. Knight and the Investor Individuals gained access to Pura's trade secrets by virtue of their relationships with Pura and explains the nature of those relationships. (*See* Compl. ¶¶ 4–5, 30–33, 39–42, 126, 127, 139, 140). It also alleges that Ms. Knight and the Investor Individuals were involved in launching Atmos shortly after their involvement in Pura (*see id.* ¶¶ 7, 22, 44–45), and thus had the opportunity and ability to disclose and use Pura's trade secrets at Atmos. It alleges that Atmos's products are nearly identical to Pura's products, that Atmos attempted to poach Pura's employees, and that Atmos was able to rapidly develop its products and shortcut its way into the market. (*See id.* ¶¶ 7, 46–48.) And it alleges that access to Pura's trade secrets would allow competitors (like Atmos) to

replicate Pura's "product offerings and marketing strategies without the time, cost, and expertise necessary to independently develop such innovations." (*Id.* ¶¶ 123, 137.) These factual allegations, at a minimum, lead to the reasonable inference that the Atmos Parties misappropriated Pura's trade secrets. *See Aaag-California*, No., 2020 WL 2849929, at *2 (allegations on information and belief are appropriate "where the belief is based on factual information that makes the inference of culpability plausible"); *see also Erickson*, 551 U.S. at 94 (finding that on a motion to dismiss a court must "view all reasonable inferences in favor of the [non-moving] party"); *Gerling & Assocs., Inc. v. Odulair, LLC*, No. 2:16-CV-1000, 2017 WL 2790669, at *6–7 (S.D. Ohio June 28, 2017) ("A short timeframe makes it more plausible that Odulair didn't start the process from scratch with the substitute manufacturer.").

*Second*, the Atmos Parties fail to acknowledge that the facts alleged on information and belief are "peculiarly within the possession and control of the defendant." *See Aaag-California*, No., 2020 WL 2849929, at *2. Irrefutable evidence that Ms. Knight and the Investor Individuals disclosed Pura's trade secrets to Atmos and that Atmos is using those trade secrets in its business are within "the sole control of" the Atmos Parties. *See Ahern Rentals*, 59 F.4th at 956. Thus, Pura's allegations on information and belief are entirely appropriate and sufficient to state a claim for trade secrets misappropriation. The Motion should be denied.

The only case the Atmos Parties cite in support of their argument that the "information and belief" allegations are insufficient is *Balfour Beatty Infrastructure Inc. v. Am. Track Generations* LLC, 2020 WL 13049359 (D. Wyo. June 22, 2020) ("*Balfour I*"). There, the complaint alleged on information and belief that the defendants used the plaintiff's "confidential information" when arranging for their subordinates to follow them to a new company. *Id.* at *4.

But the plaintiff did not allege facts showing that the alleged information rose to the level of a trade secret. *Id.* Despite that, the complaint subsequently alleged that "on information and belief" the defendants used the plaintiff's trade secrets on behalf of their new company. *See id.* The court dismissed the trade secrets claim because the allegations that "two former high-level employees went to work for a competitor and were followed, preceded, or joined by approximately 65 other former employees" were not enough to support the conclusory assertion that the defendants misappropriated the plaintiff's trade secrets. *Id.* at *5.

The Atmos Parties fail to mention the events subsequent to *Balfour I*. Following the *Balfour I* decision, the plaintiff amended its complaint. *See Balfour Beatty Infrastructure Inc. v. Am. Track Generations LLC*, 533 F. Supp. 3d 1030, 1033 (D. Wyo. 2020) ("*Balfour II*"). And, on a subsequent motion, the court rejected the defendants' effort to dismiss the trade secrets claim where the plaintiff alleged that the defendants' use of the trade secrets allowed defendant to develop its business faster than expected. *Id.* at 1034–35.

Here, Pura's allegations are like those in *Balfour II*, not those in *Balfour I*. Pura alleges that the information the Atmos Parties purportedly misappropriated constituted Pura's trade secrets. (*See* Compl. ¶¶ 4–5, 30–33, 39–42, 126, 127, 139, 140.) It also alleges factual information giving rise to the reasonable inference that the Atmos Parties misappropriated the trade secrets, including (for example) that Atmos brought to market copycats of Pura's products on an expedited timeframe. (*See id.* ¶¶ 7, 46–48, 123, 137.) That is all that is necessary at this point. Even the *Balfour I* court recognized that such allegations support the misappropriation element of a trade secrets claim. *See Balfour I*, 2020 WL 13049359, at *5 (finding that facts that support the misappropriation element include those supporting that "the defendant's new

8

employer was able to perform some business activity sooner than would normally be expected without misappropriation of trade secrets"). Thus, as to the trade secrets claims, the Motion should be denied.

**B.    Pura Sufficiently Pled Claims for Patent Infringement.**

The Atmos Parties next argue that Pura failed to allege facts supporting their patent infringement claims. Again, they are incorrect.

It is well established that "the factual allegations made in a complaint 'need only be enough to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.'" *Gracenote, Inc. v. Sorenson Media, Inc*., No. 2:16-CV-950 CW, 2017 WL 2116173, at \*2 (D. Utah May 15, 2017) (*quoting SimpliVity Corp. v. Springpath, Inc*., No. 4:15–13345–TSH, 2016 WL 5388951 at \*3 (D. Mass., July 15, 2016). "Accordingly, all that 'Twombly* and *Iqbal* require is a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.'" *Id.* Pura's Complaint more than satisfies that standard.

The Complaint provides a description of the patents at issue (and attaches the patents as exhibits) (*see* Compl. ¶¶ 49–57, Exs. A, B), identifies the Accused Products[2] that infringe the patents (*see, e.g.*, *id.* ¶ 58), and describes how the Accused Products do what the patents disclose (*see, e.g.*, *id.* ¶¶ 59–79). Despite that, the Atmos Parties argue that the patent claims fail because

---

[2] In this opposition, Pura incorporates the same definition of "Accused Products" that is in its Complaint. (*See* Compl. ¶ 58.)

Pura fails to allege that the Accused Products "practice every element of at least one exemplary claim." (*See* Mot. at 7, 10.) But that level of specificity is better left for and will be provided in Pura's forthcoming initial infringement contentions. *See Gracenote*, 2017 WL 2116173, at *3 ("The Local Patent Rules, in fact, anticipate robust disclosure of the particulars behind allegations of infringement at an early date.") (internal quotations omitted). Either way, the Atmos Parties' arguments lack merit, and the Motion should be denied.

            1.      The Complaint Sufficiently Alleges Infringement of the '091 Patent.

With respect to infringement of U.S. Patent No. 10,967,091 (the "'091 Patent"), the Atmos Parties argue that Pura fails to allege (1) the existence of a "switching mechanism," and (2) "a wireless interface configured to wirelessly communicate with a management server." (*See* Mot. at 9.) That is incorrect.

*First*, after quoting the element of a "switching mechanism" in Claim 1 of the '091 Patent, the Atmos Parties claim that they "are unable to identify where the Complaint alleges that any of Atmos' products practice the limitation of 'a switching mechanism.'" (Mot. at 9.) This cursory statement overlooks well-pled facts in the Complaint.

Pura alleges that the Accused Products include multiple bays for multiple fragrance vials, each of which includes a separate heating element. (Compl. ¶¶ 60, 61, 75.) From Atmos's mobile app, users may select which fragrance to release "at various intensities through the heating elements that correspond to the fragrance vial bays within the diffuser." (*Id.* ¶¶ 62–63, 76.) The image in Paragraph 62 includes an example where a user may select between the "ATMOS Woodland" fragrance or the "ATMOS Citrus Twist" fragrance. (*Id.* ¶ 62.) The Accused Products respond to the app's commands and release the selected fragrance from the selected vial

bay in the Accused Products. (*Id.* at ¶¶62–63, 76.) Put differently, Pura alleges a mechanism for a user, through Atmos's app, to switch between fragrances when using the Accused Products. Those allegations are more than sufficient to allege a "switching mechanism," or at least create the reasonable inference of one. *See Erickson*, 551 U.S. at 94 (finding that on a motion to dismiss a court must "view all reasonable inferences in favor of the [non-moving] party").

 *Second*, the Atmos Parties argue that the "Complaint makes no mention of any Atmos product communicating with a server. Rather, the Complaint alleges that Atmos' 'app can be used to configure the Accused Products.'" (Mot. at 9.) That argument is self-defeating. As the Atmos Parties recognize, Pura alleges that the Accused Products communicate with an app. (*See id.*) Pura also alleges that the "Accused Products require a Wi-Fi connection to configure the device" and that through that connection, "the app can be used to configure the Accused Products to release fragrance from user-selected fragrance vials." (Compl. ¶ 63.) Further, Pura identifies example configurations possible through the app, including rules for how and when a device diffuses certain fragrances. (*Id.* at ¶¶ 66–68.) Thus, contrary to Atmos's unsupported assertion, Pura sufficiently pleads that the Accused Products communicate with a server, including through at least a Wi-Fi connection and the Atmos app. Pura sufficiently alleges infringement of the '091 Patent.

   2. <u>The Complaint Sufficiently Alleges Infringement of the '601 Patent.</u>

 With respect to infringement of U.S. Patent No. 11,213,601 (the "'601 Patent"), the Atmos Parties argue that Pura failed to allege that "any of Atmos' products practice the limitation of having the intensity of a fragrance controlled by adjusting the temperature of a set

point." (Mot. at 11.) Like the Atmos Parties' arguments regarding the '091 Patent, this argument fails.[3]

Pura alleges that the Accused Products control the intensity of a fragrance by adjusting a temperature set point. For example, Pura alleges that the Accused Products include multiple fragrance vial bays, each of which includes a heating element to diffuse fragrance from a vial. (Compl. ¶¶ 75–76.) From the Atmos app, users can select to diffuse a fragrance from one of the vial bays at intensity levels of 1 through 5. (*Id.* at 76.) The heating element for each bay includes a control element that controls the temperature, allowing the release of fragrance at the selected intensity level. (*Id.* ¶¶ 76–78.) In other words, Pura alleges that the Accused Products maintain different temperature setpoints to control the release of different fragrances at the selected intensity level. (*Id.* ¶¶ 75–79.) Thus, Pura sufficiently alleges infringement of the '610 Patent.[4]

---

[3] The Atmos Parties also argue that the '601 Patent claim is deficient because it "is not clear to Atmos specifically which claims of the '601 Patent Pura claims are infringed, if it is only Claim 1, or if there are multiple claims." (Mot. at 11.) But Pura alleges that Atmos infringes at least Claim 1 of the '601 Patent (*see* Compl. ¶ 102), which is all that is required at this stage. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (recognizing that a plaintiff need only allege the elements of "at least one claim" of the patent at issue). The Atmos Parties cite no pleading rule—nor does one exist—that requires Pura to set forth in its Complaint each patent claim that Atmos infringes. Rather, the Local Patent Rules require Pura to provide that disclosure in its initial infringement contentions, which will occur *after* Atmos produces all relevant technical documentation related to the Accused Products. *See* LPR 2.2(c)(2)(A), 2.3(a)(1). Thus, the Atmos Parties' claim that Pura was supposed to identify specific claims beyond Claim 1 is incorrect.

[4] The Atmos Parties also cite Pura's allegations related to indirect infringement and willful infringement. (*See* Mot. at 8, 10.) But the Atmos Parties never argue that those allegations are somehow deficient. They are not.

### C.    Pura Sufficiently Pled a Claim for Breach of Contract.

Finally, Atmos argues that Pura failed to "allege facts sufficient to state a claim for breach of contract against Ms. Knight" because Pura relied on statements "on information and belief" to allege the element of breach. The Atmos Parties are again wrong.

The elements for a breach of contract claim in Utah are "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Total Quality*, 679 F. Supp. 3d at 1207. To satisfy the "liberal requirements" to plead a breach of contract claim, a party must allege sufficient facts (which courts accept as true) to satisfy each element. *Total Quality*, 679 F. Supp. 3d at 1207; *Hiatt v. Brigham Young University*, 512 F. Supp. 3d 1180, 1184–85 (D. Utah 2021). As with other claims, a party can allege facts "on information and belief" where the facts are "peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Aaag-California*, 2020 WL 2849929, at *2.

As with the trade secrets claims, the Atmos Parties argue that the contract claim fails because Pura makes certain allegations on "information and belief." But again, the Atmos Parties ignore the law and the allegations in the Complaint. Pura identifies the contract at issue and describes Ms. Knight's obligations pursuant to that contract. (*See* Compl. ¶¶ 22–26.) It also alleges that Ms. Knight was involved in launching Atmos shortly after her involvement with Pura, that Atmos's products are nearly identical to Pura's products, that Atmos attempted to poach Pura's employees, and that Atmos was able to rapidly develop its products and shortcut its way into the market. (*See id.* ¶¶ 7, 22, 46–48.) Based on these allegations, Pura's allegation that

13

Ms. Knight breached the contract by disclosing confidential information to Atmos is, at a minimum, plausible. *See Aaag-California*, 2020 WL 2849929, at *2.

Further, irrefutable evidence that Ms. Knight disclosed Pura's confidential information to Atmos and that Atmos used that information to its benefit is within Ms. Knight's control. For this additional reason, Pura's allegations on information and belief regarding Ms. Knight's breach of her contract with Pura are sufficient to state a claim for breach of contract against her. *See Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1181 (D. Utah 2021).[5]

## V.    CONCLUSION

The Atmos Parties' Motion offers no valid reason for dismissing Pura's Complaint. Instead, it appears to have been filed to delay this litigation. Thus, Pura respectfully requests that the Court deny the Motion in its entirety.

DATED:  March 25, 2025          FOLEY & LARDNER LLP


                                */s/ David L. Mortensen*
                                David L. Mortensen
                                Tanner B. Camp
                                Michael A. Manookin
                                Charles D. Morris

                                *Attorneys for Plaintiff Pura Scents, Inc.*

---

[5] The case of *Green Oak Hedge Fund v. Hopkinson*, No. 2:06-cv-636, 2007 WL 2029314 (D. Utah July 9, 2017) does not support the Atmos Parties' argument. There, the only allegation in support of the breach of contract claim was that "[o]n information and belief, Defendant Simon Hoyle was aware of Hopkinson's claims and supported Hopkinson in these assertions and actions." *Id.* at *2. The complaint did not allege that a contract existed or refer to the subject matter of any contract. *Id.* That is not the case here. *Green Oak* is therefore inapposite.