Chad Pehrson (12622) cpehrson@kba.law
**KB&A**
50 W Broadway, Ste 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>            Defendants. | **DEFENDANT ATMOS FRAGRANCE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br>Magistrate Judge: Daphne A. Oberg |

Pura's Opposition cannot cure the pleading defects in its Complaint. The Opposition—and the underlying Complaint—both invite the Court to infer wrongdoing from broad, generic allegations and speculative inferences. But under the Federal Rules and the *Twombly/Iqbal* standard, a complaint must plead facts that make each claim plausible, not merely rely on "unadorned" accusations or conclusions on "information and belief."

Pura's lengthy Complaint – for all its volume – still fails to provide the required factual detail for its trade secret, patent, and contract claims. In particular:

(1) the trade secret claims under DTSA and UTSA do not identify the purported trade secrets with any specificity and rely on conjecture (information and belief) rather than well-pled facts;

1

(2) the direct and indirect patent infringement claims do not plausibly allege that the accused Atmos products embody each element of any asserted patent claim – most notably, the Complaint never alleges the presence of the specific "switching mechanism" or "wireless interface" required by the '091 Patent, or the "temperature set point" adjustment and feedback control required by the '601 Patent; and

(3) the breach of contract claim against Ms. Knight is supported only by conclusory assertions that she must have disclosed confidential information, without pleading when, how, or what she actually disclosed.

For these reasons, as explained further below, the Court should dismiss the misappropriation, patent infringement, and breach of contract claims.

## I. TRADE SECRET MISAPPROPRIATION CLAIMS ARE INSUFFICIENTLY PLED

### A. The Alleged Trade Secrets Are Described With Conclusory, Generic Terms

Pura's trade secret claims under the DTSA and UTSA fail because the Complaint does not describe any trade secret with a reasonable degree of specificity. Certainly, a plaintiff need not disclose its trade secrets in detail in a public pleading; but it must at least allege which trade secrets were misappropriated in a manner that separates those secrets from general knowledge held by others in the industry. The Complaint falls short of this standard. It recites broad categories of information – e.g., "Shopify financial and customer data," "Ambassador Program" information, and "information regarding Pura's financial outlook and ... growth strategies." – and even hedges these generic categories by saying the trade secrets also include "other things." [Compl. ¶ 121.] Such inherently vague, catch-all pleading fails to put Defendants on notice of what proprietary information is actually at issue. As one court explained in dismissing a similarly deficient DTSA claim, a plaintiff "must adequately identify the trade secrets in the Complaint. If the claimed trade secrets are source code or software algorithms (or something else entirely), [the] plaintiff needs to specify that in the Complaint." *You Map, Inc. v. Snap Inc.*, No. 20-00162,

2021 WL 106498, at *1 (D. Del. Jan. 12, 2021), report and recommendation adopted, No. CV 20-162-CFC, 2021 WL 327388 (D. Del. Feb. 1, 2021). A laundry-list of general business information ". . . renders the Court unable to determine if the Complaint plausibly alleges that Defendants misappropriated them." *Id.*

In short, a trade secrets claim cannot survive on nebulous descriptions or an "'among other things'" disclaimer that leaves Defendants and the Court guessing as to the true scope of the alleged secrets. Pura's Opposition does not effectively refute this; it points to no place in the Complaint where any trade secret is described with particularity beyond these broad labels. Because Pura has not identified its purported trade secrets with reasonable specificity, the trade secrets claims do not satisfy the applicable pleading standards.

### B. The Misappropriation Allegations Rest on Conclusory "Information and Belief" and Speculation

Additionally, Pura fails to plead non-conclusory facts showing that Defendants misappropriated any trade secret. The Motion demonstrated that the Complaint's theory of misappropriation is speculative: Pura assumes that because certain individuals (Ms. Knight and a few investors) had access to its information, and because Atmos later emerged with competing products, those individuals must have disclosed Pura's secrets to Atmos, which must be using them. But the Complaint offers no facts to bridge the gap between opportunity and actual misappropriation – only a series of "on information and belief" assertions stating the conclusion that misappropriation occurred. In fact, the phrase "information and belief" appears in the Complaint an impressive 29 times—a sign that Plaintiff obviously wanted to sue Defendants, but did not uncover many actual facts in its pre-filing investigation. [*E.g.,* Compl. ¶¶ 7, 11, 34, 40, 43, 47, 70, 72, 77, 78, 79, 80, 81, 117, 125, 126, 127, 128, 138, 139, 140, 141.]

In short, this is exactly the kind of pleading that *Twombly* and *Iqbal* forbid. A plaintiff cannot merely recite a legal conclusion (e.g., "Defendants acquired and used our trade secrets without consent") and prefix it with "on information and belief" to manufacture a factual allegation. Yet Pura's Complaint does precisely that. It alleges, for example, "on information and belief" that Ms. Knight took Pura's trade secrets with her when she left, and "on information and belief" that she and the investors disclosed those secrets to Atmos, and "on information and belief" that Atmos is using them in its business. These are naked assertions of wrongdoing, devoid of any supporting detail.

The Opposition argues that Pura should be allowed to plead on information and belief because the "hard evidence" of misappropriation is in Defendants' possession. It is true that courts permit pleading on information and belief when the facts are peculiarly within the defendant's knowledge – but only if the complaint sets forth other factual information that makes the inference of wrongdoing plausible. *Ahern Rentals v. EquipmentShare.com*, cited by Pura, illustrates this principle. There, the plaintiff had already alleged specific facts about one competitor's theft of trade secrets and then, on information and belief, alleged that a second competitor knew of and exploited those secrets. Given the detailed factual context (including a competitor's improper acquisition of the information), the Eighth Circuit allowed the pleaded inference that the second company knew it was using stolen information. [*Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 956 (8th Cir. 2023)](#).

In contrast to the allegations in *Ahern*, Pura's allegations here lack the same concrete factual context indicating misappropriation. Pura identifies no act of theft. Instead, it relies on temporal and qualitative coincidence: *Atmos was formed by people who had access to*

4

*unidentified information belonging to Pura, and Atmos developed similar products on an allegedly fast timeline.* But even those inferences do not indicate trade secret misappropriation.

Furthermore, Pura's own pleading undermines the notion that Atmos's product development could only have resulted from stolen secrets: Pura alleges that Atmos's diffuser and app incorporate features that "read on Pura's patents." In other words, Pura contends the accused product is a "copycat" of Pura's *publicly disclosed* patented technology. But information disclosed in a patent is public, not secret – and building a similar product using published patent teachings (even if that may infringe the patent) is not trade secret misappropriation. At a minimum, Pura's allegations do not rule out a more logical, lawful explanation, which means they do not cross the line from possibility to plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'").

Because the Complaint fails to allege a plausible trade secret misappropriation – it neither pinpoints what secrets were stolen nor articulates non-conclusory facts showing improper acquisition, use, or disclosure – the DTSA and UTSA claims should be dismissed.

## II. PATENT INFRINGEMENT CLAIMS FAIL TO PLAUSIBLY ALLEGE INFRINGEMENT

As set forth in the Motion, Pura's patent infringement claims should be dismissed because the Complaint does not plead facts connecting the accused Atmos products to each element of any asserted patent claim. To survive a Rule 12(b)(6) motion, a patent complaint must do more than parrot the claim language or assert in general terms that "Defendant's product practices the patent." It must plead facts that, if true, plausibly indicate the accused product contains each limitation of at least one asserted claim.

Pura's patent infringement allegations fall into that insufficient category. The Complaint does not connect claim limitations to features of Atmos's products. Instead, the Complaint provides only a high-level description of Atmos's diffuser (multiple vial bays, heating elements, an app for fragrance intensity control) and baldly asserts that Atmos is thus infringing. The Complaint omits any mention of certain essential claim elements of the patents – and nowhere alleges that those elements are present in the accused products. Pura's Opposition tries to fill the gaps with inferences and attorney argument. But a plaintiff cannot remedy pleading gaps through an opposition brief; the complaint itself must contain the necessary factual allegations.

### A. '091 Patent – Failure to Allege a "Switching Mechanism" or Communication with a "Management Server"

As to the '091 patent, Pura's Complaint nowhere identifies any component of Atmos's products as a "switching mechanism," nor does it allege that Atmos's diffuser communicates with any server. Pura's Opposition attempts to rewrite its Complaint through inference: it argues that because the Atmos diffuser has multiple vial bays and the user can select which fragrance to diffuse via the app, one can "reasonably infer" the existence of a switching mechanism in the device. This argument only highlights that the Complaint itself never actually alleges the claim elements in question. Pura essentially asks the Court to assume that a multi-vial diffuser must have an internal switching mechanism. But the patent's claim of a switching mechanism is a specific limitation. The Complaint does not describe any such component in Atmos's product. This ipse dixit—that "a mechanism for a user to switch between fragrances" must exist—is the sort of conclusory allegation that provides no factual substance – it simply restates the claim requirement in other words. More is required. *E.g.*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under

the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements").

The same principle is true of the "wireless interface … to communicate with a management server" element. The Complaint's description of the accused products says only that the diffuser requires a Wi-Fi connection and that the Atmos mobile app can configure the device over that connection. The Complaint does not allege what the app is connecting to or how commands reach the diffuser. Pura's Opposition argues that it can be inferred that a server is involved because the diffuser uses Wi-Fi. But the Court cannot import new allegations into the Complaint via inference when the pleading itself is silent. And where a particular claim element is critical to the patent, the complaint must at least allege facts that support the presence of that element. Because the Complaint does not, Pura's direct infringement claim for the '091 Patent should be dismissed for failure to state a claim.

The deficient pleading of direct infringement also dooms Pura's claims of indirect infringement (induced or contributory) of the '091 Patent, since those require a well-pled underlying act of direct infringement by someone. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Furthermore, Pura's indirect allegations are themselves wholly conclusory.

### B. '601 Patent – Failure to Allege Temperature "Set Point" Control with Feedback Mechanism

Pura's infringement claim for the '601 Patent is equally deficient. Claim 1 of the '601 Patent requires a very specific method of controlling fragrance intensity: a controller that adjusts the temperature of a heating element to a particular set point, uses a sensor to provide feedback on the actual temperature, and maintains the set temperature during diffusion by adjusting based

on that feedback. The Complaint includes only conclusory allegations regarding the heating element, namely that it "is controlled by a controller" and that "[]on information and belief, the heating elements have sensors to that detect temperature and provide feedback to the heating element control." [Compl. ¶¶ 55, 77.] These assertions essentially mimic the language of the claim. Pura is again asking the Court to assume that because the Atmos diffuser can operate at different intensity settings, it must be implementing the patented closed-loop temperature control method. Intensity of diffusion could be controlled in various ways, and the '601 Patent's particular method (maintaining a specific temperature set-point via feedback) is just one approach. The Complaint offers no factual basis to believe Atmos chose that approach.

In its Opposition, Pura suggests that any granularity it failed to include in the Complaint will be provided later in infringement contentions, per the local patent rules... But the promise of forthcoming details cannot resurrect a deficient pleading. The Federal Rules require a plausible claim at the outset. *E.g.*, *Sundesa, LLC v. JH Studios, Inc.*, No. 8:19-1809, 2020 WL 4003127, at *4 (M.D. Fla. July 15, 2020).

### III. BREACH OF CONTRACT CLAIM IS NOT PLAUSIBLY PLED

Pura's breach of contract claim against Ms. Knight is predicated on the same speculative narrative as its trade secret claim, and it fails for similar reasons. The Complaint fails to allege a plausible breach by Ms. Knight. In a single paragraph, Pura alleges "on information and belief" that Ms. Knight "materially breached" the Knight Agreement by "(among other things) disclosing Pura's confidential information to Atmos" and "using Pura's confidential information to develop products for Atmos." [Compl. ¶ 117.] No further detail is provided. The Complaint does not identify what "confidential information" was disclosed or used –was it customer data?

8

marketing plans? product formulas? The Complaint also does not say when this breach occurred or how Ms. Knight purportedly disclosed the information. The Opposition does not supply any answer either – it merely repeats that, given Ms. Knight's access and Atmos's subsequent similarity to Pura, one can infer she must have breached her nondisclosure obligation.

This is an inferential leap that does not satisfy the Rules. Just as with the trade secret claim, Pura asks the Court to infer a breach from circumstantial clues: *Ms. Knight knew Pura's confidential information, Atmos quickly developed a comparable product, therefore Ms. Knight must have leaked information*. But Pura pleads no facts that plausibly support that inference. *Iqbal* is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." 556 U.S. at 678.

In response, the Opposition argues that Pura should be permitted to plead the breach "on information and belief" because evidence of Ms. Knight's misconduct is within her control. However, this principle does not relieve Pura of the obligation to plead a factual basis that makes its belief plausible. The *factual* allegations of the Complaint regarding Ms. Knight's subsequent career stops, even if true, do not themselves constitute a breach. At most they establish circumstances in which a breach could have occurred; they do not tell us that a breach did occur. There is an equally (if not more) plausible scenario consistent with those facts: Ms. Knight honored her contract, and Atmos developed its product using its own knowledge and other lawful sources. Pura's speculation does not bridge that gap.

Because Pura has not alleged any definite wrongful act by Ms. Knight that violates a specific contractual duty, the breach of contract claim cannot stand.

## CONCLUSION

Pura's Complaint may be long, but it remains deficient under the governing pleading standards. Pura's case rests on the assumption that a fast-following competitor must have cheated. That assumption, without concrete factual support, is not a substitute for a well-pled claim. For the foregoing reasons, and those set forth in Atmos and Ms. Knight's opening brief, the Court should dismiss the Complaint's causes of action for trade secret misappropriation (Counts V and VI), patent infringement (Counts I–IV), and breach of contract (Count VII).

Dated: April 8, 2025

Respectfully submitted,

**KB&A**

*/s/ Chad S. Pehrson*
Chad S. Pehrson

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April 2025, I caused a true and correct copy of **DEFENDANT ATMOS FRAGRANCE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** to be submitted for electronic filing through the Court's CM/ECF system which automatically effectuated service of process upon all counsel of record.

/s/Chad S. Pehrson