Prepared and submitted by:

Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Pura Scents, Inc.

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation; KRISTEN KNIGHT, an individual,<br><br>             Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:24-cv-00958-TS<br><br>The Honorable Ted Stewart<br><br>Magistrate Daphne A. Oberg |

Under Fed. R. Civ. P 26(f), the Local Patent Rules (LPRs), and the Order to Propose Schedule (ECF No. 10), the parties have conferred and developed a proposed discovery plan as follows:

1. **PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | Claims and Defenses:<br>In its Complaint, Pura Scents, Inc. ("Pura") asserts five claims against defendants Atmos Fragrance, Inc. ("Atmos") and Kristen Knight: (1) infringement of U.S. Patent No. 10,967,091 against Atmos; (2) infringement of U.S. Patent No. 11,213,601 against Atmos; (3) breach of contract against Ms. Knight; (4) and misappropriation of trade secrets under state and federal law against both defendants. Defendants have filed a Motion to Dismiss Pura's Complaint, which Pura opposes. | | |
| b. | Fed. R. Civ. P. 26(f)(1) Conference was held on: | _08/07/2025_ | |
| c. | Participants:<br>Edgar Cataxinos and Jennifer Fraser Parrish for plaintiff; Chad Pehrson and Bryan (Bud) Todd for defendant. | | |
| d. | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission. Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

2. **PROTECTIVE ORDER**

| | | | |
|---|---|---|---|
| a. | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the Court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: This case will involve disclosure of information, documents, or other materials (such as proprietary company information and/or trade secret information) that will be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO. | | |
| c. | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br>The parties' stipulated protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product | | |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | protection, whether or not the information, documents, or other materials have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *N/A.* |   |   |
| d. |   | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *N/A.* |   |   |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | | Discovery Subjects:<br>Without waiving any objection to relevance or admissibility, the parties anticipate that discovery is necessary on all matters, claims, and defenses raised in the parties' pleadings, including without limitation:<br><br>• The development and operation of Atmos's Accused Instrumentalities;<br>• The relationship between Atmos and any third parties involved in developing, operating, making, using, or selling the Accused Instrumentalities;<br>• Sales and marketing of the Accused Instrumentalities including, but not limited to, subscription sales;<br>• Financial information regarding sales of the Accused Instrumentalities;<br>• The harm to Pura based on Defendant's alleged infringement of the Asserted Patents;<br>• The contracts and/or agreements between Pura and Ms. Knight;<br>• Any disclosure and/or communication of Pura's trade secrets and/or proprietary information by Ms. Knight or any other person to Atmos; and<br>• Any use of Pura's trade secrets and/or proprietary information by Defendants. | | |

| c. | | Discovery Phases: <br>• Will discovery be conducted in phases? If so, please explain. <br><br>The parties do not intend to phase or limit discovery, other than to have separate phases for fact discovery and expert discovery in accordance with the Patent Local Rules. <br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. <br><br>The parties do not intend to phase or limit discovery, other than to have separate phases for fact discovery and expert discovery in accordance with the Patent Local Rules. |
|---|---|---|
| d. | | Electronically Stored Information: <br><br>The parties will discuss, and attempt to agree on, how electronically stored information should be produced. Any disputes that cannot be resolved will be brought to the Court pursuant to the procedures set forth in DUCivR 37-1. |

4. **PRELIMINARY MATTERS AND DISCLOSURES**

| a. | | Deadline for plaintiff's Accused Instrumentalities Disclosure: [LPR 2.1] | | *10/01/25* |
|---|---|---|---|---|
| b. | | Deadline for plaintiff's Rule 26(a)(1) Initial Disclosure: [LPR 2.2] | | *10/01/25* |
| c. | | Fact discovery Begins | | *10/01/25* |
| d. | | Deadline for defendant's Rule 26(a)(1) Initial Disclosure: [LPR 2.2] | | *10/08/25* |
| e. | | Deadline for plaintiff to identify with particularity the alleged infringed trade secrets | | *10/08/25* |
| f. | | Deadline for plaintiff to serve Initial Infringement Contentions: [LPR 2.3] | | *11/12/25* |
| g. | | Deadline for defendant to serve Initial Non-Infringement, Ineligibility, Invalidity, and Unenforceability Contentions: [LPR 2.4, 2.6] | | *11/26/25* |
| h. | | Deadline to file motion to amend pleadings: | | *01/21/26* |
| i. | | Deadline to file motion to join parties: | | *01/21/26* |
| j. | | Deadline for Final Infringement Contentions: [LPR 3.1] | | *04/29/26* |

| k. | Deadline for final Ineligibility, Invalidity, and Unenforceability Contentions: [LPR 3.1] | _05/13/26_ |
|---|---|---|
| l. | Deadline for Final Non-Infringement Contentions: [LPR 3.1] | _05/27/26_ |
| m. | Deadline to serve written discovery before claim construction: [Fed. R. Civ. P. 34] | _06/08/26_ |
| n. | Deadline for fact discovery to close before claim construction: [LPR 1.3(a)] | _07/08/26_ |

5. **FACT DISCOVERY**

| a. | Maximum number of depositions by Plaintiff: | _10_ |
|---|---|---|
| b. | Maximum number of depositions by Defendant: | _10_ |
| c. | Maximum number of hours for each deposition excluding 30(b)(6) depositions: | _7_ |
| d. | Maximum number of aggregate hours for all 30(b)(6) witnesses for each party: | _15_ |
| e. | Maximum interrogatories by any party to any party: | _25_ |
| f. | Maximum requests for admissions by any party to any party: | _25_ |
| g. | Maximum requests for production by any party to any party: | _50_ |

6. **CLAIM CONSTRUCTION DEADLINES**

| a. | Deadline for parties to exchange proposed claim terms and claim constructions for construction: [LPR 4.2] | _06/10/26_ |
|---|---|---|
| b. | Deadline for parties to reach an agreement to submit no more than 10 terms for construction: [LPR 4.2] | _06/17/26_ |
| c. | Deadline for parties to file and serve Cross-Briefs for Claim Construction and Joint Appendix: [LPR 4.3] | _08/12/26_ |
| d. | Deadline for parties to file Simultaneous Responsive Claim Construction Briefs: [LPR 4.3] | _08/19/26_ |
| e. | Deadline for parties to file Joint Claim Construction Chart & Joint Status Report Due: [LPR 4.3] | _08/26/26_ |
| f. | Deadline for parties to file a Tutorial: [LPR 4.5] | _08/26/26_ |
| g. | Deadline for parties to exchange exhibits: [LPR 4.4] | 7 days before Claim Construction Hearing |

| h. | Claim Construction Hearing:[1] [LPR 4.4] | At the Court's convenience following 08/29/26 |
|---|---|---|

7. **EXPERT DISCOVERY**

| a. | Expert Reports of Parties Bearing the Burden of Proof [LPR 5.1(b)] | 28 days after claim construction ruling |
|---|---|---|
| b. | Expert Reports of Parties Not Bearing the Burden of Proof [LPR 5.1(c)] | 56 days after claim construction ruling |
| c. | Rebuttal Expert Witness Reports [LPR 5.2] | 84 days after claim construction ruling |
| d. | Expert Witness Depositions and Close of Expert Discovery | 98 days after claim construction ruling |

8. **DISPOSITTIVE MOTIONS**

| a. | Dispositive Motions | 126 days after claim construction ruling |
|---|---|---|

---

[1] Parties should file a joint motion to set the date for the Claim Construction Hearing per LPR 4.4.

**9. TRIAL-RELATED INFORMATION**

| a. | Trial: | Bench ☐ | Jury ☒ |
|---|---|---|---|
| b. | Trial days: | | *8 days* |

/s/ Jennifer Fraser Parrish          Date: 08/20/25
Jennifer Fraser Parrish
Magleby Cataxinos, PC

Attorneys for Pura Scents, Inc.


/s/ Chad S. Pehrson          Date: 08/20/25
Chad S. Pehrson
Kunzler Bean & Adamson
*(Signed by filing attorney with permission from Chad S. Pehrson via email on 8/20/25)*

Attorneys for Atmos Fragrance, Inc. and Kristen Knight

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **ATTORNEY PLANNING MEETING REPORT** was delivered to the following this 20th day of August 2025 by:

[ ] Hand Delivery

[ ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[ ] Electronic Mail

Chad Perhson
 cpehrson@kba.law
KUNZLER BEAN & ADAMSON, PC
50 West Broadway, Suite 1000
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
 Fragrance, Inc. and Kristen Knight

/s/ Hi Evan Gibson