# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation; KRISTEN KNIGHT, an individual,<br><br>    Defendants. | **SCHEDULING ORDER (PATENT CASE PRE-CLAIM CONSTRUCTION)**<br><br>Case No. 2:24-cv-00958-TS<br><br>The Honorable Ted Stewart<br><br>Magistrate Daphne A. Oberg |

Under Fed. R. Civ. P. 16(b) and the Order to Propose Schedule (ECF No. 10), the parties have filed an Attorney Planning Meeting Report. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5. Plaintiff Pura Scents, Inc. is directed to file a proposed Post-Claim Construction Scheduling Order with the remaining case deadlines within 14 days of the Court entering a ruling on claim construction. The Court will then set trial deadlines in the Post-Claim Construction Scheduling Order or through a case management conference.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

1. **PRELIMINARY MATTERS AND DISCLOSURES**

| | | | | |
|---|---|---|---|---|
| a. | | Deadline for plaintiff's Accused Instrumentalities Disclosure: [LPR 2.1] | | _10/01/25_ |
| b. | | Deadline for plaintiff's Rule 26(a)(1) Initial Disclosure: [LPR 2.2] | | _10/01/25_ |
| c. | | Fact discovery begins | | _10/01/25_ |

| | | | |
|---|---|---|---|
| d. | | Deadline for defendant's Rule 26(a)(1) Initial Disclosure: [LPR 2.2] | *10/08/25* |
| e. | | Deadline for plaintiff to identify with particularity the alleged infringed trade secrets | *10/10/25* |
| f. | | Deadline for plaintiff to serve Initial Infringement Contentions: [LPR 2.3] | *11/12/25* |
| g. | | Deadline for defendant to serve Initial Non-Infringement, Ineligibility, Invalidity, and Unenforceability Contentions: [LPR 2.4, 2.6] | *11/26/25* |
| h. | | Deadline to file motion to amend pleadings: | *1/21/26* |
| i. | | Deadline to file motion to join parties: | *01/21/26* |
| j. | | Deadline for Final Infringement Contentions: [LPR 3.1] | *04/29/26* |
| k. | | Deadline for final Ineligibility, Invalidity, and Unenforceability Contentions: [LPR 3.1] | *05/13/26* |
| l. | | Deadline for Final Non-Infringement Contentions: [LPR 3.1] | *05/27/26* |
| m. | | Deadline to serve written discovery before claim construction: [Fed. R. Civ. P. 34] | *06/08/26* |
| n. | | Deadline for fact discovery to close before claim construction: [LPR 1.3(a)] | *07/08/26* |

**2. PROTECTIVE ORDER**

| | | | | |
|---|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2:  This case will involve disclosure of information, documents, or other materials (such as proprietary company information and/or trade secret information) that will be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO. | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.  The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or | | |

|   | | ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d). |
|---|---|---|
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: N/A |

3. **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | | Maximum number of depositions by Plaintiff: | *10* |
| b. | | Maximum number of depositions by Defendant: | *10* |
| c. | | Maximum number of hours for each deposition excluding 30(b)(6) depositions: | *7* |
| d. | | Maximum number of aggregate hours for all 30(b)(6) witnesses for each party: | *15* |
| e. | | Maximum interrogatories by any party to any party: | *25* |
| f. | | Maximum requests for admissions by any party to any party: | *25* |
| g. | | Maximum requests for production by any party to any party: | *50* |

4. **CLAIM CONSTRUCTION DEADLINES**

| | | | |
|---|---|---|---|
| a. | | Deadline for parties to exchange proposed claim terms and claim constructions for construction: [LPR 4.2] | *06/10/26* |
| b. | | Deadline for parties to reach an agreement to submit no more than 10 terms for construction: [LPR 4.2] | *06/17/26* |
| c. | | Deadline for parties to file and serve Cross-Briefs for Claim Construction and Joint Appendix: [LPR 4.3] | *06/17/26* |
| d. | | Deadline for parties to file Simultaneous Responsive Claim Construction Briefs: [LPR 4.3] | *08/12/26* |
| e. | | Deadline for parties to file Joint Claim Construction Chart & Joint Status Report Due: [LPR 4.3] | *08/19/26* |
| f. | | Deadline for parties to file a Tutorial: [LPR 4.5] | *08/26/26* |
| g. | | Deadline for parties to exchange exhibits: [LPR 4.4] | 7 days before Claim Construction Hearing |

| | | | |
|---|---|---|---|
| h. | | Claim Construction Hearing:[1] [LPR 4.4] | At the Court's convenience following 08/26/26 |

5. **EXPERT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | | Expert Reports of Parties Bearing the Burden of Proof [LPR 5.1(b)] | 28 days after claim construction ruling |
| b. | | Expert Reports of Parties Not Bearing the Burden of Proof [LPR 5.1(c)] | 56 days after claim construction ruling |
| c. | | Rebuttal Expert Witness Reports [LPR 5.2] | 84 days after claim construction ruling |
| d. | | Expert Witness Depositions and Close of Expert Discovery | 98 days after claim construction ruling |

6. **DISPOSITIVE MOTIONS**

| | | | |
|---|---|---|---|
| a. | | Dispositive Motions | 126 days after claim construction ruling |

---

[1] Parties should file a joint motion to set the date for the Claim Construction Hearing per LPR 4.4.

**SO ORDERED** this _____ day of _____, 2025.

BY THE COURT:

_____

APPROVED AS TO FORM this 20th day of August 2025.

**MAGLEBY CATAXINOS**

/s/ Jennifer Fraser Parrish
Jennifer Fraser Parrish

Attorneys for Plaintiff, Pura Scents, Inc.

**KUNZLER BEAN & ADAMSON**

/s/ Chad S. Pehrson
Chad S. Pehrson
(Signed by filing attorney with permission from Chad S. Pehrson via email on August 20, 2025)

Attorneys for Defendants Atmos Fragrance, Inc. and Kristen Knight

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing STIPULATED PROPOSED **SCHEDULING ORDER (PATENT CASE PRE-CLAIM CONSTRUCTION)** was delivered to the following this 20th day of August 2025 by:

[ ] Hand Delivery

[ ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[ ] Electronic Mail

Chad Perhson
 cpehrson@kba.law
KUNZLER BEAN & ADAMSON, PC
50 West Broadway, Suite 1000
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
 Fragrance, Inc. and Kristen Knight

/s/ Hi Evan Gibson