Edgar Cataxinos (7162)
  cataxinos@mcpc.law
James E. Magleby (7247)
  magleby@mcpc.law
Jennifer Fraser Parrish (11207)
  parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Pura Scents, Inc.

### THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual,<br><br>Defendants. | **EXHIBIT A TO PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL RESPONSES TO FIRST SET OF DOCUMENT REQUESTS**<br><br><br>Case No.: 2:24-cv-958<br><br>Honorable Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

On February 2, 2026, Plaintiff filed its Short Form Discovery Motion to Compel Responses to First Set of Document Request [Dkt. No. 26]. Attached hereto is Exhibit A to Plaintiff's Short Form Discovery Motion.

DATED this 3rd day of February 2026.

**MAGLEBY CATAXINOS, PC**

/s/ James E. Magleby
Edgar R. Cataxinos
James E. Magleby
Jennifer Fraser Parrish
*Attorneys for Plaintiff Pura Scents, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **EXHIBIT A TO PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL RESPONSES TO FIRST SET OF DOCUMENT REQUESTS** was delivered to the following this 3rd day of February 2026, by:

[ ] Hand Delivery

[ ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[ ] Electronic Mail

Chad Pehrson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
Fragrance, Inc., and Kristen Knight

/s/ H. Evan Gibson

# Exhibit A

Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff, Pura Scents, Inc.

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual,<br><br>    Defendants. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br><br><br>Case No.: 2:24-cv-958<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Daphne A. Oberg** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure Plaintiff Pura Scent, Inc. ("Plaintiff" or "Pura") "), through counsel of record, hereby serves its First Set of Requests for Production of Documents ("Requests") on Defendants Atmos Fragrance, Inc. and Kristen Knight ("Defendants").

Defendants must respond the Requests in writing within thirty (30) days of service, and in accordance with the definitions and instructions below.

These Requests are continuing in nature and responses thereto should be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these Requests, the following terms are to be given their ascribed definitions

1. To the extent a term is not expressly defined, it shall have its common sense meaning in the context of this case, including as ascribed in any complaint filed in this matter.

2. The terms "You" and "Your" shall mean and refer to, individually and collectively, Defendant Atmos and Defendant Knight, including any person or persons acting on his behalf, including but not limited to agents, advisors, investigators, representatives, and employees.

3. The term "person" shall mean and refer to any natural person or any business, legal, or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or other entity.

4. "Atmos" shall mean and refer to Atmos Fragrance, Inc., a Delaware corporation, including any officer, director, employee, contractor, or other person or

entity acting on its behalf, including but not limited to agents, advisors, investigators, representatives, and attorneys.

5. "Knight" shall mean and refer to Kristen Knight and any person or entity acting on her behalf, including but not limited to agents, advisors, investigators, representatives, and attorneys.

6. "Tyson Andrus" shall mean and refer to Tyson Andrus and any person or entity acting on his behalf, including but not limited to agents, advisors, investigators, representatives, and attorneys.

7. "Moorehead" shall mean and refer to Wayne Moorhead and any person or entity acting on his behalf, including but not limited to agents, advisors, investigators, representatives, and attorneys.

8. "Jeremy Andrus" shall mean and refer to Jeremy Andrus and any person or entity acting on his behalf, including but not limited to agents, advisors, investigators, representatives, and attorneys.

9. "Atmos Founders" shall mean and refer to Knight, Moorhead, and Tyson Andrus.

10. The term "Action" shall mean and refer to this case, identified in the caption to these Requests.

11. The term "Complaint" shall mean and refer to the complaint filed in this Action, and any amended complaint.

12. The term "Products" shall mean and refer to the products identified in the Complaint or any amended complaint.

13. The term "Patents" shall mean and refer to all patents referenced in the Complaint, including any amended complaint.

14. The words "communication" or "communications" as used herein include, without limitation, any oral communication, whether transmitted in meetings, by email, text messages, telephone, or otherwise, and all written communication, including any document or item of property that constitutes either a communication between two or more entities or persons, or that records, memorializes, reflects, or otherwise summarizes the substance of such communication whether made directly to the author of the document or otherwise.

15. The terms "document" or "documents" are used as defined in Federal Rules of Civil Procedure 34(a) and encompasses any written, printed, typed, photographic and recorded matter of any kind or character, however produced or reproduced, and any tangible thing that, in whole or in part, illustrates or conveys information in your possession, custody, or control, whether produced or stored on paper, charts, film, computer storage devices, electronic messages, electronic recordings, sound or video recordings, relating or referring, in any way, to the subject matter of the particular Request.  The term "document" shall also include any and all drafts and non-identical copies of the aforementioned, and any attachments or enclosures to any document.

16. The terms "concerning," "relate to," "related to," "relating to," "reflecting," or "about," shall be understood broadly to include each and every one of these terms, as well as embodying, pertaining, involving, constituting, commenting upon, comprising,

discussing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

17. The terms "any" and "all" shall include "each and every."

18. The term "or" shall mean "and/or."

19. The term "including" shall mean "including but not limited to."

20. The use of the singular form includes the plural, and vice versa.

21. The use of present tense includes past tense, and vice versa.

22. The use of the term "the" shall not be construed as limiting the scope of any Request.

23. References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

**INSTRUCTIONS**

1. You must respond to the Requests fully and in writing in accordance with Rule 34 of the Federal Rules of Civil Procedure.

2. You are to produce all requested Documents and Communications that are in Your custody, control, or possession, or within the custody, control, or possession of Your attorneys, accountants, agents, consultants, investigators, other representatives, affiliates, employees, and/or any other entities or individuals acting on Your behalf or on whose behalf You are acting.  A Document or Communication not in Your physical custody is nonetheless deemed to be in Your possession, custody, or control if You (i) own such Document or Communication in whole or in part, (ii) have a right by contract, statute or otherwise, to use, examine, or copy such Document or

Communication on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such document or communication on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document or Communication when You have sought to do so.

3. In the event that You cannot produce any of the documents or Communications designated in a particular request, You shall produce those Documents or Communications which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents or Communications.

4. If Your response to a Request is that Documents and Communications are not in Your possession, custody, or control, describe in detail the efforts You have made to locate the Documents and Communications and identify who has possession, custody, or control of them.

1. If any Request calls for the production of Documents and Communications that have been lost, discarded, or destroyed, You shall state the circumstances of the loss or destruction of each such Document or Communication, including the identity of Person(s) having knowledge as to the circumstances of its loss or destruction and the date of its loss or destruction.

2. These Requests call for the production of all original Documents, all non-identical copies of such Documents, and any preliminary drafts thereof, including all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Documents. Unless otherwise agreed in writing, each non-identical version of any

Document or Communication shall constitute a separate Document or Communication. Each draft or version of any Document or Communication also shall constitute a separate Document or Communication.

3. If, for any reason other than a claim of privilege, you refuse to respond to any Request herein, state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

4. If you withhold any Document or Communication, or any portion of any Document or Communication, under a claim of confidentiality, privilege, or any other protection from production including, but not limited to, attorney work product or attorney-client privilege, you shall produce, in accordance with Rule 26 of the Federal Rules of Civil Procedure, a written privilege log that sets forth: (i) the author(s) and sender(s) of the Document or Communication; (ii) the type of Document or Communication, e.g., letter or memorandum; (iii) the dates associated with the Document or Communication (the date it bears, the date it was sent, and the date it was received); (iv) all recipients of the Document or Communication; (v) the number of pages of the Document or Communication; (vi) the identity of each person who has custody or control over the Document or Communication and each copy thereof; (vii) such other information as is sufficient to identify the Document or Communication; and (viii) the nature of the privilege asserted.

5. If information is redacted from a Document or Communication produced in response to a Request, you shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and

separately log each redaction on the privilege log.

6. No specific Request should be construed to limit the scope of any other Request, or of any term defined herein, and no subpart of any Request should be construed to limit the scope of any other subpart of such Request.

7. Whenever you object to a particular Request or portion thereof, you must produce all Documents and Communications called for that are not subject to that objection. Similarly, whenever a Document or Communication is not produced in full, you must state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information, and belief those portions of the Document or communication that are not produced. If you object to a particular Request or portion thereof, you must also (i) identify with particularity any Document or Communication falling within any category or item in the Request to which an objection is made, and (ii) set forth clearly the extent of, and the specific ground for, the objection.

8. All Documents and Communications requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether you consider the attachment and enclosures to be relevant or responsive to the request.

9. Documents in electronic form shall be produced electronically in native format, in PDF format, and attendant load files for use with an e-discovery software, which should include metadata.

10. If, in responding to these Requests, you encounter any ambiguities when construing a Request, instruction, or definition, in your response set forth the matter deemed ambiguous and the construction used in answering.

11.     These Requests are continuing in nature and require prompt and further supplemental production if you obtain additional responsive information.

12.     Defendants serve these Requests without prejudice to their right to serve additional Requests in this Action.

13.     Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each Request.

14.     Unless stated otherwise, the relevant period of these Requests is from January 1, 2021, through the conclusion of the trial in the Action.

15.     You are to produce all non-privileged Documents responsive to these requests within thirty days of the date of service hereof to the offices of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101-3605, or the email addresses of attorneys for True North and Thorston indicated at the title page of the Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   All documents concerning, refencing, or relating to Pura.

**REQUEST NO. 2:**   All documents concerning the creation of the business that became Atmos, including all pre-formation communications, including all communications involving at least one of the Atmos Founders.

**REQUEST NO. 3:**   All documents concerning the creation of Atmos as a legal entity, including any documents names or similar to certificates of organization or incorporation, bylaws, shareholder agreements, investor rights agreements, or operating agreements.

**REQUEST NO. 4:** All documents reflecting the owners or ownership in Atmos, including any agreements or capitalization tables.

**REQUEST NO. 5:** All documents concerning the conception, design, and manufacturing of the Products, including all communications, drawings, designs, schematics, plans, requests for proposals, and proposals or bids for manufacturing.

**REQUEST NO. 6:** All documents concerning the identity of the inventor of the Products.

**REQUEST NO. 7:** All documents concerning any business plan for Atmos, including any presentations, slide decks, forecasts, pro-formas, and related communications.

**REQUEST NO. 8:** All documents concerning any efforts by Atmos to fund the business, including via any capital investment or loan, and including all pitch decks, term sheets, memoranda of understanding, or letters of intent and related communications.

**REQUEST NO. 9:** All documents concerning the sale of the Products, including any sales reports, income statements, account statement, invoices, and purchase orders, and all document regarding anticipated or forecast future sales of the Products.

**REQUEST NO. 10:** All documents concerning the Patents.

**REQUEST NO. 11:** All documents concerning any proposed or pending patent applications by or for the benefit of Atmos.

**REQUEST NO. 12:** All documents concerning or consisting of communications with or about Tamarak.

**REQUEST NO. 13:** All documents concerning or consisting of communications with or about Kickstart.

**REQUEST NO. 14:** All documents concerning or consisting of communications with or about Jeremy Andrus or the Andrus Family Office (as this latter term was used in the July 7, 2023 letter from Holland & Hart).

**REQUEST NO. 15:** All documents relating to the Atmos fragrance library or equivalent, including as to the design, function, and contents of same.

**REQUEST NO. 16:** All documents related to the Atmos ambassador program or equivalent, including the design, function, and actual and/or potential ambassadors.

**REQUEST NO. 17:** All documents relating to the Atmos Shopify account or equivalent, including the design, function, and data reflecting actual customers.

DATED this 10th day of October 2025.

**MAGLEBY CATAXINOS, PC**

/s/ James E. Magleby
Edgar R. Cataxinos
James E. Magleby
Jennifer Fraser Parrish

Attorneys for Plaintiff, Pura Scents, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was delivered to the following this 10th day of October 2025, via electronic mail:

Chad Perhson
 cpehrson@kba.law
Bryan Massey
 bmassey@kba.law
Bryan (Bud) Todd
 btodd@kba.law
KUNZLER BEAN & ADAMSON, PC
50 West Broadway, Suite 1000
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
 Fragrance, Inc., and Kristen Knight

/s/ Jennifer Fraser Parrish