Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Pura Scents, Inc.

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual,<br><br>Defendants. | **PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS' INITIAL DISCLOSURES AND FOR ENTRY OF SANCTIONS**<br><br><br>Case No.: 2:24-cv-958<br><br>Honorable Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 37-1, Plaintiff Pura Scents, Inc. ("Plaintiff") moves to compel Defendants Atmos Fragrance, Inc. and Kristen Knight ("Defendants") to provide their initial disclosures and for sanctions for their persistent failure to comply with discovery deadlines.

## STATEMENT OF FACTS

1. Plaintiff has timely satisfied their disclosure obligations.

2. Defendants' initial disclosures were originally due on October 8, 2026. [Dkt. 20 at 1(d)].

3. In November 2025, Plaintiff's counsel Jennifer Fraser Parrish e-mailed[1] Defendants' counsel Chad Pehrson to ask for them, and he advised they were forthcoming.  They were not.  She followed up again in January 2026 and facilitated entry of an amended scheduling order providing for the disclosures to be made on February 6, 2026.  [Dkt. 24 at 1(d)].

4. Defendants again failed to provide them.  On February 7, 2026, Plaintiffs' counsel James Magleby e-mailed Mr. Pehrson and asked him, by no later than February 9, 2026, to advise when he was available to meet and confer.  He did not respond.

5. During this period, Defendants also failed to respond to requests for the production of documents, forcing Plaintiff to file a motion to compel, which is pending. [Dkt. 26].

## DUCivR 30-2 CERTIFICATION

As noted, Plaintiff's counsel have made reasonable efforts to obtain Defendants' disclosures.

---

[1] The cited emails are available upon request.

## ARGUMENT

Defendants have ignored two deadlines in Scheduling Orders, and failed to meet their promises.  The Court should grant this motion and (i) compel service of Defendants' initial disclosures within seven days; ii) automatically exclude any witnesses or evidence not disclosed by that deadline; and iii) award attorney fees.  Defendants should be warned that dispositive sanctions are forthcoming if they continue to blatantly break the rules and violate Court orders.

Defendants' failure to provide their initial disclosures –completely disregarding the Court's deadline for doing so *twice*– cannot be justified and entitles Plaintiff to entry of an order compelling their disclosures and appropriate sanctions, including, at minimum, reimbursement of attorney's fees.  Fed. R. Civ. P. 37(c)(1); *Taylor v. District of Colorado Safeway, Inc.*, 116 F. App'x 976, 978 (10th Cir. 2004) (finding obvious and significant prejudice when party fails to provide initial disclosures); *Burgi v. Fitness*, Case No. 2:19-CV-00151-CMR, 2021 WL 734948, at *4 (D. Utah Feb. 25, 2021) (finding party's "failure to meet her burden to prosecute this case by failing to comply with court-ordered deadlines—especially the deadline for initial disclosures—interfered with Defendant's ability to adequately prepare its defenses, and as explained above, grinded this case to a halt").

When a party fails to provide Rule 26(a) disclosures without justification, exclusion of the undisclosed evidence is automatic and mandatory.  Fed. R. Civ. P. 37(c)(1).   At the discretion of the Court, sanctions may also include any listed in Rule 37(b)(2)(A)(i)-(vi), and at the minimum, Plaintiffs should be awarded their attorney's

fees.  Entry of an order mandating Defendants' immediate provision of their initial disclosures and warning Defendants that their continued flouting of discovery deadlines will result in mandatory exclusion of any undisclosed evidence is warranted.

    DATED this 10th day of February 2026.

                                          **MAGLEBY CATAXINOS, PC**

                                          /s/ James E. Magleby
                                          Edgar R. Cataxinos
                                          James E. Magleby
                                          Jennifer Fraser Parrish
                                          *Attorneys for Plaintiff Pura Scents, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS' INITIAL DISCLOSURES AND FOR SANCTIONS** was delivered to the following this 10th day of February 2026, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail

Chad Pehrson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos Fragrance, Inc., and Kristen Knight

/s/ H. Evan Gibson