Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Pura Scents, Inc.

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>    Defendants. | **MOTION TO STRIKE DEFENDANTS' OVERLENGTH OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [30]**<br><br>**EXPEDITED CONSIDERATION REQUESTED**<br><br>Case No.:  2:24-cv-958<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Daphne A. Oberg** |

## INTRODUCTION

Plaintiff Pura Scents, Inc. ("Plaintiff") moves, pursuant to Local Rule DUCivR 7-1(j), to strike the overlength opposition to Plaintiff's Motion for Leave to Amend Complaint filed by Defendants Atmos Fragrance, Inc. and Kristen Knight (hereinafter, the "Opposition") because the Opposition violates DUCivR 7-1(a) and the Honorable Ted Stewart's Practices & Procedures. The Opposition is more than twice the allowed page length and Defendants did not first obtain an order from the Court allowing an overlength memorandum after showing good cause.

Plaintiff respectfully requests expedited briefing and/or consideration of the instant motion, so that the propriety of the Opposition may be decided before Plaintiff is required to file its reply to the Opposition, due on February 27, 2026. Plaintiff further requests its attorney fees in bringing Defendants' violations to the Court's attention.

## ARGUMENT

**I.    DEFENDANTS WERE NOT ALLOWED TO EXCEED 10 PAGES**

DUCivR 7-1(a)(4) provides that a response to a motion *not* filed under Federal Rules of Civil Procedure 12(b), 12(c), 23(c), 56(a), and 65 – such as the Opposition at issue here, which is a response to a motion to amend a pleading filed under Federal Rule of Civil Procedure 15(a)(2) – "may not exceed 10 pages or 3,100 words." DUCivR 7-1(a)(4)(D)(i).

The Local Rules further provide that:

> Unless modified by the assigned judge in a court order or on their "practices and procedures" page on the court website, a party <u>must first</u> obtain a court order authorizing the additional pages or words <u>before filing</u> a motion, response, or reply that exceeds the page or word limits in section 7-1(a)(4).

>The motion must be filed, and the order obtained, before filing the overlength motion, response, or reply. . . .

DUCivR 7-1(a)(7)(A) (emphasis added).

Finally, Judge Stewart's Practices & Procedures explicitly state that "Page limitations for memoranda are set forth in the Local Rules" and that "[e]xceptions are rarely granted and only upon a showing of good cause." *Senior Judge Ted Stewart*, U.S. DIST. CT. FOR THE DIST. OF UTAH, https://www.utd.uscourts.gov/senior-judge-ted-stewart (last visited Feb. 15, 2026).

## II. DEFENDANTS FILED AN OPPOSITION OF 23 PAGES WITHOUT PRIOR LEAVE OF THE COURT

Here, Plaintiff filed a motion for leave to amend its complaint, pursuant to Federal Rule of Civil Procedure 15 – not a motion to dismiss, not a motion for class certification, not a motion for summary judgment, and not a motion for injunctive relief. [Dkt. 25]. As such, Defendants were limited to a response not to exceed 10 pages or 3,100 words. DUCivR 7-1(a)(4)(D)(i).

Notwithstanding, Defendants filed an Opposition to Plaintiff's motion for leave to amend its pleading, [Dkt. 30], that is approximately 23 pages in length – which is more than twice the length allowed. *See* DUCivR 7-1(a)(4)(D)(i). Moreover, Defendants did not first obtain an order from the Court authorizing its overlength opposition before filing, let alone file a motion seeking leave to file their overlength response and providing the Court with good cause, in further violation of DUCivR 7-1(a)(7)(A) and Judge Stewart's Practices & Procedures.

### III. THE COURT SHOULD STRIKE DEFENDANTS' OVERLENGTH OPPOSITION, INCLUDING BECAUSE THIS IS NOT THE FIRST TIME DEFENDANTS HAVE FLOUTED THE RULES AND ORDERS OF THIS COURT

This Court "has broad discretion in adopting rules to promote efficiency in the court," and "[those] rules bind litigants until changed." *In re Rivermeadows* Assocs., Ltd., 205 B.R. 264, 268 (B.A.P. 10th Cir. 1997) (internal citations omitted). "Further, courts have 'inherent authority' to enforce their own rules." *In re Rusk*, No. BAP UT-25-10, 2025 WL 1833855, at *2 (B.A.P. 10th Cir. July 3, 2025) (citation omitted); *see also Featherstone v. Schaerrer*, 2001 UT 86, ¶ 18, 34 P.3d 194, 200 ("case law unambiguously recognizes that trial courts possess the inherent authority not only to find violations of their rules or the ethics code, but also to impose appropriate remedies for the enforcement of those rules"). Pursuant to Local Rule DUCivR 7-1(j), if a party fails to comply with the page-length requirements, the Court may impose "any [] sanction the court deems appropriate."

Here, Defendants have not only violated the Court's rules in this instance, but have shown a penchant for violating the Court's orders, rules, and deadlines in multiple instances, which violations are also before the Court in other motions filed by Plaintiff.[1]

---

[1] On February 2, 2026, Plaintiff filed a Short Form Discovery Motion to Compel Responses to First Set of Documents Requests [Dkt. 26] because Defendants have refused to respond to discovery requests served on October 10, 2025, that were due November 9, 2025. Defendants did not respond to this motion, which was submitted to the Court for decision on February 11, 2026 [Dkt. 29]. In addition, on February 10, 2026, Plaintiff filed a Short Form Discovery Motion to Compel Defendants' Initial Disclosures and for Entry of Sanctions [Dkt. 28] because Defendants failed to comply, on two separate occasions, with the Court's deadline for filing their initial disclosures. Defendants' opposition to this motion is due in a few days, on February 19, 2026, after which Plaintiff will also submit the motion for decision.

Accordingly, the Court should strike Defendants' overlength Opposition, for violating the mandatory page-length requirements of the Local Rules; for filing the Opposition without first seeking leave to do so and showing good cause, as required by the Local Rules and Judge Stewart's Practices & Procedures; and for filing the Opposition without first obtaining an order from the Court allowing the overlength Opposition, in further violation of the Court's Local Rules.

## CONCLUSION

For the reasons set forth above, the Court should enter an order in substantive form to that submitted herewith. Namely, the Court should grant the instant motion and strike Defendants' overlength Opposition, after expedited briefing and/or consideration. The Court should further award Plaintiff its attorneys' fees in bringing this motion. Finally, with the Opposition stricken, the Court should further grant Plaintiff's motion to amend its pleading, [Dkt. 30].

DATED this 16th day of February 2026.

                **MAGLEBY CATAXINOS, PC**

                /s/ Jennifer Fraser Parrish
                Edgar R. Cataxinos
                James E. Magleby
                Jennifer Fraser Parrish

                Attorneys for Plaintiff Pura Scents, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **MOTION TO STRIKE DEFENDANTS' OVERLENGTH OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [30]** was delivered to the following this 16th day of February 2026 to the following through the Court's CM/ECF system:

Chad Pehrson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
 Fragrance, Inc., and Kristen Knight

/s/ Jennifer Fraser Parrish