Chad Pehrson (12622) cpehrson@knh.law
**KNH LLP**
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL [Dkt. 26, 28]**<br><br>Case No.: 2:24-CV-958<br><br>Honorable Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

**I. THE MOTIONS ARE MOOT.**

Defendants have now served their Rule 26(a)(1) initial disclosures and written responses to all 17 of Plaintiff's First Set of Requests for Production, accompanied by a substantive document production. The production includes the complete technical specification for the Atmos diffuser and mobile application (Defs_0008–Defs_0030), device testing checklists (Defs_0001–Defs_0007), consumer materials (Defs_0051–Defs_0063), monthly Shopify sales reports through January 2026 (Defs_0031–Defs_0050), raw transactional and margin data (Def_85; Atmos_sales_and_margin_data_3_31_25.xlsx), vendor invoices and agreements from Rocketship, Inc., Global Link Sourcing, and Tuya (Defs_0064, 0068–0076, 0079–0080), product design

1

presentations (Defs_83, 84, 86), communications (Defs_0065–0067), Knight consulting invoices (Defs_0077–0078, 88), and financial records (Defs_0081). There is nothing left to compel. Both motions should be denied as moot.

## II. THE DELAY WAS NOT WILLFUL.

Defendants acknowledge the delay and do not minimize it. The explanation is not willful defiance. Atmos is a startup that has generated $5,557.70 in total revenue from the accused diffuser—reflecting 37 units sold at retail against over $1.3 million in development costs. During the period when responses were due, Atmos was actively evaluating bankruptcy, a process that consumed the attention of its principals and created genuine uncertainty about whether the litigation would continue. That evaluation has resolved, and Defendants have now produced a good-faith, substantive set of documents and disclosures.

As context the Court should understand before addressing sanctions: Defendants' Motion to Dismiss has been fully briefed since April 2025 and remains pending. Plaintiff filed its own Motion for Leave to Amend on January 30, 2026, effectively conceding its complaint needs work. In that posture—a near-bankrupt startup and a modestly compensated former contractor responding to broad discovery against a complaint Plaintiff itself wants to replace—the delay, while not excusable, is understandable.

## III. SANCTIONS ARE NOT WARRANTED.

Rule 37(a)(5)(A) requires fee-shifting when a motion to compel is granted, "unless . . . other circumstances make an award of expenses unjust." Such circumstances exist here. Atmos has generated $5,557.70 in revenue against $1.3 million in costs. Imposing attorney's fees on a company in this financial condition, after it has complied, would serve no remedial purpose—it

would only accelerate the bankruptcy Defendants have been working to avoid. Plaintiff has suffered no prejudice: it now has the disclosures and production it sought, the case is at an early stage with pleadings still unsettled, and ample time remains for follow-up discovery.

On waiver: Defendants have served substantive responses and a meaningful production. Courts routinely exercise discretion to consider late-but-substantive responses on their merits rather than impose the harsh sanction of blanket waiver, particularly where, as here, no prejudice has resulted.

Finally, the Court should weigh the identity of the party facing sanctions. Kristen Knight is a former independent contractor who worked approximately 20 hours per week over seven weeks, earning $15,873.53. She had no role in product design, engineering, financial planning, or investor relations at Pura. No one at Pura identified any information as confidential. And she is no longer a paid contractor of Atmos. Dispositive sanctions or fee awards against Ms. Knight under these circumstances would be disproportionate to any delay and unjust on this record.

## CONCLUSION

Defendants respectfully request that the Court deny both motions as moot. Should the Court reach sanctions, Defendants ask that they be denied given Atmos's financial condition, the absence of prejudice to Plaintiff, and the good-faith production now complete.

Dated: February 23, 2026

Respectfully submitted,

**KNH LLP**

*/s/ Chad S. Pehrson*
Chad S. Pehrson

*Attorneys for Defendants*