Chad Pehrson (12622) cpehrson@knh.law
**KNH LLP**
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>Defendants. | **DEFENDANT KRISTEN KNIGHT'S OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND COMPLAINT, ON GROUNDS OF FUTILITY**<br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br>Magistrate Judge: Daphne A. Oberg |

Pura's Motion seeks leave to amend the claims against Kristen Knight for breach of contract and trade secret misappropriation.

A redline comparison of the proposed Amended Complaint confirms that these amendments are cosmetic—Pura strips the "Ms." prefix from Knight's name and substitutes "has thus necessarily" for "on information and belief" in a handful of places, but adds no new facts. The proposed amendments would not survive a motion to dismiss and leave should be denied. The timing also reflects undue delay. The MTD has been fully briefed since April 8, 2025.

1

# BACKGROUND

Pura's original Complaint alleged that Knight—a former independent contractor—breached her Independent Contractor Agreement (the "Knight IC Agreement") and misappropriated trade secrets under the DTSA and UTSA.[1] Defendants moved to dismiss, challenging these allegations as conclusory and factually insufficient. That motion was fully briefed by April 8, 2025 and remains pending.

On January 30, 2026, Pura filed this Motion seeking leave to amend. The key proposed changes relevant to Knight are:

**Breach of contract:** The operative allegation of breach, Paragraph 163, remains materially identical to the original Complaint—still asserting "on information and belief" that Knight breached by "(a) [d]isclosing Pura's confidential information to Atmos; and (b) [u]sing Pura's confidential information to develop products for Atmos." Proposed Am. Compl. ¶ 163; compare Compl. ¶ 117.

**Trade secret claims:** The proposed Amended Complaint adds Paragraphs 43 and 44, asserting that Knight's "position with Atmos is such that it led to and will continue to lead to the use or disclosure of Pura's trade secrets" (*id.* ¶ 43) and that Knight "has thus necessarily used and

---

[1] Neither the Complaint nor the Amended Complaint provides much context regarding Ms. Knight, who worked for Pura as a contractor for approximately seven weeks, from April 12 to May 28, 2021. Her total compensation was $15,873.53. Her role was narrow: she consulted on Pura's Ambassador Program, coordinating traditional affiliate relationships. She was not involved in product design, engineering, financial planning, pricing strategy, or investor relations. No one at Pura ever identified any information as confidential or walked her through what the company considered a trade secret. Since leaving Pura, she co-founded Atmos, but her paid involvement with Atmos ended in April 2025. She currently holds some equity and volunteers a few hours per month—she does not run the company, direct its product development, or manage its operations.

disclosed Pura's confidential and trade secret information to aid in the development of Atmos's competing products, business operations, and strategy" (id. ¶ 44).

## LEGAL STANDARD

Leave to amend may be denied where the proposed amendment "would not withstand a motion to dismiss." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), with "factual content that allows the court to draw the reasonable inference that the defendant is liable," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ARGUMENT

### I. The Fourth Claim for Relief (Breach of Contract) Fails to Cure the Deficiencies Identified in the MTD.

Under Utah law, a breach of contract claim requires (1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages. *See Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14. Pura adequately pleads the existence of a contract and its own performance. But the critical element—breach—remains supported only by the same conclusory "on information and belief" allegation from the original Complaint.

Paragraph 163 of the proposed Amended Complaint is identical in substance to the original: Knight "materially breached the Knight IC Agreement by (among other things): (a) Disclosing Pura's confidential information to Atmos; and (b) Using Pura's confidential information to develop products for Atmos." A complaint does not plausibly state a claim when it only contains conclusory

statements.  This is a textbook "threadbare recital" of a breach of contract claim. Iqbal, 556 U.S. at 678.

Moreover, the "information and belief" relaxed pleading standard is intended for facts peculiarly within a defendant's possession—not for facts a plaintiff should already know. Pura is the master of its own proprietary information. If Knight actually disclosed confidential data, Pura should be able to identify what is missing or what was accessed before her departure. Its failure to do so suggests it does not know, rendering the allegation purely speculative.

The proposed Amended Complaint still does not allege what specific confidential information Knight disclosed to Atmos, when she disclosed it, how she disclosed it, or to whom. It identifies broad categories of information Knight had access to—"business strategies, product development plans, marketing initiatives, and customer and ambassador information" (Proposed Am. Compl. ¶ 29)—but never connects any specific piece of that information to any specific act of disclosure or misuse. Pura's theory is that because Knight had access to confidential information and later co-founded a competing company, she must have breached. That is precisely the speculative inference Twombly and Iqbal forbid. The proposed amendment is futile.

## II. The Trade Secret Claims Against Knight Remain Deficient.

### A. The Proposed Amendments Rest on Impermissible "Inevitable Disclosure."

The proposed Amended Complaint's key additions—Paragraphs 43 and 44—are built on the inevitable disclosure doctrine: the premise that Knight's short-term independent contractor position at Atmos alone, without evidence of actual disclosure, establishes misappropriation. The word "necessarily" in Paragraph 44 and the phrase "led to" in Paragraph 43 do all the heavy lifting, asking the Court to infer misuse from the bare fact that Knight had access to information and later

joined a competitor. This doctrine has been rejected or viewed skeptically in many jurisdictions because it effectively converts a confidentiality agreement into a non-compete. *See Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999).

Even if this Court accepted the inevitable disclosure theory, Pura's allegations fall short of what courts require. A plaintiff must demonstrate that (1) the former employee's new role is so similar to the old one that she cannot reasonably fulfill her new duties without drawing on the former employer's trade secrets, and (2) there is evidence of bad faith or dishonesty making disclosure likely, not merely possible. *See PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269 (7th Cir. 1995). Pura satisfies neither requirement.

**B. The Proposed Complaint Alleges No Meaningful Role Overlap.**

At Pura, Knight worked in marketing. Proposed Am. Compl. ¶ 29. The proposed Amended Complaint does not allege what Knight's 7-week independent contractor at Atmos entailed, much less that her responsibilities at Atmos are so similar to her Pura work that she cannot perform them without drawing on specific categories of confidential information she accessed there. Pura alleges only that Knight is a "co-founder" of Atmos (*id.* ¶ 26)—a title that says nothing about day-to-day responsibilities. The mere fact that both companies operate in the smart fragrance space does not create a plausible inference that Knight's work at Atmos requires use of the particular information she accessed managing Pura's Ambassador Program.

**C. The Proposed Complaint Alleges No Bad Faith or Surreptitious Conduct.**

No allegations assert that Knight copied files before leaving Pura, retained documents she was obligated to return, or engaged in any other improper conduct. The proposed Amended Complaint alleges Knight was obligated to return confidential information upon termination (*id.* ¶

162) but does not allege she failed to do so. Without any facts suggesting Knight actually took, retained, or used specific confidential information, the claim rests on speculation.

**D. The Trade Secret Claims Fail to Connect Any Specific Trade Secret to Any Specific Act.**

To state a trade secret claim, Pura must identify the trade secret at issue and plead facts showing misappropriation. The proposed Amended Complaint identifies broad categories of trade secrets—"confidential financial and customer data stored in Pura's Shopify platform," "marketing strategies," and the Ambassador Program database. Proposed Am. Compl. ¶¶ 167–168. But it never alleges which of these specific trade secrets Knight misappropriated. Knight managed the Ambassador Program and did not, by Pura's own allegations, have any role in product engineering, patent development, or fragrance formulation. Yet Pura groups Knight with all Defendants in sweeping allegations that treat access as synonymous with misappropriation.

The proposed additions do not say how Knight used or disclosed trade secrets—whether she copied files, downloaded documents, retained materials, forwarded emails—nor when she did so, nor how any trade secret was incorporated into any specific Atmos product, feature, or business decision. "[A] legal conclusion masquerading as a factual allegation" does not survive Twombly and Iqbal. *See Iqbal*, 556 U.S. at 678. Pura has added words, not facts. The proposed amendments are futile.

The proposed claims against Knight remain conclusory and factually barren. The breach of contract claim is unchanged in substance, and the trade secret additions substitute rhetorical certainty ("necessarily," "led to") for actual facts. Because neither proposed claim would survive

a motion to dismiss, leave should be denied. Knight respectfully requests that the Court deny Pura's Motion for Leave to File Amended Complaint.

Dated: February 23, 2026                    Respectfully submitted,

                                            **KNH LLP**

                                            _/s/ Chad S. Pehrson_