Chad Pehrson (12622) cpehrson@knh.law
**KNH LLP**
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation, | **ATMOS FRAGRANCE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND COMPLAINT, ON GROUNDS OF FUTILITY** |
| Plaintiff, | |
| v. | |
| ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual, | Case No.: 2:24-cv-00958-TS-DAO |
| | Judge: Ted Stewart |
| Defendants. | Magistrate Judge: Daphne A. Oberg |

Pura's Motion seeks leave to add a new Third Claim for Relief for infringement of U.S. Patent No. 12,329,886 (the '886 Patent), amend the existing patent claims, and assert trade secret claims against Atmos. Each of these proposed additions is futile. The new patent claim parrots the language of the '886 Patent without any factual content showing how the Accused Products actually practice its elements, following the same deficient template as the existing First and Second Claims already challenged in Defendants' pending Motion to Dismiss [Dkt. 13] (the "MTD"). The proposed additions to the existing patent claims add descriptive color but still fail to map accused functionality to specific claim elements. And the trade secret claims against Atmos

remain derivative of factually deficient allegations against Knight and the Investor Individuals, and are independently insufficient. The Court should deny leave.

## BACKGROUND

On December 20, 2024, Pura filed its Complaint alleging Atmos infringed two patents (the '091 and '601 Patents) and that Defendants misappropriated trade secrets under 18 U.S.C. § 1836 and Utah Code §§ 13-24-1 et seq. [Dkt. 1.] On February 18, 2025, Defendants moved to dismiss, challenging the sufficiency of the patent infringement allegations. That motion has been fully briefed since April 8, 2025 and remains pending.

On January 30, 2026—more than seven months after the '886 Patent issued on June 17, 2025, and five months after Pura sent Atmos a notice letter regarding the '886 Patent on August 20, 2025—Pura filed the present Motion.

## LEGAL STANDARD

Leave to amend may be denied where the proposed amendment would not withstand a motion to dismiss. *Jefferson Cnty. Sch. Dist v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), with "factual content that allows the court to draw the reasonable inference that the defendant is liable," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ARGUMENT

**I. The New Third Claim for Relief (Infringement of the ['886 Patent](#)) Is Futile.**

**A. The Third Claim Merely Parrots the ['886 Patent](#)'s Claim Language.**

Claim 1 of the ['886 Patent](#) requires, among other things: (a) "one or more processors" and "one or more memory storing instructions"; (b) "receiving scheduling data associated with [a] scent dispensing device installed in a particular room"; (c) "determining a schedule" based on a timeframe; (d) "monitoring the schedule to determine that the schedule [should] be initiated based on the timeframe"; and (e) "initiating a dispensing mechanism of the device to emit a scent in the particular room based on the scheduling data."

Rather than alleging how the Accused Products satisfy each element, Pura recites the claim language and substitutes generic references to "the Accused Products" and "the app." For example:

> Through the app, the scheduling instructions are executed to perform various operations, including receiving the scheduling data with particular data associated with an Accused Product installed in a particular room, determining the schedule associated with the device within a particular room, monitoring the schedule to determine that the device should be initiated based on the preselected timeframe, and initiating the mechanism of the scent dispensing device to emit the selected fragrance in a particular room according to the scheduling data.

Proposed Am. Compl. ¶ 114. This tracks Claim 1 nearly verbatim. The deficiency is the same across each element:

*Processors and Memory.* Pura does not identify what processor or memory architecture the Accused Products contain, or what instructions are stored. Every modern consumer electronic device has processors and memory—alleging their existence without specificity does not make infringement plausible.

*Receiving Scheduling Data.* Pura alleges only that the app involves "receiving the scheduling data with particular data associated with an Accused Product installed in a particular room"—a word-for-word echo of the claim. There is no allegation of what data is received, from where, in what format, or how the system associates data with a room.

*Monitoring the Schedule.* Pura repeats the claim language without explaining what "monitoring" means in the accused system—whether via a background process, cloud-based server, or push notification.

*Initiating a Dispensing Mechanism.* Pura parrots the claim without explaining how the Accused Products dispense fragrance—whether by heating element, fan-based system, or ultrasonic diffusion.

Pura's only attempt at factual specificity appears in Paragraph 112, which describes a user-facing scheduling interface—the ability to "set up to five individual schedules per diffuser" with start and end times. But a user interface does not, without more, establish that the underlying system contains the specific processors, memory, monitoring functions, and dispensing mechanisms required by Claim 1.

**B. The Induced and Contributory Infringement Allegations Are Equally Deficient.**

To state a claim for induced infringement under 35 U.S.C. § 271(b), a plaintiff must allege facts showing the defendant knowingly induced infringement and possessed specific intent to encourage another's infringement. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Pura alleges only that "Atmos encourages its users to use the Accused Products in an infringing manner including by using the app to control fragrance schedules." Proposed Am. Compl. ¶ 149. This is circular—it assumes the very infringement that must be

established. There are no allegations of what specific instructions Atmos provides users, how those instructions direct users to practice each element of Claim 1, or what specific knowledge Atmos possesses beyond the August 2025 notice letter.

The contributory infringement claim alleges Atmos sells the Accused Products "knowing them to be especially made or especially adapted for practicing the invention of the '886 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use." Proposed Am. Compl. ¶ 150. Pura pleads no facts to support this conclusion. A fragrance diffuser plainly has non-infringing uses—manual operation, use without a schedule, or operation without the specific system architecture claimed in the '886 Patent. Moreover, both induced and contributory infringement are predicated on direct infringement. Limelight Networks, Inc. v. Akamai Techs., Inc., 572 U.S. 915, 920 (2014). Because Pura has not plausibly pled direct infringement, the indirect infringement claims fail as a matter of law.

**C. The Proposed Additions to the Existing Patent Claims ('091 and '601) Do Not Cure the Pending MTD.**

Pura adds allegations about the Atmos app's scheduling features, photographs of physical components, screenshots of app interfaces, and a statement that "heating elements include sensors that detect temperature and provide feedback." Proposed Am. Compl. ¶¶ 82–114. These additions provide more description of the products but still do not map accused functionality to the specific elements of each asserted claim.

For the '091 Patent, which claims an apparatus that wirelessly connects to a "management server" to receive "control settings" via a "controller," Pura's new allegations show that the Accused Products have an app and Wi-Fi connectivity—features common to virtually every smart

home device. But Pura does not identify what constitutes the "management server," what specific "control settings" are received, or how the accused "controller" processes those settings to dispense fragrance.

For the '601 Patent, which claims PID (proportional-integral-derivative) control of heating elements at specific temperatures, Pura adds that the app allows intensity control "which on information and belief, is controlled by different temperatures from the heating element." Proposed Am. Compl. ¶ 104. The '601 Patent's distinguishing feature is its specific PID control mechanism, and this hedged allegation says nothing about whether PID control is actually employed or how any feedback mechanism operates.

Finally, the new factual paragraphs in ¶¶ 82–114 are incorporated by reference into all three claims without differentiating which allegations are relevant to which patent's specific elements. This generic, one-size-fits-all approach is the hallmark of the formulaic pleading courts reject. See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed. Cir. 2012). The proposed amendments to the existing patent claims are therefore also futile.

## II. The Trade Secret Claims Against Atmos Remain Futile.

To state a claim under the DTSA, a plaintiff must adequately allege "(1) the existence of a trade secret, (2) misappropriation of the trade secret, and (3) use of the trade secret in interstate commerce." 18 U.S.C. § 1836(b)(1). Utah's UTSA similarly requires the plaintiff to identify the trade secret and plead facts showing improper acquisition, disclosure, or use. Utah Code § 13-24-2. Conclusory allegations of "taking" or "using" trade secrets do not suffice. Iqbal, 556 U.S. at 678.

Pura's trade secret claims against Atmos are entirely derivative—Atmos's liability depends wholly on the premise that Knight and the Investor Individuals disclosed Pura's trade secrets to Atmos. See Proposed Am. Compl. ¶¶ 170–174. Because those underlying allegations are themselves insufficient (as addressed in Defendant Knight's separate opposition), the derivative claims against Atmos collapse along with them.

Even setting aside the derivative nature, the claims against Atmos are independently deficient. Pura alleges "on information and belief" that the Investor Individuals and Knight "disclosed, to Atmos, Pura's confidential or trade secrets information, including information regarding Pura's fragrances, product development, marketing and sales strategies, and customer and ambassador information." Proposed Am. Compl. ¶ 66. But Pura does not identify what specific trade secrets Atmos received, when or how they were communicated, or how Atmos incorporated any specific trade secret into any particular product, system, or strategy.

Instead, Pura relies on allegations so broad they encompass virtually any business activity: that the positions of Knight and the Investor Individuals "led to and will continue to lead to the use or disclosure of Pura's trade secrets" (*id.* ¶ 173), and that Knight "has thus necessarily used and disclosed Pura's confidential and trade secret information to aid in the development of Atmos's competing products, business operations, and strategy" (id. ¶ 174). These are legal conclusions—not factual allegations—rooted in the inevitable disclosure doctrine, which holds that a person's position alone establishes misappropriation. Many courts have rejected or viewed this doctrine skeptically because it effectively converts a confidentiality agreement into a non-compete. *See Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999). Absent

plausible allegations that Atmos actually received specific trade secrets, the proposed amendments are futile.

## CONCLUSION

Pura's proposed amendments are futile as to Atmos. The new '886 Patent claim parrots claim language without factual content; the additions to the existing patent claims add description without element-by-element mapping; and the trade secret claims against Atmos remain conclusory and derivative. Granting leave would only require Atmos to re-brief arguments already raised in the pending MTD at unnecessary cost and delay. Atmos respectfully requests that the Court deny Pura's Motion for Leave.

Dated: February 23, 2026

Respectfully submitted,

**KNH LLP**

*/s/ Chad S. Pehrson*
Chad S. Pehrson

*Attorneys for Defendants*