Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Pura Scents, Inc.

**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>Defendants. | **COMBINED REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT [25]**<br><br><br>Case No.:  2:24-cv-958<br><br>Honorable Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Pura Scents, Inc. ("Pura" or "Plaintiff"), through counsel of record, submits this Reply in Support of its Motion for Leave to Amend Complaint (Dkt. 25), responding to both the February 23, 2026, Opposition (Dkt. 37) filed by Defendant Kristen Knight ("Knight") and the February 23, 2026, Opposition (Dkt. 38) filed by Defendant Atmos Fragrance, Inc. ("Atmos").

## INTRODUCTION

In opposing Pura's motion, Defendants Atmos and Knight (together, "Defendants") urge the Court to adopt pleading standards that have been explicitly rejected by the Federal Circuit as too stringent, are contrary to the standards governing pleadings in Rule 8, and are at odds with established rules of procedure governing claims for misappropriation of trade secrets and patent infringement. Pursuant to such procedures, Pura has sufficiently pleaded its proposed Amended Complaint, and, further, has already produced the detailed information that Defendants speciously claim is missing from Pura's pleading. Specifically, Pura timely produced its Trade Secret Disclosure on October 10, 2025, and its Disclosure of Asserted Claims and Initial Infringement Contentions on February 20, 2026.[1] As such, Defendants have no basis on which to complain that they have not been provided sufficient notice of Pura's claims, and Defendants' inappropriate demand that Pura prove its case at the pleading stage should be rejected.

## ARGUMENT

**I.    STANDARDS**

As the Court knows, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and leave to amend "should be freely given." Fed. R. Civ. P. 8(a)(2) and 15(a)(2). Notwithstanding, Defendants argue

---

[1] By contrast, Defendants have failed to timely participate in the discovery process, most recently missing the deadline for Atmos to provide its Initial Non-Infringement, Unenforceability, and Invalidity Contentions under LPR 2.4, which were due on March 6, 2026.

leave to amend should be denied based solely on an argument of futility. This argument is not well taken.

In the first instance, "[a]lthough leave to amend may be denied due to futility alone, courts often decline to consider futility if it would be more appropriately addressed in dispositive motions," including because "addressing futility in a motion to amend place[s] the cart before the horse." *Rosson v. Am. Express Nat'l Bank*, No. 2:25-CV-00140, 2026 WL 539179, at *2 (D. Utah Feb. 26, 2026) (internal quotation marks and citations omitted). In this case, even if the Court decides to address Defendants' futility arguments in the Rule 15 context, "the futility question is ultimately governed by the same standards that govern the granting of a motion to dismiss." *Frugal Flamingo Quick Stop v. Farm Bureau Mut. Ins. Co.*, 2018 UT App 41, ¶ 10, 420 P.3d 57, 60; *see also Ostler v. Dep't of Pub. Safety*, 2022 UT App 6, ¶ 30, 505 P.3d 1119, 1124 ("It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss. . . . And a proposed amendment will not withstand a motion to dismiss if it fails to allege facts sufficient to satisfy each element of a claim." (internal quotation marks and citations omitted)).

As the Court also knows, on a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and "view all reasonable inferences in favor of the [non-moving party]." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Importantly, a plaintiff's claim must only be plausible, not probable – and Pura's proposed Amended Complaint easily meets this standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. THE PROPOSED AMENDED COMPLAINT SUFFICIENTLY ALLEGES INFRINGEMENT OF THE '866 PATENT

With respect to patent infringement claims, "the factual allegations made in a complaint 'need only be enough to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.'" *Gracenote, Inc. v. Sorenson Media, Inc.*, No. 2:16-CV-950 CW, 2017 WL 2116173, at *2 (D. Utah May 15, 2017) (quoting *SimpliVity Corp. v. Springpath, Inc.*, No. 4:15-13345–TSH, 2016 WL 5388951, at *3 (D. Mass. July 15, 2016)). "Accordingly, all that '*Twombly* and *Iqbal* require is a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.'" *Id.* "A plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("Here, the district court instructed counsel for Bot M8 that it must explain in the complaint every element of every claim that you say is infringed and/or explain why it can't be done. We disagree with the district court's approach and reiterate that a plaintiff need not prove its case at the pleading stage." (simplified)).

Pura's proposed Amended Complaint more than satisfies this standard. Pura describes what the '866 Patent does [Am. Compl. at ¶¶ 79-80 (Dkt. 25-1)], identifies the infringing Atmos' products (the "Accused Products") [*id.* at ¶ 82], and alleges that the Accused Products also do what the patent does. [*Id.* at ¶¶ 108-114]. Atmos' assertion that Pura does no more than recite the elements of Claim 1 and label the Accused Products as infringing is contradicted by the factual allegations set forth in the proposed

Amended Complaint, which explain what about the Accused Products satisfies the elements of Claim 1.

In faulting Pura for not including factual details such as a description of the specific "processor or memory architecture the Accused Products contain" [Atmos Opp. at 3 (Dkt. 38)], "what data is received, from where, in what format, or how the system associates data with a room" [*id.* at 4], an explanation of "what 'monitoring' means in the accused system – whether via a background process, cloud-based server, or push notification" [*id.*], and an explanation of "how the Accused Products dispense fragrance – whether by heating element, fan-based system, or ultrasonic diffusion" [*id.*], Atmos seeks imposition of the excessively stringent pleading standard that federal appellate courts have explicitly and regularly rejected.  *See, e.g., Bot M8*, 4 F.4th at 1352 ("To the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*.").

Plausibility is context-specific and depends on the complexity of the technology and the materiality of any given element.  *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("Determining whether a complaint states a plausible claim for relief is a very 'context-specific task.'").  As Pura has alleged, Atmos' products are virtual copycats of Pura's patented products. [Proposed. Am. Compl. at ¶ 65 (Dkt. 25-1)].  Where the accused products replicate the patented features so closely and the infringement theory is straightforward – *e.g.*, the accused product is a copy – less detail is required and technical exposition is

unnecessary at the pleading stage. Images of the accused product are capable of demonstrating infringement.

Moreover, Pura has already provided Atmos with the information Atmos claims is missing from the proposed Amended Complaint. The Local Patent Rules set deadlines for disclosure of information concerning a patent plaintiff's claims and contentions. LPR 2.3 provides for service by the party claiming infringement of Initial Infringement Contentions, which include, among other detail, "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that the party contends is governed by 35 U.S.C. § 112(f), a description of the claimed function of that element and the identity of the structures, acts, or materials in the Accused Instrumentality that performs the claimed function." Pura timely served its Disclosure of Asserted Claims and Initial Infringement Contentions on February 20, 2026. Requiring a patent plaintiff to plead that information in its complaint at the very outset of a lawsuit would defeat the purpose of the Local Patent Rules to streamline and standardize patent litigation by imposing predictable case management deadlines that make sense in terms of the stage of litigation and the informational needs of the litigants at that time. And, in any case, these details are simply not required at the notice pleading stage. Accordingly, Pura's motion to amend should be granted.

### III. THE PROPOSED AMENDED COMPLAINT SUFFICIENTLY ALLEGES INFRINGEMENT OF THE '901 AND '601 PATENTS

Atmos' contention that additional details included in the proposed Amended Complaint regarding the '901 and '601 Patents "still do not map accused functionality to the specific elements of each asserted claim" is insufficient to demonstrate futility for the

6

same reasons, including that there is no requirement that such details be pleaded. [Atmos Opp. at 5 (Dkt. 38)].  And, again, LPR 2.3 governs the scope and timing of such disclosures and provides for the disclosure of such information in the patent plaintiff's Initial Infringement Contentions, which were already delivered to Defendants on February 20, 2026.

**IV.   THE PROPOSED AMENDED COMPLAINT SUFFICIENTLY ALLEGES INDUCED AND CONTRIBUTORY INFRINGEMENT OF THE '866 PATENT**

Atmos contends Pura's claims for induced and contributory infringement of the '866 Patent are futile because "Pura alleges only that 'Atmos encourages its users to use the Accused Products in an infringing manner including by using the app to control fragrance schedules," citing ¶¶ 149-50 of the proposed Amended Complaint.  [Atmos Opp. at 4].  Atmos' objection is specious in light of additional allegations in the proposed Amended Complaint that Atmos does not acknowledge, much less cite for the Court.

"Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent.  To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading,* 681 F.3d at 1337 (internal quotation marks and citations omitted).

Pura pleads factual support for these elements in ¶¶ 115-117, alleging, among other facts, that advertising by Atmos highlights infringing features of the Accused Products. [Proposed. Am. Compl. at ¶ 117 (Dkt. 25-1)]. Atmos' assertion that Pura alleges no "specific knowledge Atmos possesses beyond the August 2025 notice letter," [Atmos Opp. at 5], is both irrelevant and wrong. Notice imparted by such a letter is sufficient without more,[2] and the knowledge of Atmos concerning Pura is detailed in ¶¶ 45-59 and 118-121 of the proposed Amended Complaint. As detailed in those allegations, one of Atmos' founders (Tyson Andrus) and one of its directors (Aaron Derose) were agents for major investors in Pura (the "Investor Individuals") and, in that capacity, had knowledge of Pura's most sensitive commercial information. The Investor Individuals were unquestionably aware of Pura's patents, as the strength and value of such intellectual property would have been central to the investments in Pura for which they bore responsibility. Such knowledge is certainly enough to give rise to an inference at the pleading stage that Atmos knew of Pura's patents and their own products' infringement. Atmos' contention that Pura has pleaded no facts supporting its contention that Atmos' products have no substantial non-infringing use is similarly off base. Pura alleges that Atmos' products have no substantial non-infringing use "[*w*]*ithout configuration through the app.*" [Proposed. Am. Compl. at ¶ 117 (emphasis added)].

---

[2] *See, e.g., Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *6 (D. Del. Sept. 30, 2021) (finding plaintiff plausibly alleged pre-suit knowledge based on allegation that defendant's executive received an e-mail from inventor that included a link to a video presentation describing plaintiff's technology and including the patent number).

**V.      THE PROPOSED AMENDED COMPLAINT SUFFICIENTLY ALLEGES TRADE SECRET CLAIMS AGAINST ATMOS AND KNIGHT**

As with Pura's patent infringement claims, Atmos contends that amendments to Pura's trade secret claims would be futile because the proposed Amended Complaint "does not identify what specific trade secrets Atmos received." [Atmos Opp. at 7]. Atmos is incorrect in the first instance, but Atmos also fails to acknowledge that such factual detail was previously disclosed to Atmos through the Court's standard procedures. Specifically, Pura timely served its Trade Secret Disclosure on October 10, 2025, and, thus, Atmos has had a detailed description of the trade secrets that Pura alleges have been misappropriated in its possession for several months now – even if such details were required at the notice pleading stage (which they are not).

Defendants also contend that Pura's trade secret claims must fail because they depend on allegations that are insufficient to support the premise that Knight and the Investor Individuals disclosed Pura's trade secrets to Amos and are built on the inevitable disclosure doctrine: the premise that the positions of the Investor Individuals and Knight, "without evidence of actual disclosure, establishes misappropriation." [Knight Opp. at 4 (Dkt. 37); Atmos Opp. at 8 (Dkt. 38)].

Atmos' contention that Pura improperly relies on the concept of inevitable disclosure ignores the allegations in the proposed Amended Complaint. Pura alleges that Atmos could not have developed its products and brought them to market as rapidly as it did without using Pura's trade secrets. [Proposed. Am. Compl. at ¶ 66 (Dkt. 25-1)]. Such reliance on circumstantial evidence is both permissible and common, as trade secret plaintiffs rarely possess direct evidence of misappropriation. *See, e.g., Stratienko v. Cordis Corp.*, 429 F.3d 592, 600 (6th Cir. 2005) (collecting circuit court

cases supporting "the proposition that, once evidence of access and similarity is proffered, it is entirely reasonable for the jury to infer that defendant used plaintiff's trade secret" (simplified)).

Although the theory of inevitable disclosure has been invoked to demonstrate actual misappropriation, the theory is primarily applied when a plaintiff seeks to enjoin future trade secret misappropriation. "The theory allows plaintiff employers to demonstrate *threatened misappropriation* without evidence of an employee's intent to disclose trade secrets." *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp.2d 1111, 1118 (N.D. Cal. 1999) (emphasis added) (noting the "overwhelming majority" of jurisdictions recognizing the theory). In such a context, factors such as the overlap between the employee's former and current role and surreptitious conduct are relevant. While Pura seeks an injunction as a remedy, it alleges actual misappropriation. [*see, e.g.,* Proposed. Am. Compl. at ¶¶ 10, 44, 60, 66, and 184-86 (Dkt. 25-1)]. Atmos' contention that Pura is required to plead facts demonstrating that Knight and the Investor Individuals pose a threat of future misappropriation is, thus, off base. The proposed Amended Complaint is sufficient to provide Defendants notice of the claims against them, and the Court should grant Pura's motion for leave to amend.

**VI.   THE PROPOSED AMENDED COMPLAINT SUFFICIENTLY ALLEGES A BREACH OF CONTRACT CLAIM AGAINST KNIGHT**

Similarly, Knight contends that the minor amendments Pura makes to its claim that she violated the terms of her independent contractor agreement by disclosing Pura's confidential information are futile because the proposed Amended Complaint "does not allege what specific confidential information Knight disclosed to Atmos, when

she disclosed it, how she disclosed it, or to whom." [Knight Opp. at 4]. These contentions lack merit.

As explained above, Defendants have possessed a detailed description of the confidential information and trade secrets that Knight improperly disclosed since Pura served its Trade Secret Disclosure on October 10, 2025. And no rule of pleading requires Pura to plead the specific details listed by Knight's opposition, which few plaintiffs would possess at the pleading stage, if ever. Tellingly, Knight cites no authority for her contention that such detail is required.

## VII.  PURA TIMELY SOUGHT AMENDMENT

While Knight remarks that Pura's "timing also reflects undue delay" and notes the "MTD has been fully briefed since April 8, 2025," [Knight Opp. at 1 (Dkt. 37)], she does not elaborate on this remark in any way. While Pura made minor amendments to its claims against Knight, Pura's primary objective in seeking leave to amend was to add a claim for infringement of the '866 Patent, which had not issued at the time of Pura's original complaint. Atmos does not actually object to the proposed amendment as untimely, and this litigation is in its earliest stages. For example, prior to filing their opposition briefs, Defendants had not filed their Initial Disclosures (and only did so after Pura moved to compel), and only Pura has served discovery. Knight's objection, to the extent she raised one, is not meritorious.

## CONCLUSION

For the reasons set forth above, Pura's motion for leave to amend should be granted.

DATED this 9th day of March 2026.

                                                          **MAGLEBY CATAXINOS, PC**

                                                          /s/ James E. Magleby
                                                          Edgar R. Cataxinos
                                                          James E. Magleby
                                                          Jennifer Fraser Parrish
                                                          *Attorneys for Plaintiff Pura Scents, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Magleby Cataxinos, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **COMBINED REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT [25]** was delivered to the following this 9th day of March 2026, by:

[ ] Hand Delivery

[ ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[ ] Electronic Mail

Chad Perhson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
 Fragrance, Inc., and Kristen Knight

/s/ H. Evan Gibson