Chad Pehrson (12622)
**KNH LLP**
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>    Defendants. | **DEFENDANTS' MOTION FOR JUDICIAL SETTLEMENT CONFERENCE**<br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br>Magistrate Judge: Daphne A. Oberg |

## INTRODUCTION

Defendants Atmos Fragrance, Inc. ("**Atmos**") and Kristen Knight ("**Knight**") respectfully move the Court, pursuant to Federal Rule of Civil Procedure 16(a)(5), 28 U.S.C. § 636(b)(3), and DUCivR 16-2, to refer this matter to Magistrate Judge Daphne A. Oberg for a judicial settlement conference. In the alternative, Defendants request a Rule 16 conference.

The economic realities of this case strongly support early resolution. The accused diffuser product generated just $5,557.70 in total retail revenue for Atmos — from 37 units sold at $149 each. One of the named defendants is an individual, Kristen Knight, who remains affiliated with

1

Atmos but in an unpaid capacity. She previously served as an independent contractor for Pura on a short-term marketing engagement and received modest contractor fees for that work (approx. $15K).

Defendants previously made a good-faith settlement overture that disclosed the limited revenues generated by the accused product. Plaintiff declined to engage in settlement discussions at that time. Meanwhile, Paragraph 48 of Pura's Complaint pleads allegations that extend beyond the patent and trade secret claims themselves. A settlement conference with Magistrate Judge Oberg would give both sides the opportunity to have an honest, business-focused conversation about whether this litigation — which will cost both parties far more than it could ever recover — is truly in anyone's interest. Defendants also request that discovery and current scheduling-order deadlines be stayed pending the conference.

## BACKGROUND

### A. Atmos and Its Accused Product.

Plaintiff Pura Scents, Inc. ("**Pura**") filed this action in December 2024 alleging various claims including patent infringement and trade secret misappropriation. The accused product is Atmos's fragrance diffuser. As reflected in financial records produced in discovery, that product generated $5,557.70 in total retail sales — 37 units at $149.00 per unit. An additional 355 units were distributed free as promotional items bundled with fragrance subscriptions, generating no hardware revenue. Atmos's development costs for the accused product substantially exceeded its revenues. The company is a startup in a precarious financial position.

### B. Kristen Knight: An Individual with an Unpaid Affiliation.

Kristen Knight is a private individual. Before co-founding Atmos, she worked as an

independent contractor for Pura under an agreement signed on April 14, 2021. Her role was specific and operational: she worked on generic marketing tasks. The systems she accessed — Pura's Shopify platform and Ambassador Program database — were commensurate with that operational role. She was not involved in Pura's patent prosecution, product engineering, or device development. She remains affiliated with Atmos but serves in an unpaid capacity and has no ongoing compensation from the company.

### C. Defendants Made a Good-Faith Settlement Overture.

On July 10, 2025, Defendants' counsel contacted Plaintiff's counsel and proposed settlement terms in good faith, specifically disclosing the limited scale of Atmos's revenues from the accused device. Plaintiff responded that it was not interested in settlement discussions at that time. Since then, the adversarial posture of the litigation has made it difficult for counsel to have the kind of candid, business-focused conversation that Defendants believe could resolve this case. A structured, court-facilitated process is now the most realistic path to achieving that conversation.

### D. Additional Context from Paragraph 48 of the Complaint.

Paragraph 48 of the Complaint states:

> "In addition to infringing Pura's intellectual property, Atmos has also sought to poach Pura's employees. Just recently, Ms. Knight, acting on behalf of Atmos, contacted Hope Freeman, a key member of Pura's fragrance development team, to recruit her to Atmos. Ms. Freeman's expertise in hedonics testing is critical to Pura's success, and Atmos's efforts to lure her away are part of an ongoing concerted strategy to benefit from Pura's decades of research and innovation, harm Pura, and weaken its competitive position."

Complaint ¶ 48.

While Defendants maintain that ordinary recruiting of at-will employees is lawful and protected competitive activity, the inclusion of these allegations in the Complaint indicates that the

parties' dispute involves broader business and competitive considerations in addition to the specific intellectual property claims. A magistrate-facilitated settlement conference would allow both sides to address the full scope of the matter in a single, productive setting.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(a)(5) expressly authorizes district courts to order a pretrial conference to "facilitate settlement." The Court may refer such a proceeding to a magistrate judge under 28 U.S.C. § 636(b)(3). DUCivR 16-2 establishes this District's framework for judicial settlement conferences and expressly authorizes the Court to order them at any stage of litigation.

## ARGUMENT

### I. The Financial Reality of This Case Makes a Settlement Conference Urgent.

The accused product generated only $5,557.70 in total retail revenue. Against that limited exposure, Pura is pursuing the full machinery of federal patent and trade secret litigation. The continuing litigation costs will dwarf any realistic damages that could be assessed. This reality is particularly acute for Atmos, a startup in a precarious financial position.

The calculus is even starker for Ms. Knight. As an individual with no ongoing compensation from Atmos, the personal burden of defending this action through trial would be disproportionate.

### II. The Claims Against Ms. Knight Illustrate Why Court-Assisted Settlement Talks Are Needed Now.

Ms. Knight served as a short-term independent contractor performing basic marketing work. She had no involvement in product development, engineering, or patent matters. The notion that an individual in these circumstances should personally bear the cost of full-scale federal

litigation is exactly the kind of disproportionate outcome that a settlement conference can help both sides avoid.

### III. The Broader Considerations Raised in the Complaint Further Support Early Resolution.

As noted above, Paragraph 48 of the Complaint pleads allegations concerning employee recruiting that extend beyond the intellectual property claims themselves. A court-facilitated discussion before Magistrate Judge Oberg would give both parties the opportunity to address these additional issues holistically and determine whether continued litigation serves their respective interests.

### IV. Early Resolution Serves the Court's Interest in Judicial Economy.

If fully litigated, this case will require the Court to manage discovery disputes, rule on a motion to amend the complaint, conduct claim construction proceedings, and potentially resolve expert and summary judgment issues. Given the limited revenue at issue and the broader considerations raised in the Complaint, early resolution would conserve substantial resources for the parties and the Court.

### V. The Current Case Posture Presents the Right Moment.

Substantial written discovery has been exchanged. Pura has served its Trade Secret Disclosure. Defendants have produced detailed financial records showing de minimis revenue from the accused product. Both sides understand the basic factual landscape, while the most expensive phases — claim construction, expert discovery, and dispositive motions — still lie ahead.

## CONCLUSION

Defendants already attempted to resolve this case through direct negotiations and disclosed the true economic facts. A judicial settlement conference is now the most practical next step. Defendants respectfully request that the Court (1) refer this matter to Magistrate Judge Daphne A. Oberg for a settlement conference and require both parties to appear with full settlement authority, and (2) stay discovery and all current scheduling order deadlines pending the conference. In the alternative, Defendants request a Rule 16 conference.

Dated:  March 12, 2026

                                        Respectfully submitted,

                                        **KNH LLP**

                                        */s/ Chad Pehrson*
                                        Chad Pehrson

                                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I filed a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR JUDICIAL SETTLEMENT CONFERENCE** via the Court's electronic filing system, which effectuated service on all parties of record.

*/s/Andrea Coats*