Chad Pehrson (12622)
**KNH LLP**
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law
*Attorneys for Defendants*

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>Defendants. | **DEFENDANTS' MOTION TO STAY DISCOVERY AND CURRENT SCHEDULING ORDER DEADLINES, OR, IN THE ALTERNATIVE, FOR A RULE 16 CONFERENCE**<br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br>Magistrate Judge: Daphne A. Oberg |

### INTRODUCTION

Defendants Atmos Fragrance, Inc. ("**Atmos**") and Kristen Knight ("**Knight**") respectfully move to stay all discovery and current scheduling-order deadlines pending: (1) the Court's ruling on Defendants' pending Motion to Dismiss [Dkt. 13]; (2) the Court's ruling on Plaintiff's pending Motion for Leave to File an Amended Complaint [Dkt. 25]; and (3) the outcome of any settlement conference ordered by the Court on Defendants' concurrently filed Motion for Judicial Settlement Conference. In the alternative, Defendants request a Rule 16 pretrial conference to reassess the schedule in light of the current posture of the case.

Good cause supports the stay. Two threshold motions remain unresolved—one that could eliminate or narrow claims entirely, and one that could substantially reshape the pleadings.

1

Conducting full patent and trade-secret discovery while the scope of the case remains uncertain wastes party and judicial resources. It also makes little sense to press forward with contested discovery while a settlement conference that could resolve the case entirely is pending before the Court.

## BACKGROUND

Three threshold issues currently affect the scope and direction of this litigation:

First, Defendants' Motion to Dismiss [Dkt. 13] has been fully briefed since April 2025 and awaits decision. That motion challenges the legal sufficiency of Pura's claims. A favorable ruling could narrow or eliminate claims, rendering discovery on those claims unnecessary.

Second, Pura filed a Motion for Leave to File an Amended Complaint [Dkt. 25] on January 30, 2026. That motion is pending and opposed. The proposed amended complaint would add new allegations and expand the case. Until the Court decides whether amendment is permitted—and in what form—the parties cannot know what claims or theories will actually be at issue. Proceeding with discovery now risks requiring the parties to revisit the same issues after amendment.

Third, Defendants have concurrently filed a Motion for Judicial Settlement Conference requesting referral to Magistrate Judge Oberg. As set forth in that motion, the accused product generated only $5,557.70 in total retail revenue from 37 units. Knight remains affiliated with Atmos in an unpaid capacity and previously served as an independent contractor for Pura on a short-term engagement for which she received modest contractor fees. Given the limited economic scale of the case, a court-assisted settlement conference is particularly appropriate. Continuing burdensome discovery while that request is pending would undermine the very efficiencies the conference is designed to achieve.

## LEGAL STANDARD

District courts have broad discretion to stay discovery when doing so would be in the interest of efficient judicial administration. *See* Fed. R. Civ. P. 26(c).

## ARGUMENT

### I. Good Cause Exists to Stay Discovery While Threshold Motions Remain Pending.

The Motion to Dismiss [Dkt. 13] and Motion for Leave to Amend [Dkt. 25] will directly shape what is actually at issue. Committing the parties to full discovery before those rulings is inefficient. If the Motion to Dismiss is granted in whole or in part, discovery on dismissed claims will have been unnecessary. Likewise, if amendment is allowed, the relevant custodians, documents, and topics may change—potentially requiring duplicative effort. A brief stay avoids that waste.

### II. Discovery Should Also Be Stayed Pending the Settlement Conference.

As explained in the concurrently filed Motion for Judicial Settlement Conference, the limited economics of this case strongly favor early resolution. Requiring Atmos and Knight to continue responding to discovery requests, patent-rule deadlines, and motions to compel while a settlement conference is pending would increase costs and harden positions—the opposite of what a productive, neutral-facilitated process is meant to accomplish. A targeted stay preserves the conditions for meaningful settlement discussions.

### III. The Relevant Factors Strongly Favor a Stay.

Defendants' Motion to Dismiss raises substantial legal challenges (including the inapplicability in Utah of the "inevitable disclosure" doctrine as a basis for trade-secret claims). The motion is fully briefed and ready for decision. Resolving it—and the pending motion to

amend—will clarify the scope of the case and allow discovery to proceed efficiently on the actual claims at issue.

The stay would be limited in duration: only until the Court rules on the Motion to Dismiss, the Motion for Leave to Amend, and the settlement-conference request. No additional briefing is required. Pura will suffer no material prejudice. No preliminary injunction has been sought or granted, the alleged events occurred years ago, and the accused product is no longer on the market. A short stay imposes no concrete harm.

**IV. In the Alternative, the Court Should Order a Rule 16 Conference.**

If the Court declines a full stay, Defendants respectfully request a Rule 16 conference. The current scheduling order was entered early in the case, before the Motion for Leave to Amend and before the full extent of discovery disputes became clear. A conference would allow the Court to coordinate the pending motions and reset deadlines in light of the current posture.

### CONCLUSION

For the reasons above, Defendants respectfully request that the Court stay all discovery and scheduling deadlines pending resolution of (1) Defendants' Motion to Dismiss [Dkt. 13], (2) Plaintiff's Motion for Leave to File an Amended Complaint [Dkt. 25], and (3) the outcome of the settlement conference requested in the concurrently filed motion. In the alternative, Defendants request a Rule 16 pretrial conference.

Dated:  March 12, 2026

Respectfully submitted,

**KNH LLP**

*/s/ Chad Pehrson*
Chad Pehrson
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I filed a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY AND CURRENT SCHEDULING ORDER DEADLINES, OR, IN THE ALTERNATIVE, FOR A RULE 16 CONFERENCE** via the Court's electronic filing system, which effectuated service on all parties of record.

*/s/Andrea Coats*