Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff, Pura Scents, Inc.

## THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation, <br><br>     **Plaintiff,** <br><br> **v.** <br><br> **ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual, <br><br>     **Defendants.** | **PURA'S COMBINED OPPOSITION TO:** <br><br>   **(1) DEFENDANTS' MOTION FOR JUDICIAL SETTLEMENT CONFERENCE [DKT. 40] AND** <br><br>   **(2) DEFENDANTS' MOTION TO STAY DISCOVERY AND CURRENT SCHEDULING ORDER DEADLINES, OR, IN THE ALTERNATIVE, FOR A RULE 16 CONFERENCE [DKT. 41]** <br><br> **Case No.:  2:24-cv-958** <br><br> **Honorable Ted Stewart** <br><br> **Magistrate Judge Daphne A. Oberg** |

## INTRODUCTION

Plaintiff Pura Scents, Inc. ("Pura" or "Plaintiff") opposes the simultaneously-filed motions of Atmos Fragrance, Inc. ("Atmos") and Kristen Knight ("Knight") (together, "Defendants") for (i) a stay of discovery and all current scheduling order deadlines and (ii) reference to Magistrate Judge Daphne Oberg for a settlement conference.  [Dkts. 40-41].  However, Pura does not oppose Defendants' alternative motion for a Rule 16 conference [Dkt. 41 at 4] because Pura believes that the Court should address Defendants' continued refusal to participate in this case and to abide by court-ordered deadlines.

Defendants are not proceeding in good faith.  Defendants first proposed settlement, making the same bald assertions they make in support of their present motions, on July 10, 2025.  Pura determined, as was its right, to first pursue basic discovery in order to vet Defendants' assertions and to obtain information critical to Pura's case and to the evaluation of any settlement.  However, Defendants refused to participate in discovery – including by refusing to respond to e-mails asking Defendants for an update and/or explanation of why Defendants were not meeting case deadlines. In the face of Defendants' continued silence, Pura was forced to incur the substantial expense of filing multiple discovery motions, which remain pending, including to obtain Defendants' initial disclosures.

Unbeknownst to Pura at the time (including because Defendants refused to respond to Pura's counsel's e-mails), Defendants were contemplating bankruptcy and, evidently, had made a calculated decision not to provide their initial disclosures, comply

with the scheduling order deadlines to which they had agreed, or respond to Pura's discovery requests as required by the Rules.  Defendants only recently informed Pura that the delay was because they had purportedly been contemplating bankruptcy, an assertion Pura learned for the first time by reading Defendants' responses to Pura's pending discovery motions.  Suspiciously, Defendants had never previously provided this explanation to Pura, even though Pura had opened the door to such communications on numerous occasions – only to be met by Defendants' silence.  And, notably, purportedly contemplating bankruptcy is not an excuse for violating court orders and discovery obligation.

Now, apparently, Defendants are no longer contemplating bankruptcy and have decided to participate in this litigation after all – which is, again, something Pura is learning for the first time through Defendants' statements to the Court in the motions at issue, which Defendants filed in reaction to inquiries from Pura as to why Defendants had yet again missed a case deadline (to provide non-infringement contentions on March 6, 2026), and were ignoring Pura's request to meet and confer regarding Defendants' deficient discovery responses.  Consistent with Defendants' past behavior, they simply ignored and did not respond to reasonable e-mails from Pura's counsel, opting instead to file the two motions that are now before the Court.

While a Rule 16 conference would be helpful to address the outstanding motions, the Court should not reward Defendants for their unilateral refusal to participate in discovery by staying the discovery deadlines, which were re-set pursuant to the parties' joint stipulation only a few weeks ago on January 21, 2026.  [*See* Amended Scheduling

Order – Patent Case Pre-claim Construction (Dkt. 24)].  Nor should the Court reward Defendants for entirely ignoring Pura's counsel's reasonable inquiries as to Defendants' positions and behavior, and for opting instead to selectively disclose in public court filings settlement communications made in confidence, in the hopes of having this matter referred for a settlement conference before Defendants provide even basic discovery to Pura, without which this case will not settle.

In sum, the Court should deny the request for a judicial settlement conference, grant Pura's outstanding motions (including finding that Defendants now-admitted, intentional failure to timely respond to discovery waived any objections), and award Pura its attorney fees and costs.

**ARGUMENT**

## I. DEFENDANTS' MOTION FOR A JUDICIAL SETTLEMENT CONFERENCE VIOLATES FED. R. EVID. 408

Defendants assert that settlement is sensible in view of Atmos' financial position and suggest that Pura has refused to consider settlement.  Defendants' characterization of the parties' settlement positions is both inaccurate and improper.  While Pura has sought to substantiate factual assertions made by Defendants as a necessary first step, Pura has never refused to consider reasonable offers of settlement, at the right time and upon the provision of properly-supported information.

Defendants' disclosure of settlement communications is contrary to the Rules and the policy considerations underlying related Utah statutes and privileges.  While Federal Rule of Evidence 408 speaks in terms of admissibility, the policies barring admission of settlement communications in court apply with equal force to the inclusion

of settlement communications in briefs and motions.  For example, the importance of keeping settlement discussions private has been recognized by state and federal courts and lawmakers.  In Utah, that policy is clearly expressed in statutes including Utah Code § 78B-10-104 (providing that mediation communications are privileged) and § 78B-6-208 (providing that "ADR proceedings shall be conducted in a manner that encourages informal and confidential exchange").

Rules requiring confidentiality exist for good reasons that are directly implicated by the settlement details included in Defendants' motions [*see* Dkt. 40 at 2-4], including to avoid prejudicing the tribunal and to give the parties freedom to negotiate without fear of their settlement positions being used against them.  *See, e.g., Reese v. Tingey Const.,* 2008 UT 7, ¶ 8, 177 P.3d 605, 608 ("If participants cannot rely on the confidential treatment of everything that transpires during these sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute." (internal citation omitted)); *In re Univ. of Michigan,* 936 F.3d 460, 465 (6th Cir. 2019) ("And for a settlement conference to work, parties must feel uninhibited in their communications. They must be free to make candid assessments, admit their strengths and weaknesses, offer concessions, and put on hold the performative aspects of trial.  For this reason, confidential settlement communications are a tradition in this country . . . ." (simplified)).

Defendants' settlement offer of July 10, 2025, stated explicitly, "This letter is a confidential settlement communication protected by Federal Rule of Evidence 408 . . . ."

Having invited Pura to engage in "confidential settlement" discussions, Defendants' public (and inaccurate) disclosure of Pura's response constitutes bad faith, particularly in view of Defendants' decision to "go dark" for the following eight months while Pura fulfilled its disclosure obligations and devoted substantial time and money trying to secure the discovery necessary to evaluate the merits of settlement, including by filing multiple motions to compel discovery when Defendants missed discovery deadlines and then refused to respond to Pura's counsel's e-mails.

## II.   DEFENDANTS' MOTION FOR A STAY OF DISCOVERY AND ALL CURRENT SCHEDULING ORDER DEADLINES IS UNWARRANTED

Defendants' desire to settle without participating in discovery does not constitute good cause, as required for modifying the Amended Scheduling Order.  Specifically, "Rule 16 of the Federal Rules of Civil Procedure requires a good cause showing.  It provides a scheduling order 'may be modified only for good cause and with the judge's consent.'  Fed. R. Civ. P. 16(b)(4).  In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citation omitted) (alteration in original).  "A party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."  *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (internal quotation marks and citation omitted); *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d

1477, 1484 (10th Cir. 1983) (reversing entry of stay and holding "right to proceed in court should not be denied except under the most extreme circumstances").

Because stays of discovery are disfavored absent a strong showing of hardship or inequity, Defendants' desire to avoid their discovery obligations does not satisfy their burden.  Taking Defendants at their word, they made an <u>intentional</u>, <u>calculated</u> decision to <u>ignore the scheduling order deadlines</u> for their initial disclosures and non-infringement contentions (while receiving the benefit of Pura's timely-served initial disclosures, accused instrumentality disclosure, trade secret disclosure, and infringement contentions).  Defendants, without justification, also ignored Pura's discovery requests and Pura's requests to meet and confer regarding the same.  As a result, Defendants forced Pura to file discovery motions regarding Defendants' failure to respond to Pura's first set of requests for production [Dkt. 26] and failure to provide their Rule 26(a)(1) initial disclosures [Dkt. 28].  While those motions have been pending, Atmos also failed to serve its Initial Non-Infringement, Ineligibility, Invalidity, and Unenforceability Contentions, which were due on March 6, 2026.

While Defendants have since provided a fraction of the over-due information, Defendants have ignored e-mails from Pura's counsel asking for Atmos' past-due contentions and seeking to meet and confer regarding such past-due contentions and deficiencies in Defendants' belated response to Pura's first set of requests for production and belated initial disclosures.  Instead, Defendants filed the instant motions seeking an order halting discovery altogether.  Granting a stay under these circumstances would be particularly unfair, as it would deprive Pura of timely-sought

discovery needed to evaluate the factual assertions that Defendants included in their settlement offer, and allow Defendants to gain leverage by further delaying the disclosure of relevant facts.

In short, Defendants' conclusory assertion that a settlement conference is urgently needed at this time to spare Atmos and Knight from the unwarranted "burden of defending this action through trial" is simply insufficient to justify entry of a stay of discovery.

### III.    DEFENDANTS' MOTION FOR A STAY OF DISCOVERY AND ALL CURRENT SCHEDULING ORDER DEADLINES IS NOT JUSTIFIED BY INTERESTS OF JUDICIAL ECONOMY

While Pura believes a Rule 16 conference could be helpful, the fact that Defendants' motion to dismiss and Pura's motion for leave to file an amended complaint (as well as Pura's discovery motions) are pending does not justify a stay of discovery. *See, e.g., Gray*, 133 F.R.D. 39 at 40 ("The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.  Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." (internal quotation marks and citation omitted)).

While a stay pending the resolution of a dispositive motion may be appropriate in particular circumstances, as when jurisdiction or venue are contested, nothing in the present circumstances indicates that a stay would be appropriate.  This case was commenced over a year ago, on December 20, 2024.  Defendants stipulated to both scheduling orders the Court entered, including the scheduling order entered only a few

weeks ago, and did not seek a stay at any previous time.  Rather, Defendants sat on the sidelines while Pura alone complied with its disclosure obligations and commenced discovery, effectively staying discovery with respect to themselves only. Understandably, courts take a very dim view of such conduct.  *See, e.g., ACT Educ. Corp. v. Hildebrandt,* No. 2:24-CV-00703-JNP-CMR, 2025 WL 3003342, at *3 (D. Utah Oct. 27, 2025) ("First and foremost, until the court has ordered a stay of discovery, Defendant cannot choose to stay discovery on his own." (emphasis added)).  "Until a ruling granting the stay is issued, all parties are required to continue participating in the discovery process."  *Id.* at *4 (emphasis added).

The fact that Pura moved to amend its complaint to include an additional patent, which issued after Pura's initial complaint was filed, does not warrant entry of a stay for the same reasons.  Pura included the newly-issued patent in its disclosures, and Atmos would have been free to include the patent in its disclosures or not, but Atmos was required to serve its non-infringement contentions at least as to the patents in the current pleading, and was not free to unilaterally decide it does not have to participate in discovery.

## IV.   THE COURT SHOULD IMPOSE SANCTIONS AND AWARD PURA ITS FEES AND COSTS

Defendants' pattern of obfuscation and delay, their blatant refusal to participate in discovery and meet their discovery obligations and Court-ordered deadlines, and their admission that they did so intentionally, should not be rewarded.  Not only have Defendants' actions cost Pura time and money, but they have wasted the Court's time. The Court should exercise its inherent authority, and sanction Defendants.  Simply put,

the "Court has the inherent power to impose sanctions if a party acts in bad faith or delays/disrupts litigation." *Martinez v. CorrHealth, Pro. Ltd. Liab. Co.*, 771 F. Supp.3d 1183, 1194 (D.N.M. 2025); *see also*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 32, 111 S. Ct. 2123, 2126, 115 L. Ed. 2d 27 (1991) (affirming sanctions imposed under inherent powers based upon (among other things) the offending party's "tactics of delay, oppression, harassment and massive expense") (collecting cases); *Courtesy Inns, Ltd. v. Bank of Santa Fe*, 40 F.3d 1084, 1089 (10th Cir. 1994) (noting *Chambers* rejected arguments that "the various sanctioning provisions of the federal rules reflect legislative intent to displace the court's inherent powers"); *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 858 (10th Cir. 2018) (following *Chambers*, affirming sanctions under inherent powers).

First, the Court should rule on Pura's pending motion to amend and discovery motions, and, in deciding whether to find that Defendants' objections have been waived and to award fees, consider Defendants' most recent refusal to meet and confer (or even respond to counsel's requests for a meeting).

Second, the Court should rule that because Defendants have intentionally refused to participate in discovery and, further, not to comply with the Court-ordered deadline to provide non-infringement contentions – with no excuse – that Defendants have waived their right to challenge Pura's infringement contentions.

Third, the Court should award Pura its attorney fees incurred in pursuing Defendants' compliance with discovery and deadlines, and opposing this motion.

## CONCLUSION

For the reasons noted, the Court should deny Defendants' motions for a stay of discovery and all current scheduling order deadlines and reference to Magistrate Judge Daphne Oberg for a settlement conference.  Instead, the Court should consider and decide the outstanding motions.  And, if the Court believes it is appropriate, should only schedule a Rule 16 conference to address Defendants' misconduct to date.  Finally, the Court should sanction Defendants.

DATED this 25th day of March 2026.

**MAGLEBY CATAXINOS, PC**


/s/ James E. Magleby
Edgar R. Cataxinos
James E. Magleby
Jennifer Fraser Parrish
*Attorneys for Plaintiff, Pura Scents, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC,

141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b),

Federal Rules of Civil Procedure, a true and correct copy of the foregoing COMBINED

OPPOSITION TO: DEFENDANTS' MOTION FOR JUDICIAL SETTLEMENT

CONFERENCE [DKT. 40] AND DEFENDANTS' MOTION TO STAY DISCOVERY AND

CURRENT SCHEDULING ORDER DEADLINES, OR, IN THE ALTERNATIVE, FOR A

RULE 16 CONFERENCE [DKT. 41]  was delivered to the following this 25th day of

March 2026, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[x] CM/ECF System

[  ] Electronic Mail


Chad Perhson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
Fragrance, Inc., and Kristen Knight



/s/ Evan Gibson