IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ATMOS FRAGRANCE, INC, a Delaware corporation, and KRISTEN KNIGHT, and individual, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT <br><br> Case No. 2:24-cv-00958-TS-DAO <br><br> Judge Ted Stewart <br> Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Defendants Atmos Fragrance, Inc.'s and Kristen Knight's Motion to Dismiss for Failure to State a Claim[1] and Plaintiff Pura Scent, Inc.'s Motion for Leave to Amend Complaint.[2] For the reasons discussed below, the Court will grant the Motion to Amend and deny the Motion to Dismiss as moot.

Plaintiff seeks leave to file its First Amendment Complaint under Federal Rule of Civil Procedure 15(a)(2). The deadline to amend pleadings is May 15, 2026, under the current Scheduling Order.[3] The Amended Complaint (1) adds an additional patent infringement claim related to a patent that issued after Plaintiff filed its original Complaint; and (2) adds or modifies facts related to some of the existing claims. Defendants oppose the Motion on futility grounds.

Rule 15 of the Federal Rules of Civil Procedures provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's

---

[1] Docket No. 13.

[2] Docket No. 25.

[3] Docket No. 24.

written consent or the court's leave."[4] "[T]he court should freely give leave [to amend] when justice so requires,"[5] because "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[6]

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7] "A general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper."[8]

Defendants argue that the Motion should be denied because the proposed Amended Complaint suffers from the same deficiencies outlined in its pending Motion to Dismiss[9] and, therefore, amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[10]

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[7] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

[8] *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *2 (D. Colo. July 11, 2022) (citing *Foman*, 371 U.S. at 182; *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[9] Docket No. 13.

[10] *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks and citation omitted).

"[I]t is within a court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions."[11] Here, regarding Defendants' futility assertion, the parties raise substantive arguments related to both the sufficiency of the new patent infringement claim and the existing claims. The Court concludes that the instant Motion is not the appropriate avenue to address these arguments. The Court will therefore exercise its discretion and decline to analyze futility regarding these issues as the arguments are more appropriately suited for a dispositive motion.

The Court does not otherwise find undue delay, undue prejudice, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed. Accordingly, the Court will grant Plaintiff's Motion and deny Defendants' Motion to Dismiss as moot.[12]

---

[11] *Simple Prods. Corp. v. Chia-Ling Huang*, No. 2:19-cv-00317-DBB-DAO, 2021 WL 2210308, at *4 (D. Utah June 1, 2021); *see Lambe v. Sundance Mtn. Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (declining to engage in a futility analysis when "the viability of [the] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment."); *JDK, LLC v. Hodge,* No. 15-cv-00494-NYW, 2015 WL 5766466, at *2 (D. Colo. Oct. 2, 2015) ("With a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis where [d]efendants' arguments are better suited for consideration in the context of their [m]otions to [d]ismiss."); *Gen. Steel Domestic Sales, LLC v. Steelwise*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (concluding that the futility argument "seems to place the cart before the horse[,] [r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place").

[12] *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."); *Howeth v. Aramark Corp.*, No. 2:10-CV-221-TS, 2011 WL 1428087, at *2 (D. Utah Apr. 13, 2011) (finding a motion to dismiss is moot when complaint has been amended).

It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Docket No. 25) is GRANTED; It is further

ORDERED that Plaintiff is to file its First Amended Complaint within 14 days of this Order; It is further

ORDERED that Defendants' Motion to Dismiss (Docket No. 13) is DENIED as moot.

DATED: March 31, 2026

BY THE COURT:

_____

TED STEWART
United States District Judge