UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation; and KRISTEN KNIGHT, an individual,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL (DOC. NOS. 26 & 28)**<br><br>Case No. 2:24-cv-00958<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Pura Scents, Inc., has moved to compel Atmos Fragrance, Inc., and Kristen Knight to serve initial disclosures and discovery responses to Pura's first set of requests for production of documents.[1]  Because the defendants failed to serve initial disclosures by the October 8, 2025 due date, Pura seeks an order compelling the disclosures within seven days—and excluding witnesses or evidence not disclosed by then.[2]  And because the defendants failed to serve discovery responses by the November 9, 2025 due date, Pura seeks an order compelling them to produce responses and documents

---

[1] (Pl.'s Short Form Disc. Mot. to Compel Resps. to First Set of Doc. Reqs. (Mot. for Disc. Resps.), Doc. No. 26; Pl.'s Short Form Disc. Mot. to Compel Defs.' Initial Disclosures (Mot. for Initial Disclosures), Doc. No. 28.)

[2] (Mot. for Initial Disclosures 2–3, Doc. No. 28; Scheduling Order 1, Doc. No. 20.)

and finding any objections waived.[3]  Pura also requests attorney's fees for both

motions.[4]  The defendants oppose, arguing the motions are moot.  Specifically, the

defendants contend they have now served disclosures and discovery responses, and

produced documents, and an award of fees is unjustified.[5]  The motions are denied as

moot to the extent they seek to compel disclosures and responses, but they are granted

to the extent they seek attorney's fees.

ANALYSIS

To start, the motions to compel are denied as moot.  The defendants have now

served their initial disclosures, responded to the discovery responses at issue, and

produced documents.[6]  If Pura disputes the adequacy of the disclosures, responses, or

production, it may file a new discovery motion after a meaningful meeting and

conferral.[7]

However, Pura's requests for attorney's fees are granted.  Where, as here, "the

disclosure or requested discovery is provided after the motion was filed," courts "must,

after giving an opportunity to be heard, require the party . . . whose conduct

---

[3] (Mot. for Disc. Resps. 1–2, Doc. No. 26; Ex. A to Mot. for Disc. Resps., Doc. No. 27 (discovery requests served on October 10, 2025).)

[4] (Mot. for Disc. Resps. 2, Doc. No. 26; Mot. for Initial Disclosures 3, Doc. No. 28.)

[5] (Defs.' Opp'n to Pl.'s Mots. to Compel (Opp'n), Doc. No. 36.)

[6] (*Id.* at 1–2.)

[7] It is unnecessary to address Pura's request for a finding that the defendants waived any objections where the defendants have served disclosures and responded, and no objections are at issue.

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[8]  But a court "must not order this payment" if it finds one of the following exceptions apply: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[9]

None of these exceptions apply here.  Pura filed both motions after trying in good faith to obtain the disclosures and discovery responses.[10]  The defendants do not argue otherwise.  Nor do they contend their conduct was substantially justified.  Rather, they concede it was "not excusable."[11]  And they fail to identify circumstances making an award of expenses unjust.  They defendants contend Atmos is a "near-bankrupt startup," and Ms. Knight only worked as an independent contractor in a limited capacity,

---

[8] Fed. R. Civ. P. 37(a)(5)(A).  The defendants had an opportunity to be heard on Pura's request for fees—in their combined opposition to the present motions.  *See Leal v. Ohio Sec. Ins. Co.*, No. 23-1121, 2024 U.S. Dist. LEXIS 187529, at *8 (D.N.M. Oct. 15, 2024) (unpublished) (explaining that, for an "opportunity to be heard" under Rule 37(a)(5)(A), an "actual hearing is not necessary" and courts "may consider the issue of expenses on written submissions" (citation omitted)).

[9] Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

[10] (Mot. for Disc. Resps. 2, Doc. No. 26 (identifying attempts to obtain discovery responses); Mot. for Initial Disclosures 2, Doc. No. 28 (identifying attempts to obtain initial disclosures).)

[11] (Opp'n 2, Doc. No. 36.)

earning $15,873.53 over seven weeks.[12]  But, according to the defendants, Atmos' bankruptcy "evaluation has resolved."[13]  And even if Ms. Knight played a limited role, this mere snapshot of her earnings over a short period does not suggest ordering her to pay fees would be unjust.  Accordingly, the defendants must pay Pura's fees incurred in bringing both motions.

<u>CONCLUSION</u>

The motions to compel[14] are granted in part and denied in part.  The defendants are ordered to pay Pura's reasonable expenses, including attorney's fees, incurred in bringing these motions.  The parties must confer regarding the amount of the fees.  If the parties are unable to agree, Pura must file a motion regarding its specific fee request by April 14, 2026.

DATED this 31st day of March, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[12] (*Id.* at 2–3.)

[13] (*Id.* at 2.)

[14] (Doc. Nos. 26 & 28.)