Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff, Pura Scents, Inc.

---

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC., a Delaware corporation,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,**<br><br>    **Defendants.** | **PLAINTIFF'S FEE APPLICATION**<br><br><br><br>**Case No.:  2:24-cv-958**<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Daphne A. Oberg** |

Pursuant to DUCivR 54-1, Plaintiff Pura Scents, Inc. ("Pura") respectfully requests an award of attorney fees in the amount of $13,479.50, which Pura reasonably incurred moving to compel Atmos Fragrance, Inc. and Kristen Knight (collectively, "Defendants") to serve their responses to Pura's first set of requests for production of

documents and their initial disclosures,[1] together with $4,960 in attorney fees that Pura has incurred to date for preparing the instant fee application.  Defendants were ordered to pay Pura's reasonable expenses, including attorney fees, incurred in bringing such motions in the "Memorandum Decision and Order Granting in Part and Denying in Part Plaintiff's Motions to Compel (Doc. Nos. 26 & 28)."  [Dkt. 45 at 4].

This motion is accompanied by the Declaration of James E. Magleby ("Magleby Declaration"), which sets forth the information specified in DUCivR 54-1(2)(B)(iv).  As detailed in the declaration, Pura conferred, and sought to reach an agreement, with Defendants regarding the amount of Pura's fees and was unable to secure Defendants' agreement to pay any portion of Pura's fees.  Accordingly, Pura was forced to prepare this fee application and seeks reimbursement for a portion of the attorney fees it has incurred in bringing this motion.

## ARGUMENT

As set forth in greater detail in the Magleby Declaration, Pura satisfies the requirements for an award of attorney fees in the amount sought.

## I.  LEGAL STANDARD

Once a court determines that a party is entitled to an award of fees, it applies the "lodestar" method to assess the reasonableness of the fees sought.  "The court determines the lodestar by calculating the reasonable number of hours spent on the motion and multiplying that total by a reasonable hourly rate.  The burden is on the party

---

[1] Pl.'s Short Form Disc. Mot. to Compel Resps. to First Set of Doc. Reqs. [Dkt. 26] and Pl.'s Short Form Disc. Mot. to Compel Defs.' Initial Disclosures. [Dkt. 28].

requesting attorney's fees to prove the amount of hours spent on the motion and the appropriate hourly rate." *Nursa, Inc. v. Optima Care Jersey City LLC*, 2026 WL 905316, at *10 (D. Utah Apr. 2, 2026).  Pura meets this burden.  A summary of the hours expended by Pura's counsel, Magleby & Cataxinos ("MC"), in preparing the motions for which fees have been awarded is attached as Exhibit C to the Magleby Declaration; excerpts from the invoices sent to Pura by MC, showing the billing entries corresponding with those hours is attached as Exhibit B to the Magleby Declaration. Such billing entries are detailed, were prepared contemporaneously with performance of the services described, and satisfy Pura's duty to prove the amount of time it spent on the motions.  [*See* Magleby Declaration at ¶¶ 15-22].

## II.  REASONABLENESS OF THE FEES REQUESTED

The time spent and the rates charged by MC were reasonable.  In assessing the reasonableness of the hours expended and the rates charged, federal courts in the District of Utah consider the factors identified in *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1250 (10th Cir. 1998) (providing four factors to analyze in the reasonableness inquiry: (1) "the complexity of the case"; (2) "the number of reasonable strategies pursued"; (3) "the responses necessitated by the maneuvering of the other side"; and (4) "the potential duplication of services"), and *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) (providing twelve factors to analyze in the reasonableness inquiry: (1) "the time and labor required"; (2) "the novelty and difficulty of the questions"; (3) "the skill requisite to perform the legal service properly"; (4) "the

preclusion of other employment by the attorney due to acceptance of the case"; (5) "the customary fee"; (6) "whether the fee is fixed or contingent"; (7) "time limitations"; (8) "the amount involved and the results obtained"; (9) "the experience, reputation, and ability of the attorney"; (10) "the 'undesirability' of the case"; (11) "the nature and length of the professional relationship with the client"; and (12) "awards in similar cases").[2]

### A.   REASONABLENESS OF THE TIME SPENT

As noted in several of the authorities cited in the previous section, not every factor will be relevant in each case, and many of the factors are not relevant here, where the fee application covers two discrete and relatively straightforward motions.  Of primary relevance here are the reasonableness of the time and labor required to prepare the motions and the reasonableness of MC's fees.

Taking into account the specific tasks performed, the total time reflected on Exhibit C is reasonable for preparation of the motions.  [Magleby Declaration at ¶ 24]. Ms. Winchester drafted the motions, which were reviewed for accuracy and edited by Ms. Parrish and James Magleby inasmuch as Ms. Parrish and Mr. Magleby had personally interacted with Defendants' counsel, had previously been working on the case, and are counsel of record.  *Id.*

### B.   REASONABLENESS OF MC'S RATES

MC also establishes that its rates are reasonable.  The reasonableness of the rates charged is demonstrated by showing "that the requested rates are in line with

---

[2] *See, e.g., James v. iMoney Tools, LLC*, No. 2:24-CV-00522-RJS, 2026 WL 357624, at *6 (D. Utah Feb. 9, 2026); *Nursa*, 2026 WL 905316, at *9-14.

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Nursa*, 2026 WL 905316, at *13.

The discounted hourly rates of the attorneys involved in preparing the motions range from between $815 to $625. As detailed in the Magleby Declaration, these rates are well within the range charged by comparable attorneys providing similar services in Salt Lake City, Utah. [Magleby Declaration at ¶¶ 25-41].

Attorney rates in Utah are set based upon a number of factors. Among others, experience and reputation are important, as well as the market for similar work. This is consistent with the directive in *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988), that one of the factors to consider in assessing the reasonableness of an attorney's billing rate is whether the "attorney's billing rate [is] consistent with the rates customarily charged in the locality for similar services." *Id*. at 990.

The rates charged by MC are a reflection of the experience, skill, and reputation of MC's lawyers. As described the Magleby Declaration, MC is a top-tier trial firm and has achieved high-profile results in complex intellectual property cases, and the professionals providing services in this matter are well qualified. [Magleby Declaration at ¶¶ 5-14].

## III.    PURA IS ENTITLED TO THE FEES IT HAS INCURRED IN PREPARING THE INSTANT FEE APPLICATION

As also explained in the Magleby Declaration, Pura sought Defendants' agreement on the amount of fees to be paid to Pura, and Defendants would neither agree on an amount nor identify the basis of any objections they may have had or otherwise engage in a discussion with Pura concerning the issue, leaving Pura with no

choice but to file this motion.  [Magleby Declaration at ¶¶ 42-45].  Accordingly, Pura requests payment of a portion of the fees it has incurred in preparing the instant motion.

## CONCLUSION

For the reasons set forth above and in the Magleby Declaration filed in support of this motion, Pura should be awarded fees in the requested amounts of $13,479.50, which Pura reasonably incurred moving to compel Defendants to serve their responses to Pura's first set of requests for production of documents and their initial disclosures, together with $4,960,[3] as partial payment of the fees that Pura has reasonably incurred in filing this motion.

DATED this 14th day of April 2026.

**MAGLEBY CATAXINOS, PC**

/s/ James E. Magleby
Edgar R. Cataxinos
James E. Magleby
Jennifer Fraser Parrish
*Attorneys for Plaintiff Pura Scents, Inc.*

---

[3] This amount does not include fees for 0.8 hours of time for James Magleby's review, revisions, and communications about the final fee declaration and application.

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC,

141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b),

Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S**

**FEE APPLICATION** was delivered to the following this 14th day of April 2026, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail


Chad Perhson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
Fragrance, Inc., and Kristen Knight


/s/ H. Evan Gibson

7