Chad Pehrson (12622) cpehrson@knh.law
Nathan Gardner (19537) ngardner@knh.law
KNH LLP
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

<table>
<tr><td colspan="2" align="center">THE UNITED STATES DISTRICT COURT<br/>DISTRICT OF UTAH, CENTRAL DIVISION</td></tr>
<tr><td>PURA SCENTS, INC., a Delaware corporation,<br/><br/>    Plaintiff,<br/><br/>v.<br/><br/>ATMOS FRAGRANCE, INC., a Delaware corporation, and KRISTEN KNIGHT, an individual,<br/><br/>    Defendants.</td><td>**DEFENDANT KRISTEN KNIGHT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br/><br/>Case No.: 2:24-cv-00958-TS-DAO<br/><br/>Judge: Ted Stewart<br/>Magistrate Judge: Daphne A. Oberg</td></tr>
</table>

Individual Defendant Kristen Knight ("Knight") moves this Court to dismiss the Fourth, Fifth, and Sixth Claims for Relief in Plaintiff Pura Scents, Inc.'s ("Pura") First Amended Complaint [Dkt. 47] ("Amended Complaint") for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Amended Complaint pleads no facts of disclosure or use; instead, it relies on the impermissible inevitable disclosure doctrine and conclusory "on information and belief" allegations. The claims against Knight should be dismissed with prejudice.



50 West Broadway Ave Ste 900
Salt Lake City Utah 84101

1

## I.  BACKGROUND

On April 14, 2026, Pura filed the First Amended Complaint. [Dkt. 47.] In granting Pura leave to amend, the Court declined to address Defendants' futility arguments and held that those arguments "are more appropriately suited for a dispositive motion." [Dkt. 44 at 3.] This is that motion.

The Amended Complaint asserts six claims for relief. Three are against Knight: the Fourth Claim for breach of contract, and the Fifth and Sixth Claims for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), and the Utah Uniform Trade Secrets Act, Utah Code §§ 13-24-1 et seq. ("UTSA").

The Amended Complaint's allegations of misappropriation are built on a theory of inevitable disclosure. Paragraph 44 alleges that Knight "has thus necessarily used and disclosed Pura's confidential and trade secret information to aid in the development of Atmos's competing products, business operations, and strategy." Paragraph 43 alleges that Knight's "position with Atmos is such that it led to and will continue to lead to the use or disclosure of Pura's trade secrets." Am. Compl. ¶¶ 43–44. The same language appears in the trade secret claims at Paragraphs 173–174 (DTSA) and Paragraph 185 (UTSA). The breach of contract claim alleges only that, "[o]n information and belief, Knight materially breached the Knight Agreement by (among other things): (a) Disclosing Pura's confidential information to Atmos; and (b) Using Pura's confidential information to develop products for Atmos." Id. ¶ 163.

Beyond these conclusory allegations, the Amended Complaint pleads no facts about the duration, compensation, or scope of Knight's engagement with Pura beyond the bare label

2

"independent contractor," *see* Am. Compl. ¶¶ 6, 26–28, and pleads no facts about Knight's role at Atmos beyond the conclusory title "co-founder," *id.* ¶ 26.

## II.   RULE 12(B)(6) PLEADING STANDARD

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Allegations made "on information and belief" do not rescue an otherwise conclusory complaint. The qualifier is reserved for facts peculiarly within the defendant's possession; it cannot substitute for facts the plaintiff should already know about its own confidential information.

## III.   THE FOURTH CLAIM FOR RELIEF (BREACH OF CONTRACT) FAILS TO STATE A CLAIM.

Under Utah law, a breach of contract claim requires "(1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages." *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14. The Amended Complaint pleads the existence of a contract and Pura's performance, but the third element—breach—is supported only by a single conclusory "on information and belief" allegation:

50 West Broadway Ave Ste 900
Salt Lake City Utah 84101

> On information and belief, Knight materially breached the Knight Agreement by (among other things): (a) Disclosing Pura's confidential information to Atmos; and (b) Using Pura's confidential information to develop products for Atmos that directly compete with Pura's products.

Am. Compl. ¶ 163. This is a textbook "threadbare recital" of a breach of contract claim "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Pura's reliance on "information and belief" is misplaced. The qualifier exists for facts within the defendant's exclusive control—not for facts the plaintiff should know about its own proprietary information. Pura is the master of its own confidential data. If Knight actually disclosed something, Pura should be able to identify what was disclosed, what was missing, or what was accessed without authorization. Pura's failure to do so suggests it does not know—and converts the allegation into pure speculation. *See Balfour Beatty*, 2020 WL 13049359, at *4.

The Amended Complaint pleads no facts about **what** specific confidential information Knight allegedly disclosed, **when** she disclosed it, **how** she disclosed it, or **to whom** at Atmos she disclosed it. It identifies broad categories of information Knight had access to—"business strategies, product development plans, marketing initiatives, and customer and ambassador information," Am. Compl. ¶ 29—but never connects any specific piece of information to any specific act of disclosure. Pura's implicit theory is that because Knight had access to confidential information and later co-founded a competing company, she *must* have breached. That is precisely the speculative inference *Twombly* and *Iqbal* forbid. The Court should dismiss the Fourth Claim with prejudice.

## IV.   THE FIFTH AND SIXTH CLAIMS FOR RELIEF (TRADE SECRET MISAPPROPRIATION) FAIL TO STATE A CLAIM.

"The elements of a claim for trade secret misappropriation under the DTSA and UTSA closely resemble each other." *Total Quality Sys., Inc. v. Universal Synaptics Corp.*, 679 F. Supp. 3d 1196, 1210 (D. Utah 2023). To state a claim, "a plaintiff must show (1) the existence of a trade secret . . . ; (2) the acquisition of the trade secret, or the use or disclosure of the trade secret without consent; and (3) the person acquiring, using, or disclosing the trade secret knew or had reason to know that the trade secret was acquired by improper means." *Id.* The Amended Complaint's trade secret claims against Knight fail at every step.

### a.   *The trade secret claims rest on the impermissible inevitable disclosure doctrine.*

The Amended Complaint's allegations of misappropriation are built on the inevitable disclosure doctrine: the premise that Knight's position at Atmos, alone and without evidence of actual disclosure, establishes misappropriation. Paragraph 44 alleges that Knight "has thus *necessarily* used and disclosed" Pura's confidential and trade secret information. Am. Compl. ¶ 44 (emphasis added). Paragraph 43 alleges that Knight's position at Atmos "is such that it led to and will continue to lead to the use or disclosure of Pura's trade secrets." *Id.* ¶ 43. The same theory animates the trade secret claims themselves. *See id.* ¶¶ 173, 174, 185. The words "necessarily" and "led to" do all the work—asking the Court to infer misuse from the bare facts that Knight had access to information at Pura and later joined a competitor.

Courts have rejected or approached the inevitable disclosure doctrine skeptically because it can operate as a restraint on employee mobility absent proof of actual or threatened use or disclosure. *See Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal.

50 West Broadway Ave Ste 900
Salt Lake City Utah 84101

H
N
K

1999). And even in *PepsiCo*, where the Seventh Circuit accepted the doctrine under Illinois law, the court emphasized more than competitive employment: the employee's new role would require reliance on particularized strategic information, and the record included evidence of lack of candor supporting a real threat of misuse. *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269–70 (7th Cir. 1995). Pura cites no Utah authority adopting the doctrine, and the Court should not endorse it on these facts.

Even if the doctrine applied, Pura's allegations fall short of what courts require. A plaintiff must demonstrate that (1) the former employee's new role is so similar to the old role that she cannot reasonably perform her new duties without drawing on the former employer's trade secrets, and (2) there is evidence of bad faith or dishonesty making disclosure likely—not merely possible. *See PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269 (7th Cir. 1995). Pura satisfies neither requirement.

### b. The Amended Complaint alleges no meaningful role overlap.

At Pura, Knight worked in marketing—specifically, managing the Ambassador Program. Am. Compl. ¶¶ 29, 36. The Amended Complaint pleads no facts about what Knight does at Atmos. It alleges only that Knight is a "co-founder." *Id.* ¶ 26. A title says nothing about day-to-day responsibilities. The Amended Complaint also pleads no facts about the duration, compensation, or scope of Knight's engagement at Pura beyond "independent contractor," and no facts about her current role or activities at Atmos.

The mere fact that both companies operate in the smart fragrance space does not create a plausible inference that Knight's work at Atmos requires use of the particular information she

50 West Broadway Ave Ste 900
Salt Lake City Utah 84101



accessed running Pura's Ambassador Program. Without facts connecting her current role to her former responsibilities, the inevitable disclosure theory has no foundation.

### c. The Amended Complaint alleges no bad faith or surreptitious conduct.

The Amended Complaint contains no allegations that Knight copied files before leaving Pura, retained documents she was obligated to return, downloaded data, forwarded emails, or engaged in any other improper conduct. Pura alleges Knight was obligated to return confidential information upon termination, *see* Am. Compl. ¶ 162, but does not allege she failed to do so. Without facts suggesting Knight actually took, retained, or used specific confidential information, the claim rests entirely on speculation.

### d. The Amended Complaint fails to connect any specific trade secret to any specific act of misappropriation by Knight.

To state a trade secret claim, the plaintiff must identify the trade secret at issue and plead facts showing misappropriation. The Amended Complaint identifies broad categories— "confidential financial and customer data stored in Pura's Shopify platform," "marketing strategies," and "the Ambassador Program Database." Am. Compl. ¶ 167. But it never alleges which specific trade secret Knight allegedly misappropriated, or how.

Knight's alleged role at Pura was limited to managing the Ambassador Program. *Id.* ¶ 36. Pura does not allege Knight had any role in product engineering, patent development, fragrance formulation, or product design. Yet Pura groups Knight with "All Defendants" in sweeping allegations that treat access as synonymous with misappropriation. *See, e.g., id.* ¶¶ 165, 167–174, 178.

50 West Broadway Ave Ste 900
Salt Lake City Utah 84101

7

The Sixth Claim suffers from a further, fundamental defect: it fails to identify any trade secrets at all. Paragraph 180 introduces a list with the heading "These trade secrets include (among other things)," but the items that follow describe the secrecy *measures* Pura allegedly takes—permission settings on storage drives, two-factor authentication, NDAs, and similar safeguards—not the secrets themselves. Am. Compl. ¶ 180(a)–(g). On its face, the UTSA claim identifies *zero* trade secrets. *Compare id. ¶ 167* (DTSA claim, listing categories of trade secrets) *with id. ¶ 180* (UTSA claim, listing only secrecy measures).

Even setting aside that drafting failure, the Amended Complaint pleads no facts about how Knight allegedly used or disclosed any trade secret—whether she copied files, downloaded documents, retained materials, or forwarded emails—nor when she did so, nor how any specific trade secret was incorporated into any specific Atmos product, feature, or business decision. "A legal conclusion couched as a factual allegation" does not survive *Twombly* and *Iqbal*. *Iqbal*, 556 U.S. at 678. Pura pleads words, not facts. The Court should dismiss the Fifth and Sixth Claims as to Knight with prejudice.

## V.   CONCLUSION

For the reasons above, Defendant Kristen Knight respectfully requests that the Court dismiss the Fourth, Fifth, and Sixth Claims for Relief against her with prejudice.

Dated: April 28, 2026

Respectfully submitted,

**KNH LLP**

/s/ Chad Pehrson
Chad Pehrson (12622)
Nathan Gardner (19537)

50 West Broadway Ave Ste 900
Salt Lake City Utah 84101