Edgar Cataxinos (7162)
  cataxinos@mcpc.law
James E. Magleby (7247)
  magleby@mcpc.law
Jennifer Fraser Parrish (11207)
  parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff, Pura Scents, Inc.

---

### THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation,<br><br>        **Plaintiff,**<br><br>v.<br><br>**ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual,<br><br>        **Defendants.** | **REPLY IN SUPPORT OF PLAINTIFF'S FEE APPLICATION**<br><br><br><br><br><br>**Case No.:  2:24-cv-958**<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Daphne A. Oberg** |

Plaintiff Pura Scents, Inc. ("Pura") submits this reply in support of its fee application.

In opposing Pura's fee application, Defendants Atmos Fragrance, Inc. and Kristen Knight ("Defendants") engage in a pattern of conduct that is now well established, reflecting a misplaced application of the doctrine of "millions for defense,

but not one cent for tribute."[1]  That is, Defendants have done everything they can to drive up Pura's costs, but claim poverty and that Pura is overreaching when Pura is forced to enforce its rights.  First, Defendants shirk a clear legal duty, e.g., to file initial disclosures, to respond to discovery requests, or, as in the present instance, to "confer regarding the amount of fees" to be paid by Defendants as reimbursement for Pura's reasonable expenses in moving to compel Defendants' discovery responses.[2]  Second, instead of conferring with Pura to resolve the dispute, they "go dark," forcing Pura to file a motion.  Here, Defendants were ordered to confer with Pura regarding the amount of fees to be paid to Pura in an order issued on March 31, 2026, which provided further that, if the parties were unable to agree, "Pura must file a motion regarding its specific fee request by April 14, 2026."[3]  As Defendants note, Plaintiff's counsel contacted Defendants' attorney on April 10, 2026, and proposed payment of the amount on the low end of Pura's calculations, or $11,800.  Defendants' attorney asked for supporting time entries, which were provided to him that same day, but instead of engaging in further discussion, he went dark, leaving Pura with no choice but to file a fee application on the April 14, 2026, deadline.[4]  Fourth, having forced Pura to file a motion, Defendants file a lengthy opposition in which they repeatedly accuse Pura of acting in

---

[1] According to *wickapedia.org*, the expression is most commonly attributed to Robert Goodloe Harper, a U.S. congressman, who used it in 1798 as a toast during the XYZ Affair.  *See https://en.wikipedia.org/wiki/Robert_Goodloe_Harper.*

[2] Memorandum Decision and Order Granting in Part and Denying in Part Plaintiff's Motions to Compel ("Discovery Order") at 4.  [Dkt. 45].

[3] *Id.*

[4] *See* Defendants' Opposition to Plaintiff's Fee Application ("Opposition") at 8.  [Dkt. 50].

bad faith toward "a near bankrupt start up and a former contractor" and taking actions that are disproportionate in light of Defendants' purported financial condition.[5]

Defendants' conduct – marked by disregard of clear obligations, refusal to engage in good-faith conferral, subsequent unfounded accusations, and disregard for the time and resources of the Court – underscores the reasonableness of Pura's fee application and the necessity of awarding it in full.  It also foreshadows Defendants likely future conduct, unless the Court makes these delay tactics unprofitable.

## ARGUMENT

### I.   DEFENDANTS' OPPOSITION IS RIFE WITH MISLEADING AND UNSUPPORTED STATEMENTS

Defendants' opposition relies on the repetition of unsupported and misleading assertions, including:

- That Pura "asks the Court to award $18,439.50 in attorney fees for two-short form discovery motions."[6]  This statement is misleading because that amount also includes $4,960 for the attorney fees that Pura incurred in preparing its fee application.

- That Pura billed "24.5 hours for two 2-page 'easy' motions."[7]  This statement is misleading because that total also includes the time Pura incurred in preparing its fee application, comprised of a 6-page brief, a 12-page declaration, and 6 exhibits.

- That Defendants are a "near-bankrupt startup and a former contractor" in a matter that involves "de minimis sales of the accused products."[8]  These oft-repeated statements are not supported – ironically, Pura was seeking evidentiary support for these contentions through the discovery for which it was awarded recovery of its fees.

---

[5] Opposition at 3.  [Dkt. 50].
[6] *Id.* at 1.
[7] *Id.* at 1 and 3.
[8] *Id.* at 10.

These misleading or unsupported statements pervade Defendants' opposition and should be disregarded.

## II.   DEFENDANTS CONFLATE THE STANDARDS GOVERNING AN AWARD OF FEES BASED ON A PARTY'S STATUS AS THE PREVAILING PARTY IN THE LITIGATION WITH THE MATERIALLY DIFFERENT STANDARDS APPLICABLE TO THE DISCRETE MOTIONS FOR WHICH FEES WERE AWARDED

As Pura noted in its fee application, not all of the factors bearing on the reasonableness analysis will be relevant in every case.  In significant part, Defendants' objections rest on their contention that Pura's fees are "disproportionate to what is at stake,"[9] repeating their unsupported contentions that they had minimal sales and are on the verge of bankruptcy.  Referencing factors such as "the result achieved, or the stakes of the dispute," Defendants urge the Court to discount Pura's award on the ground that "the work was the preparation of two Short Form Discovery Motions" and "not complex litigation against well-resourced corporate defendants."[10]  However, such factors are not relevant when fees are awarded pursuant to Rule 37(a)(5)(A), which provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion."[11]  If adopted, Defendants' position would, perversely, reward

---

[9] Opposition at 8-10.  [Dkt. 50].

[10] *Id.*

[11] The authorities cited by Defendants in support of their contrary position involve cases where a plaintiff is the prevailing party at the conclusion of the litigation, not the prevailing party in a discovery dispute.  *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983) (discussing attorney fees in context of award to prevailing plaintiff in civil rights action); *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1247 (10th Cir. 1998) (same).

parties for engaging in exactly the kind of indefensible conduct that Defendants have engaged in here, as the more clearly improper the litigant's conduct is, the less likely its opponent would be to recover its fees.

Defendants' arguments concerning Pura's counsel's rates are defective for the same reason. The reasonableness of an attorney's hourly rate is not judged with respect to the complexity of the discrete motion for which fees were awarded. It is judged with respect to the hourly rate of attorneys providing similar services in the locality.[12] As Pura demonstrated in its fee petition, its rates are below the hourly rates charged by many firms in Salt Lake City that provide similar services (namely, firms representing parties in litigation involving claims of patent infringement and unfair competition).[13]

## III.  THE HOURLY RATES OF MAGLEBY CATAXINOS' ATTORNEYS ARE REASONABLE AND CONSISTENT WITH THE TERMS OF ITS ENGAGEMENT LETTER

Defendants' contention that Magleby Cataxinos' billing practices are inconsistent with the terms of its engagement letter is unfounded. Magleby Cataxinos was engaged by Pura in May 2025; the legal work at issue was performed in 2026. As detailed in James Magleby's declaration, the firm's rates typically increase on January 1st, which explains the $20 difference between the rates shown on the rate sheet that was

---

[12] *See Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988) (explaining one of factors to consider in assessing reasonableness of attorney's billing rate is whether the "attorney's billing rate [is] consistent with the rates customarily charged in the locality for similar services").

[13] Declaration of James E. Magleby in Support of Plaintiff's Fee Application ("Magleby Dec.") at ¶¶ 34-39.  [Dkt. 48-1].

included in the engagement letter and the rates charged in 2026.[14]  The fact that Cody Winchester does not appear on that rate sheet is also benign – she is not on it because she did not join the firm until later in 2025.  There is nothing untoward, sinister, or unexpected, unless it is that Defendants are willing to waste judicial and party resources to address such non-events.

The firm's billings were reasonable.  As Mr. Magleby explained, Ms. Winchester began working on the case in order to ensure the case was timely litigated notwithstanding the workloads of Ms. Parrish and Mr. Magleby, who were required to explain the factual background concerning their interactions with Defendants' counsel and to review her drafts of the motions to compel for correctness in view of their personal knowledge of such interactions.  Nor are so-called "block billings" improper.  Block billing is problematic when it obscures the work that was done and prevents meaningful review, but that is not the case here.[15]  As shown by the entries of Ms. Parrish at issue, her time entries were very detailed, enabling anyone who reviews them to gauge whether the time she spent on the tasks described was reasonable.  Absent a finding that block billing actually impaired the Court's review, no reduction is warranted.

Importantly, these objections were never previously raised by Defendants.  In view of Defendants' refusal to confer with Pura, Defendants' suggestion that the Court

---

[14] *Id.* at ¶ 29.

[15] *See, e.g., Arbor-Myrtle Beach PE LLC v. Frydman,* 2023 NY Slip Op. 50712(U) (rejecting request for reduction of fee award because of block billing and explaining, "Plaintiff submits detailed and informative time entries in connection with its invoices. Use of block billing is a common practice among law firms and courts only permit reduction in fees should its use make[ ] it exceedingly difficult for the court to identify whether the amount of time spent on a particular task is reasonable.").

should deny Pura's fee application in its entirety on the basis of such non-events is without merit.

## CONCLUSION

For the reasons set forth above, Pura should be awarded fees in the requested amounts of $13,479.50, which Pura reasonably incurred moving to compel Defendants to serve their responses to Pura's first set of requests for production of documents and their initial disclosures, together with $4,960, as partial payment of the fees that Pura has reasonably incurred in filing this motion.  Finally, Pura should be awarded its fees in drafting this reply.

DATED this 12th day of May 2026.

**MAGLEBY CATAXINOS, PC**

/s/ James E. Magleby
Edgar R. Cataxinos
James E. Magleby
Jennifer Fraser Parrish
*Attorneys for Plaintiff Pura Scents, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC,

141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b),

Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S**

**FEE APPLICATION** was delivered to the following this 14th day of April 2026, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail


Chad Perhson
  cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
Fragrance, Inc., and Kristen Knight


/s/ H. Evan Gibson