Chad S. Pehrson (12622)
Nathan C. Gardner (19537)
**KNH LLP**
50 W Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law
ngardner@knh.law

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, KRISTEN KNIGHT, an individual,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SECOND AMENDED SCHEDULING ORDER**<br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Daphne A. Oberg |

### INTRODUCTION

Plaintiff Pura Scents, Inc. ("Pura") asks the Court to push every remaining pre-claim-construction and claim-construction deadline by roughly four months. The motion rests on a single theory: that Defendants Atmos Fragrance, Inc. and Kristen Knight ("Defendants") caused delay earlier in the case, so Pura is entitled to a wholesale extension now. That theory does not satisfy Rule 16(b)(4)'s "good cause" standard. Rule 16 does not authorize schedule relief based on generalized fairness concerns. It requires a deadline-specific showing that the moving party, despite diligent efforts, cannot meet the existing deadlines.

1

The Court has already addressed the discovery delays Pura invokes. On March 31, 2026, the Court denied as moot Pura's motions to compel — finding that Defendants had "now served their initial disclosures, responded to the discovery responses at issue, and produced documents" — and granted Pura the attorneys' fees it incurred in bringing those motions. (Dkt. 45 at 2.) Pura's fee application is pending. (Dkt. 48.) Pura still must show that, despite its own diligence, specific existing deadlines cannot be met. It has not made that showing.

Rule 16(b)(4) good cause turns on the diligence of the party seeking relief. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Pura's motion does not identify any failure of its own diligence. Pura concedes that it received Defendants' contentions on April 28, 2026 — seventeen days before its May 15 amendment-and-joinder deadline and a month before its May 29 final-infringement-contentions deadline. (Pl.'s Mot. at 2.) If specific deadlines posed a problem, the answer was a targeted request. Instead, Pura proposes a uniform four-month push of every deadline in the case, including the close of fact discovery, the exchange of claim terms, the responsive claim-construction briefs, and the joint claim-construction chart — none of which Pura connects to the conduct it describes. A four-month reset would prolong uncertainty, defer claim-construction progress, increase litigation expense, and delay resolution of Defendants' pending threshold challenges.

The procedural posture also matters. Pura's Amended Complaint was filed on April 14, 2026 (Dkt. 47), and on April 28, 2026, Defendants moved to dismiss it. (Dkts. 52, 53.) Those motions are pending and could narrow or eliminate the claims that drive the remaining schedule. Defendants have not yet had occasion to file an answer or assert counterclaims. Pura's fee application also remains pending. (Dkt. 48; *see* Dkt. 50 (Defendants' opposition).) In that posture,

2

Defendants proposed a Rule 16 conference — or, in the alternative, a short, targeted pause or modest extensions of specific deadlines — and asked Pura to identify the modifications it considered most important so the parties could attempt to agree. (Pl.'s Mot. Ex. A.) Pura did not identify any narrower deadline-specific relief and filed this motion the next day. Defendants respectfully request that the Court deny Pura's motion or, in the alternative, refer the parties to a Rule 16 scheduling conference at which the schedule can be addressed holistically.

## BACKGROUND

The Court entered the original Scheduling Order on August 22, 2025. (Dkt. 20.) Following a stipulation between the parties, the Court entered an Amended Scheduling Order on January 21, 2026, which sets the current pre-claim-construction and claim-construction deadlines. (Dkt. 24.)

Three rulings followed on March 31, 2026. First, the Court granted Pura's motion for leave to file an amended complaint. (Dkt. 44.) Pura filed its Amended Complaint on April 14, 2026 (Dkt. 47), adding a claim for infringement of the '886 Patent and amended trade-secret allegations against Ms. Knight. Second, the Court granted in part and denied in part Pura's motions to compel. (Dkt. 45.) The motions were denied as moot to the extent they sought to compel disclosures and responses, because Defendants "h[ad] now served their initial disclosures, responded to the discovery responses at issue, and produced documents." (*Id*. at 2.) The Court separately granted Pura's request for attorneys' fees as the remedy for the delay. (*Id*. at 3–4.) Pura's fee application is pending (Dkt. 48), and Defendants' opposition is on file (Dkt. 50). Third, the Court denied Defendants' motion to stay discovery and request for a Rule 16 conference as moot in light of the foregoing rulings. (Dkt. 46.)

On April 28, 2026, Defendants filed motions to dismiss the Amended Complaint (Dkts. 52,

53) and, the same day, served their initial non-infringement, invalidity, and ineligibility contentions. (Pl.'s Mot. at 2.)

On May 14, 2026 — the day before Pura's then-pending May 15 amendment-and-joinder deadline — Pura's counsel emailed Defendants' counsel a stipulated motion proposing to push the entire schedule out "by at least four months." (Pl.'s Mot. Ex. A.) Defendants responded the same day, observing that the case is in an unusual procedural posture (with discovery proceeding while the pleadings remained unsettled and Defendants' counterclaims not yet on file), and proposing either a short stay pending resolution of remaining issues or a scheduling conference at which the parties could address the schedule holistically. (*Id*.) Defendants' counsel also asked Pura's counsel to identify in bullet-point form the specific modifications Pura considered most important, so the parties could attempt to reach agreement on reasonable adjustments. (*Id*.) Rather than engage on either alternative or identify any specific deadline of particular concern, Pura rejected each proposal and filed this motion the next day. (*Id*.; Dkt. 55.)

ARGUMENT

**I. Pura Has Not Shown Rule 16(b) Good Cause for a Four-Month Overhaul of the Schedule.**

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Tenth Circuit has construed "good cause" under Rule 16(b)(4) as principally a diligence inquiry: the moving party must show that the existing deadlines cannot be met despite its own diligent efforts. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (explaining that Rule 16 good cause requires an adequate

4

explanation for the delay). The inquiry focuses on the diligence of the party seeking relief — not on the conduct of the party opposing it. *Gorsuch*, 771 F.3d at 1240.

Pura's motion does not engage that standard. It does not identify what Pura did during the relevant period that constituted diligence, what specific tasks remain to be completed before any specific deadline, or why those tasks require approximately four months across the board. Instead, the motion offers a narrative about Defendants' conduct and asks the Court to infer that Pura is entitled to a uniform extension. Rule 16(b) requires more than a generalized complaint about past discovery delays.

Two further points reinforce this conclusion.

First, the Court has already remedied the conduct Pura invokes. On March 31, 2026, the Court addressed Defendants' discovery delays — the same delays Pura recites in its motion — by denying Pura's motions to compel as moot in light of Defendants' supplemental responses and document production, and by awarding Pura the attorneys' fees it incurred in bringing those motions. (Dkt. 45.) Pura is currently litigating the amount of those fees in a pending fee application. (Dkt. 48; see Dkt. 50 (Defendants' opposition).) Having obtained the remedy the Court ordered for the delay, Pura still must justify any scheduling relief under Rule 16(b)(4). It has not shown that a wholesale schedule reset is necessary to cure any specific inability to meet a specific deadline.

Second, Pura's own timeline does not support the four-month extension it seeks. Pura concedes that it received Defendants' contentions on April 28, 2026 — seventeen days before its current May 15 amendment-and-joinder deadline and a month before its current May 29 final-infringement-contentions deadline. (Pl.'s Mot. at 2.) If those specific deadlines created a diligence

5

problem, the appropriate remedy was a targeted extension of those specific deadlines. Pura did not seek that. Instead, Pura asks the Court to push out numerous separate deadlines, including the close of fact discovery (currently August 7, 2026), the exchange of proposed claim terms (currently July 13, 2026), the simultaneous responsive claim-construction briefs (currently September 14, 2026), and the joint claim-construction chart (currently September 21, 2026). The motion does not connect the late-April production of contentions to a four-month extension of any of these other deadlines. If Pura needed relief from the May 15 amendment deadline or the May 29 final-infringement-contentions deadline, it could have sought targeted relief from those deadlines. It instead asks the Court to push every other deadline in the schedule out by four months with no explanation tied to those later deadlines.

**II. The Proposed Extension of the Pleading-Amendment and Joinder Deadlines Warrants Particular Caution.**

Pura's motion would extend the May 15 deadlines for motions to amend pleadings and to join parties out to September 18, 2026. That request is especially problematic because Pura already used the amendment deadline to file its Amended Complaint on April 14, 2026. (Dkt. 47.) Pura does not identify any specific further amendment it intends to seek, any specific party it intends to join, or any specific information from forthcoming discovery that would support either. The motion simply says Pura "needs" additional time to "determine whether to further amend its complaint and/or join additional parties." (Pl.'s Mot. at 2.) That open-ended request — for an additional four months to consider further amendments and additional parties, beyond the amendment Pura already obtained — is not the kind of concrete, diligence-grounded showing Rule 16(b) requires.

**III. To the Extent the Schedule Requires Recalibration, a Rule 16 Conference Is the Appropriate Mechanism.**

The unsettled pleadings also counsel against a blanket schedule reset. Pura's Amended Complaint was filed only on April 14, 2026 (Dkt. 47), and it asserts both a new patent claim (the '886 Patent) and what Pura characterizes as strengthened trade-secret allegations against Ms. Knight. On April 28, 2026, Defendants moved to dismiss the Amended Complaint. (Dkts. 52, 53.) Those motions are now pending. If granted in whole or in part, they could narrow or eliminate the claims that define the scope of remaining fact discovery and claim construction. Defendants have not yet had occasion to file an answer or assert counterclaims. Pura's fee application also remains pending. (Dkt. 48; see Dkt. 50 (Defendants' opposition).) Those developments mean that the pleadings are not yet settled, the scope of Defendants' counterclaims is unknown, and the financial consequences of the March 31 order have not been resolved.

That is the kind of case posture a Rule 16 scheduling conference is designed to address. *See* Fed. R. Civ. P. 16(a)–(b). Defendants proposed exactly such a conference on May 14, 2026 — along with the alternative of a short, targeted pause or modest extensions of specific deadlines — and offered to identify reasonable adjustments if Pura would simply specify the modifications it considered most important. (Pl.'s Mot. Ex. A.) Pura did not identify any narrower deadline-specific relief and filed this motion the next day. (*Id.*) That record does not support the full four-month extension Pura seeks.

A Rule 16 conference would allow the Court to address the schedule holistically, with input from all parties, in light of the pending motions to dismiss, the forthcoming responsive pleading, any counterclaims, and the pending fee application — rather than piecemeal, based on one party's

7

unilateral framing.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's Motion for Second Amended Scheduling Order. In the alternative, if the Court determines that some schedule modification is warranted, Defendants request that the Court deny Pura's proposed four-month blanket extension and instead refer the parties to a Rule 16 scheduling conference so any modifications can be addressed deadline by deadline and on a complete record.

DATED this 21st day of May 2026.

**KNH LLP**

/s/Chad S. Pehrson
Chad S. Pehrson
Nathan C. Gardner

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 2026, I caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SECOND AMENDED SCHEDULING ORDER** to be submitted for electronic filing through the Court's CM/ECF system, which automatically effectuated service of process upon all counsel of record.

*/s/Chad. S. Pehrson*