Edgar Cataxinos (7162)
  cataxinos@mcpc.law
James E. Magleby (7247)
  magleby@mcpc.law
Jennifer Fraser Parrish (11207)
  parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Pura Scents, Inc.

---

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation,<br><br>          **Plaintiff,**<br><br>v.<br><br>**ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual,<br><br>          **Defendants.** | **REPLY IN SUPPORT OF MOTION FOR SECOND AMENDED SCHEDULING ORDER [55]**<br><br><br><br>**Case No.:  2:24-cv-958**<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Daphne A. Oberg** |

Plaintiff Pura Scents, Inc. ("Pura"), through its counsel of record, submits this reply in support of its Motion for Second Amended Scheduling Order (ECF No. 55), and states the following in response to the opposition (ECF No. 58) filed by Atmos Fragrance, Inc. and Kristen Knight (collectively, "Defendants"):

**REPLY**

Pura has shown good cause to amend the case schedule as requested, and none of the arguments set forth in Defendants' opposition challenge that showing. Accordingly, Pura respectfully requests that its motion be granted, for the reasons set forth in its previously-filed motion and for the reasons set forth below:

## I. DEFENDANTS' DEFINITION OF "GOOD CAUSE" IS TOO NARROW, BUT IN ANY CASE IS MET HERE

Defendants argue that the Court cannot find "good cause" to amend the schedule based on fairness or their misconduct, and that only Pura's diligence is to be considered. *See, e.g.*, Opp'n at 1 ("Rule 16 does not authorize schedule relief based on generalized fairness concerns. It requires a deadline-specific showing that the moving party, despite diligent efforts, cannot meet the existing deadlines."). The case Defendants cite to support their narrow definition of "good cause" – *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014) – does not so hold. But even if "good cause" was as narrow as Defendants claim (it is not), Pura still meets that narrowed definition.

### A. "GOOD CAUSE" IS NOT RESTRICTED TO PURA'S DILIGENCE

In *Gorsuch*, parties that had previously been dismissed from the litigation sought to amend their pleading two years after the deadline set in the schedule. *Gorsuch*, 771 F.3d at 1235-1236. While providing background for Rule 16, the Tenth Circuit stated that, "*[i]n practice*," the good cause standard is met after a showing that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id*. at 1240 (emphasis added). The *Gorsuch* court *did not* hold that the moving party's diligence is the *only*

factor to be considered or that "good cause" could not be shown by considering fairness and/or undue delay caused by the opposing party.  *See id*.

### B.    PURA HAS BEEN DILIGENT

Even if Pura's diligence were the only factor to be considered by the Court, good cause exists to amend the case schedule, including because Pura has met every deadline in this case[1] and has done everything in its power to move the case forward, despite Defendants' previous refusal to participate in the litigation *at all*.  As a result of Defendants' inaction, instead of conducting discovery, Pura spent months coaxing Defendants to follow the Rules, and then eventually bringing Defendants' misconduct to the Court's attention.  When all was said and done, Pura had to wait almost 5 months before it received Defendants' initial disclosures and their written responses to Pura's discovery, and 7 months before receiving Defendants' initial non-infringement and other defensive contentions.

Discovery cannot happen without both sides' participation, and when Defendants would not participate, Pura diligently worked to get the case moving.  The Court should summarily reject Defendants' claims that Pura did not diligently pursue discovery that would enable it to make decisions about amending its pleading or that would enable it to serve its final infringement contentions when Defendants are the reason why discovery was stalled in this case for 5-7 months.

---

[1] Pura timely served its initial disclosures, its trade secret disclosure, and its initial infringement contentions.  Pura also timely served discovery on Defendants on October 10, 2025.

## II.    PURA IS MOVING TO AMEND THE SCHEDULE BECAUSE IT IS UNABLE TO MEET THE MAY 2026 DEADLINES

Defendants falsely claim in their opposition that Pura has not raised an inability to meet *specific* deadlines.  *See, e.g.*, Opp'n at 4 (claiming Pura did not "identify any specific deadline of particular concern").  While Pura does not agree that such specificity is *required* for the Court to amend the schedule, Pura nonetheless made it clear in both its meet and confer efforts with Defendants, as well as in its motion, that the amended schedule is needed because Pura does not have the information needed to meet the May deadlines in the current order; i.e., the May 15 deadline to amend pleadings or join parties and the May 29 deadline to serve its final infringement contentions.  *See* Mot. at 3 ("Now, due to the delay caused by Defendants, Pura finds itself without the discovery and other information it needs to determine whether to further amend its complaint and/or join additional parties . . . or to draft and serve its final infringement contentions . . . .") & Ex. A ("[T]he reason why we are reaching out is because of the deadlines this month").[2]

### A.    ONE MONTH (OR LESS) IS CLEARLY INSUFFICIENT TIME FOR PURA TO OBTAIN DISCOVERY NECESSARY TO DECIDE WHETHER TO AMEND OR JOIN PARTIES AND TO PREPARE FINAL INFRINGEMENT CONTENTIONS

Even after the Court ruled in Pura's favor on the short-form discovery motions on March 31, 2026, Pura still had to wait an additional month for Defendants to serve their

---

[2] The fact that Defendants specifically address these May deadlines in their opposition, *see* Opp'n at 6 ("If Pura needed relief from the May 15 amendment deadline or the May 29 final-infringement contentions deadline, it could have sought targeted relief from those deadlines."), evidences, not only that Pura *has* raised particular deadlines, but that Defendants' argument that the Court should deny Pura's motion for failing to identify specific deadlines is disingenuous.

initial contentions on April 28, 2026.  Defendants impliedly argue to the Court that this date (which was unilaterally decided by Defendants) provided sufficient time for Pura to meet the May deadlines.  *See* Opp'n 5-6.  However, the 17 days to one month between the time *Defendants* decided to serve their contentions and the May deadlines is clearly insufficient because it is not enough time to conduct even one round of discovery.

**B.    THE COURT SHOULD MOVE THE DEADLINE FOR AMENDING THE PLEADINGS AND ADDING PARTIES TO SEPTEMBER 18, 2026 (AT LEAST)**

Defendants' admit in their opposition that the pleadings have not closed.  *See, e.g.*, Opp'n at 7 ("the pleadings are not yet settled").  Given this fact, it does not make sense to keep the deadline to amend the pleadings and to join additional parties as May 15, 2026, and the Court should move this deadline to September 18, 2026 – or later.

**C.    THE COURT SHOULD MOVE THE DEADLINE FOR PURA'S FINAL INFRINGEMENT CONTENTIONS TO OCTOBER 2, 2026**

Under the Court's Local Rules, Pura should have had at least 19 weeks from the service of Defendants' non-infringement and other defensive contentions to prepare and serve its final contentions.  *See* LPR 2.4(a) (initial non-infringement contentions to be served 14 days after initial infringement contentions); LPR 3.1(a) (final infringement contentions to be served 21 weeks after initial infringement contentions).

Because Defendants served their contentions on April 28, 2026, Pura should have at least until mid-September, to complete work that is currently due in just days, on May 29, 2026.  Given this and Defendants' pending motions to dismiss, Pura's request to move this deadline to October 2, 2026, is more than reasonable under the circumstances and Pura's motion should be granted.

### III.    MOVING ONLY DISCRETE DATES (THAT AFFECT THE SCHEDULE AS A WHOLE) DOES NOT MAKE SENSE

This is a patent case.  As such, the deadlines in this case are tied to the deadlines preceding them, even more so than in a regular civil case.  Accordingly, it does not make sense to move discrete deadlines in the schedule when later deadlines rely on them and will necessarily need to be changed.  It is therefore appropriate for Pura to request that all pre-claim construction dates be moved with the moving of the May 2026 deadlines, and for the Court to accommodate that request.  Contrary to Defendants' arguments, there is nothing inappropriate about shifting the entire case schedule, and in fact, failing to do so would be inefficient under the circumstances.

### IV.    A SCHEDULING CONFERENCE IS NOT NECESSARY

The Court can certainly hold a scheduling conference if it sees fit.  However, a conference is not needed here, where Pura simply asks the Court to push all of case deadlines out to allow for the completion of discovery and to accommodate pending motions, and where good cause to grant Pura's request is patent.  Under these circumstances, a scheduling conference would not be a good use of the Court's or the parties' time and therefore Pura asks that its motion be granted on the papers and the schedule be amended as requested.

### V.    CONCLUSION

For the reasons set forth above and in Pura's moving papers, there is good cause to modify the schedule in this case.  Pura therefore respectfully requests that the Court enter a second amended scheduling order in substantive form to that provided to the Court with the motion.

DATED this 22nd day of May 2026.

MAGLEBY CATAXINOS

/s/ Jennifer Fraser Parrish
Edgar Cataxinos
James E. Magleby
Jennifer Fraser Parrish

Attorneys for Plaintiff, Pura Scents, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR SECOND AMENDED SCHEDULING ORDER** was delivered to the following this 22nd day of May 2026 through the Court's CM/ECF system:

Chad Perhson
  cpehrson@knh.law
Nathan C. Gardner
  ngardner@knh.law
KNH LLC
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
  Fragrance, Inc. and Kristen Knight

/s/ Hi Evan Gibson