Edgar Cataxinos (7162)
 cataxinos@mcpc.law
James E. Magleby (7247)
 magleby@mcpc.law
Jennifer Fraser Parrish (11207)
 parrish@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Pura Scents, Inc.

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURA SCENTS, INC.**, a Delaware corporation,<br><br>        **Plaintiff,**<br><br>v.<br><br>**ATMOS FRAGRANCE, INC.**, a Delaware corporation, **KRISTEN KNIGHT**, an individual,<br><br>        **Defendants.** | **COMBINED MEMO IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT OF ATMOS [Dkt. 53] AND KNIGHT [Dkt. 52]**<br><br><br><br>**Case No.:  2:24-cv-958**<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Daphne A. Oberg** |

Plaintiff Pura Scents, Inc. ("Pura" or "Plaintiff"), through counsel of record,

submits this memo in opposition to the motions to dismiss Pura's First Amended

Complaint of Atmos Fragrance, Inc. ("Atmos") [Dkt. 53] and Kristen Knight ("Knight")

[Dkt. 52] (collectively, "Defendants").

**INTRODUCTION**

Defendants urge the Court to adopt pleading standards that have been explicitly rejected by the Federal Circuit as too stringent, are contrary to the standards governing pleadings in Rule 8, and are at odds with established rules of procedure governing claims for misappropriation of trade secrets and patent infringement.  Pursuant to such procedures, Pura has sufficiently pleaded its Amended Complaint, and, further, has already produced the detailed information that Defendants speciously claim is missing from Pura's pleading.  Specifically, Pura timely produced its Trade Secret Disclosure on October 10, 2025, and its Disclosure of Asserted Claims and Initial Infringement Contentions on February 20, 2026.  As such, Defendants have no basis on which to complain that they have not been provided sufficient notice of Pura's claims, and Defendants' inappropriate demand that Pura prove its case at the pleading stage should be rejected.

**ARGUMENT**

**I.    STANDARDS**

As the Court knows, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As the Court also knows, on a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and "view all reasonable inferences in favor of the [non-moving party]."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).  Importantly, a plaintiff's claim must only be plausible, not probable – and Pura's Amended Complaint easily meets this standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    THE AMENDED COMPLAINT SUFFICIENTLY ALLEGES INFRINGEMENT OF THE '866, '091, AND '601 PATENTS

Atmos' motion improperly seeks technical detail far beyond what Rule 8 requires at the pleading stage.  With respect to patent infringement claims, "the factual allegations made in a complaint 'need only be enough to place the alleged infringer on notice.  This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.'"  *Gracenote, Inc. v. Sorenson Media, Inc.*, No. 2:16-CV-950 CW, 2017 WL 2116173, at *2 (D. Utah May 15, 2017) (quoting *SimpliVity Corp. v. Springpath, Inc.*, No. 4:15-13345–TSH, 2016 WL 5388951, at *3 (D. Mass. July 15, 2016)).  "Accordingly, all that '*Twombly* and *Iqbal* require is a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing.'"  *Id.*  "A plaintiff is not required to plead infringement on an element-by-element basis."  *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("Here, the district court instructed counsel for Bot M8 that it must explain in the complaint every element of every claim that you say is infringed and/or explain why it can't be done.  We disagree with the district court's approach and reiterate that a plaintiff need not prove its case at the pleading stage." (simplified)).  This is particularly true where, as here, the technical details are within the defendant's control.

Pura's Amended Complaint more than satisfies this standard.

### A.    THE '866 PATENT — AM. COMPLAINT ¶¶ 78-81, 108-116

The '866 Patent describes a system for dispensing fragrance using a mobile app that allows a user to schedule and control the timing, intensity, and scent of the

3

dispensed fragrance.  Pura describes what the system covered by the '866 Patent does [Am. Compl. ¶¶ 79-80 (Dkt. 47)], identifies the infringing Atmos' products (the "Accused Products") [*id.* at ¶ 82], and alleges that the Accused Products perform the same functions using the same components as the system covered by the '866 Patent.  [*Id.* at ¶¶ 108-114].  Atmos' assertion that Pura simply recites the elements of Claim 1 and labels the Accused Products as infringing is directly contradicted by the Amended Complaint, which methodically walks through each limitation of Claim 1 and provides factual allegations explaining how the Accused Products satisfy each one.

Rule 8 does not require a patent plaintiff to plead the level of technical detail that Atmos demands.  Atmos faults Pura for failing to include (i) a description of the specific "processor or memory architecture the Accused Products contain," (ii) details regarding "what data is received, from where, in what format, or how the system associates data with a room," (iii) an explanation of what "monitoring" means in the accused system, and (iv) the precise mechanism by which the Accused Products dispense fragrance.  [Atmos Motion at 4 (Dkt. 53)].  But these are evidentiary details – not pleading requirements – and their absence does not render Pura's allegations implausible.

The Amended Complaint plausibly alleges that the Accused Products satisfy each limitation of Claim 1 based on publicly available information and reasonable inferences from the nature and functionality of the products.  Requiring the additional, granular technical detail Atmos identifies would improperly impose a heightened pleading standard and effectively require pre-discovery reverse engineering.

For example, the '866 Patent requires only "one or more processors."  It does not impose any limitation on processor type or memory architecture.  Consistent with that claim language, Pura alleges that:

> The Accused Products contain processors to enable smart features and remote control of fragrance intensity and operation times via smartphone. The Accused Products require a Wi-Fi connection to configure the device.

[Am. Compl. ¶ 110 (Dkt. 47).]  These allegations are more than sufficient to plausibly plead the "one or more processors" limitation.  Identifying the specific processor or memory architecture within the Accused Products would not make Pura's claim more understandable or plausible; it would merely supply technical detail properly obtained through discovery.

### 1.    Technical Details Need Not Be Pleaded

Atmos seeks imposition of the excessively stringent pleading standard that federal appellate courts have explicitly and regularly rejected.  *See, e.g., Bot M8*, 4 F.4th at 1352 ("To the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*."); *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (reversing dismissal of complaint because district court erroneously required patentee to plead details of how each accused device met each claim element of claim previously construed in a prior litigation).

The Federal Circuit has expressly and repeatedly held that a plaintiff need not plead **"**detailed factual allegations" or "prove its case at the pleading stage."  *Bot M8*, 4 F.4th at 1352.  Indeed, in *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256

(Fed. Cir. 2018), the Federal Circuit explicitly disagreed with the district court's determination that the complaint was inadequate "under the plausibility standard of *Iqbal/Twombly*" because the plaintiff did not "explain how Defendants' products infringe on any of Plaintiff's claims." *Id.* at 1260 (reversing dismissal where complaint identified three accused products, attached patents as exhibits, and alleged accused products met "'each and every element of at least one claim' of Plaintiff's patents").

2.   <u>Inclusion of Technical Detail Would Not Make Pura's Claim<br>Any More Plausible</u>

Nor would inclusion of the details that Atmos contends are missing make Pura's claim any more plausible. Plausibility is context-specific and depends on the complexity of the technology and the materiality of any given element. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("Determining whether a complaint states a plausible claim for relief is a very 'context-specific task.'"). As Pura has alleged, Atmos' products are virtual copycats of Pura's patented products. [Am. Compl. ¶¶ 7, 65 (Dkt. 47)]. Where the accused products replicate the patented features so closely and the infringement theory is straightforward – *e.g.*, the accused product is a copy – less detail is required and technical exposition is unnecessary at the pleading stage. Images of the accused product are capable of demonstrating infringement. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 at 1260.

3.   <u>Pura Has Provided Technical Details to Atmos</u>

Moreover, Pura has already provided Atmos with the information Atmos claims is missing from the Amended Complaint. The Local Patent Rules set deadlines for disclosure of information concerning a patent plaintiff's claims and contentions. LPR 2.3

6

provides for service by the party claiming infringement of Initial Infringement Contentions, which include, among other detail, "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that the party contends is governed by 35 U.S.C. § 112(f), a description of the claimed function of that element and the identity of the structures, acts, or materials in the Accused Instrumentality that performs the claimed function." Pura timely served its Disclosure of Asserted Claims and Initial Infringement Contentions on February 20, 2026.  Requiring a patent plaintiff to plead that information in its complaint at the very outset of a lawsuit would defeat the purpose of the Local Patent Rules to streamline and standardize patent litigation by imposing predictable case management deadlines that make sense in terms of the stage of litigation and the informational needs of the litigants at that time.  And, in any case, these details are simply not required at the notice pleading stage.

### B.     THE '091 PATENT — AM. COMPLAINT ¶¶ 70-73, 83-99

The '091 Patent describes a fragrance-dispensing apparatus that includes multiple fragrance vials and associated heating elements, with operation controlled through a mobile app.  Pura describes the device claimed in the '091 Patent [Am. Compl. ¶¶ 70–73 (Dkt. 47)], identifies the Accused Products [id. at ¶ 82], and sets forth factual allegations showing that the Accused Products satisfy each limitation of the asserted claims, including through reasonable inferences drawn from their operation. [*Id.* at ¶¶ 83–99].

Atmos contends that Pura fails to plead facts showing that the Accused Products include the claimed "switching mechanism" and "wireless interface … configured to …

7

communicate with a management server," asserting that the Amended Complaint relies only on generalized allegations regarding app functionality and Wi-Fi connectivity. [Atmos Motion at 5 (Dkt. 53)].  But Atmos' argument reflects an improper attempt to impose a heightened pleading standard that requires technical detail and specificity beyond the requirements of Rule 8, while disregarding the reasonable inferences that flow from Pura's well-pleaded factual allegations.

The claim requires a system that can switch between vial bays using associated heating elements.  Pura alleges that the Accused Products include multiple vials [Am. Compl. ¶ 84 (Dkt. 47)], utilize heating elements to diffuse fragrance from the vials [*id.* at ¶ 85], and an app that allows users "to 'switch' between fragrances when using the Accused Products" [*id.* at ¶ 87], and that the Accused Products "communicate with an app, requiring a Wi-Fi connection to configure the device."  [*Id.* at ¶ 88].  These allegations plausibly establish that the Accused Products perform the claimed switching function.  From this functionality, it is reasonable to infer the presence of a mechanism that switches between the heating elements associated with different vial bays.  Rule 8 does not require Pura to identify the precise hardware or software implementation of that mechanism prior to discovery.

The same is true of the claimed "management server."  Pura alleges that the Accused Products connect via Wi-Fi and are controlled through a mobile app that allows users to configure and schedule fragrance output.  [*Id.* at ¶ 88].  These allegations plausibly imply the existence of a backend system that stores and transmits control data to the device.  Whether that system is implemented as a particular server architecture, and the precise nature of the data exchanged, are technical details appropriately

addressed in discovery – not prerequisites to stating a claim.  *See, e.g., Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349-50 (Fed. Cir. 2018) (holding plausible inferences suffice at the pleading stage and rejecting demand for evidentiary detail).

### C.    THE '601 PATENT — AM. COMPLAINT ¶¶ 74- 77, 100-107

The '601 Patent describes a fragrance intensity control apparatus that includes vial bays containing fragrance solutions and heating elements controlled by a controller based on user-configured settings.  Pura describes the claimed device [Am. Compl. ¶¶ 74-77 (Dkt. 47)], identifies the Accused Products [*id.* at ¶ 82], and sets forth factual allegations showing that the Accused Products satisfy each limitation of the asserted claims, including through reasonable inferences drawn from their operation.  [*Id.* at ¶¶ 100-107].

Atmos argues that Pura fails to plausibly plead the feedback-based temperature control required by Claim 1, contending that Pura's "information and belief" allegations are speculative and do not explain how the feedback mechanism operates or maintains a set temperature.  [Atmos Motion at 6 (Dkt. 53)].

Atmos, again, improperly demands technical detail beyond what Rule 8 requires. Pura plausibly alleges that the Accused Products include the claimed feedback-based temperature control, including that the heating elements use sensors to measure temperature and provide feedback to a controller, and that fragrance intensity is controlled based on temperature.  [Am. Compl. ¶¶ 103–104 (Dkt. 47)].  These allegations necessarily describe a system in which temperature is measured and used to regulate heating – i.e., a feedback loop consistent with Claim 1.  Pura further alleges that the Accused Products maintain and adjust temperature setpoints (e.g., levels 1–5)

corresponding to fragrance intensity [*Id.* at ¶ 105], reinforcing the inference of feedback-based control.

That these allegations are made on information and belief is appropriate, as the internal sensor and control architecture of the Accused Products is uniquely within Atmos' possession.  At the time Pura filed its Amended Complaint, Atmos had not provided initial disclosures or responded to Pura's discovery requests, leaving those internal details inaccessible.  Rule 8 does not require Pura to plead the specific circuitry or control algorithms implementing the claimed functionality prior to discovery.  *See Nalco Co.*, 883 F.3d 1337 at 1350 ("Nalco need not 'prove its case at the pleading stage.'"); *Bot M8*, 4 F.4th 1342 at 1352–53 ("While the Supreme Court has said that factual allegations must be enough to raise a right to relief above the speculative level, it has also indicated that specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (simplified)).

III.    **THE AMENDED COMPLAINT SUFFICIENTLY ALLEGES INDUCED AND CONTRIBUTORY INFRINGEMENT OF THE '866 PATENT**

Atmos argues that Pura fails to plausibly plead induced and contributory infringement because its allegations are conclusory and do not identify specific facts showing that Atmos encouraged infringement, instructed users to practice each claim element, or possessed the required knowledge and intent beyond notice letters.  It further contends that Pura does not plausibly allege the absence of substantial non-infringing uses, instead offering only recitations of the statutory elements.  Finally, Atmos argues that both indirect infringement claims fail because Pura has not adequately pleaded direct infringement.  [Atmos Motion at 7 (Dkt. 53)].

Atmos' induced infringement argument improperly demands a level of detail not required at the pleading stage.  Pura alleges that Atmos encourages customers to use the Accused Products through their intended functionality – including app-based control of scheduling, intensity, and fragrance selection – and that such use practices the claimed methods.  [Am. Compl. ¶¶ 96-97, 106, 115 (Dkt. 47)].  These are not "circular" allegations; they describe how Atmos' own design and instructions direct users to engage in the very conduct that constitutes infringement.  Rule 8 does not require Pura to map each user instruction to each claim element.

Atmos' knowledge and intent are adequately pleaded at least as of its receipt of Pura's notice letters, after which it continued to promote and support the accused functionality.  Atmos' assertion that Pura alleges "no facts about Atmos's knowledge beyond receipt of Pura's notice letters" [Atmos Motion at 7 (Dkt. 53)] is both irrelevant and wrong.  Notice imparted by such letters is sufficient without more,[1] and the knowledge of Atmos concerning Pura is detailed in ¶¶ 45-58 and 118-121 of the Amended Complaint.  [Dkt. 47].  As detailed in those allegations, one of Atmos' founders (Tyson Andrus) and one of its directors (Aaron Derose) were agents for major investors in Pura (the "Investor Individuals") and, in that capacity, had knowledge of Pura's most sensitive commercial information.  The Investor Individuals were unquestionably aware of Pura's patents, as the strength and value of such intellectual

---

[1] *See, e.g., Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *6 (D. Del. Sept. 30, 2021) (finding plaintiff plausibly alleged pre-suit knowledge based on allegation that defendant's executive received an email from inventor that included a link to a video presentation describing plaintiff's technology and including the patent number).

property would have been central to the investments in Pura for which they bore responsibility.  Such knowledge is certainly enough to give rise to an inference at the pleading stage that Atmos knew of Pura's patents and their own products' infringement.

Atmos' contributory infringement argument similarly fails because it rests on an overly abstract characterization of the Accused Products.  Pura does not accuse a generic "fragrance diffuser," but rather Atmos' app-controlled systems designed and marketed to operate through scheduling, switching, and temperature-based control. Pura plausibly alleges that these features – which form the basis of the asserted claims – are not staple articles suitable for substantial non-infringing use.  [*Id.* at ¶¶ 98-99, 106-107, 116-117 ("Without configuration through the app, the Accused Products have no substantial non-infringing uses.")].  Atmos' speculative references to hypothetical "manual" operation or alternative configurations do not defeat plausibility at the pleading stage, where Pura need only allege – not prove – the absence of substantial non-infringing uses.

Because Pura has plausibly alleged direct infringement, Atmos' derivative argument that the indirect infringement claims must fail necessarily fails as well.

## IV.    THE AMENDED COMPLAINT SUFFICIENTLY ALLEGES TRADE SECRET CLAIMS AGAINST ATMOS AND KNIGHT

Atmos and Knight argue that Pura's trade secret claims fail because they are derivative of allegedly deficient allegations that Knight and the Investor Individuals – each of whom had unique, high-level access to Pura's confidential information through their roles with Pura's investors – disclosed Pura's trade secrets to Atmos.  [Am. Compl. ¶¶ 4–5, 52–55 (Dkt. 47)].  Defendants contend these allegations are inadequate because Pura does not identify specific trade secrets, instances of disclosure, or use by

12

Atmos with sufficient detail, and instead relies on an impermissible "inevitable disclosure" theory and allegations made "on information and belief."  Defendants' contentions are without merit.

### A.   PURA ADEQUATELY PLEADED THE EXISTENCE OF PROTECTABLE TRADE SECRETS

Defendants' threshold argument – that Pura fails to identify any trade secrets with sufficient specificity – is incorrect.[2]  It also ignores that Pura has already provided detailed identification of its trade secrets through the Court's procedures.  Pura timely served its Trade Secret Disclosure on October 10, 2025, and Defendants have therefore had a comprehensive description of the alleged trade secrets in their possession for months – well beyond what is required at the notice pleading stage.

In any event, the Amended Complaint itself adequately alleges the existence and protection of Pura's trade secrets.  [Am. Compl. ¶¶ 5, 24–25, 29–32, 37–39, 50, 55–56 (Dkt. 47)].  These allegations do not merely recite vague categories of information. Rather, Pura identifies specific datasets to which Knight had access [*id.* at ¶¶ 37–39] and describes particular categories of sensitive information accessed by the Investor Individuals, including a specific slide deck that Atmos used, as Atmos itself acknowledges.  [*Id.* at ¶¶ 50, 55–57].  These factual allegations provide more than sufficient notice of the nature of the trade secrets at issue and the basis for Pura's claims.

---

[2] With respect to Pura's Sixth Claim, Defendants contend that Pura fails to identify any trade secrets at all.  [Atmos Motion at 9-10 (Dkt. 53); Knight Motion at 8 (Dkt. 52)].  This contention is meritless, as Pura expressly incorporated its prior allegations in that claim and did not need to re-allege the allegations concerning its trade secrets.  [Am. Compl. ¶ 178 ("Pura incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein." (Dkt. 47)].

### B.   PURA ADEQUATELY PLEADED MISAPPROPRIATION AND USE

Defendants' argument that Pura fails to allege use or misappropriation likewise rests on an improper demand for evidentiary detail at the pleading stage.  Pura plausibly alleges that Knight and the Investor Individuals – each of whom had access to Pura's trade secrets – disclosed and used that information in connection with the formation and operation of Atmos.  [Am. Compl. ¶¶ 42-44, 56-60, 66 (Dkt. 47)].  These allegations are supported by the Amended Complaint's detailed description of the individuals' access to Pura's confidential information [*id.* at ¶¶ 4–5, 29, 37–39, 52–56], their subsequent roles in Atmos [*id.* at ¶¶ 26, 63-64], and the development of products that compete directly with Pura's offerings.  [*Id.* at ¶ 62, 65].

At this stage, Pura is not required to identify the precise manner in which each trade secret was incorporated into a particular Atmos product or business decision.  Such information – how Defendants used Pura's confidential information, what was communicated internally, and how that information shaped Atmos' development efforts – is uniquely within Defendants' possession.  Courts routinely recognize that trade secret plaintiffs may rely on circumstantial allegations of access, opportunity, and competitive use to plausibly plead misappropriation prior to discovery.  *See, e.g., Stratienko v. Cordis Corp.*, 429 F.3d 592, 600 (6th Cir. 2005) (collecting circuit court cases supporting "the proposition that, once evidence of access and similarity is proffered, it is entirely reasonable for the jury to infer that defendant used plaintiff's trade secret" (simplified)).  Here, Pura has done that and has also pleaded direct use of its trade secrets.  [Am. Compl. ¶ 57 (Dkt. 47)].

14

### C.    PURA HAS NOT IMPERMISSIBLY RELIED ON THE CONCEPT OF INEVITABLE DISCLOSURE

Defendants' attempt to characterize Pura's allegations as relying on an "impermissible inevitable disclosure doctrine" [3] ignores the allegations in the Amended Complaint.  Pura does not merely allege that disclosure was inevitable based on access; it alleges that Defendants in fact used and disclosed Pura's confidential information to develop competing products.  [Am. Compl. ¶¶ 42-44, 56-60, 66 (Dkt. 47)]. The reasonable inference of misuse arises not simply from Defendants' knowledge of Pura's trade secrets, but from the combination of (i) their high-level access to specific confidential information, (ii) their creation of a direct competitor, and (iii) the development and commercialization of competing products.  Rule 8 does not require more.

Pura specifically alleges that Atmos could not have developed its products and brought them to market as rapidly as it did without using Pura's trade secrets.  [Am. Compl. ¶ 66 (Dkt. 47)].  Such reliance on circumstantial evidence is both permissible and common, as trade secret plaintiffs rarely possess direct evidence of misappropriation.  *Stratienko*, 429 F.3d 592 at 600; *see also Storagecraft Tech. Corp. v. Kirby*, 744 F.3d 1183, 1185 (10th Cir. 2014) (upholding damages award of reasonable royalty based on finding defendant disclosed trade secret to rival who then quickly introduced competing product, notwithstanding lack of evidence of use, and holding, "Utah's trade secret statute, the law governing Mr. Kirby's case, expressly allows a reasonable royalty measure of damages when the misappropriator *uses or discloses*

---

[3] Knight Motion at 1.  [Dkt. 52].

the trade secret.  And no one disputes that Mr. Kirby did at least that—*disclosing* the secret to NetJapan." (emphasis in original)); *CDC Restoration & Const., LC v. Tradesmen Contractors, LLC*, 2012 UT App 60, ¶ 30, 274 P.3d 317, 327 ("A jury can infer misappropriation of a trade secret from circumstantial evidence.").

Although the theory of inevitable disclosure has been invoked to demonstrate actual misappropriation, the theory is primarily applied when a plaintiff seeks to enjoin future trade secret misappropriation.  "The theory allows plaintiff employers to demonstrate *threatened misappropriation* without evidence of an employee's intent to disclose trade secrets."  *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp.2d 1111, 1118 (N.D. Cal. 1999) (emphasis added) (noting the "overwhelming majority" of jurisdictions recognizing the theory).  In such a context, factors such as the overlap between the employee's former and current role and surreptitious conduct may be relevant.  While Pura seeks an injunction as a remedy, it alleges actual misappropriation.  [Am. Compl. ¶¶ 10, 44, 60, 66, and 184-86 (Dkt. 47)].

Atmos' contention that Pura is required to plead facts demonstrating that Knight and the Investor Individuals pose a threat of future misappropriation is, thus, off base.  Even if the Court were to require allegations of "meaningful role overlap,"[4] the Amended Complaint provides Defendants with more than sufficient notice of the claims against them.  Moreover, that concept has limited applicability in this context.  Atmos is a start-up, and the individual defendants are its founders.  Unlike employees in large, established organizations with narrowly defined responsibilities, start-up founders

---

[4] Knight Motion at 6.  [Dkt. 52].

necessarily assume broad, overlapping roles across product development, product design, strategy, and operations.  Requiring Pura to plead granular role distinctions at this stage would impose an artificial and heightened standard inconsistent with the realities of start-up operations and the requirements of Rule 8.

### D.    ALLEGATIONS BASED ON INFORMATION AND BELIEF ARE PROPER AT THE PLEADING STAGE

Finally, that certain allegations are made on information and belief does not render them deficient. The details of Defendants' internal use of Pura's trade secrets – what was disclosed, to whom, and how it was used – are not publicly available and lie entirely within Defendants' control.  Requiring Pura to plead those facts with particularity before discovery would effectively require proof at the pleading stage.  That is not the law.

### V.    THE PROPOSED AMENDED COMPLAINT SUFFICIENTLY ALLEGES A BREACH OF CONTRACT CLAIM AGAINST KNIGHT

Knight argues that Pura's breach of contract claim fails because it does not plausibly allege breach and instead relies on an allegation made "on information and belief" that Knight disclosed and used confidential information.  According to Knight, Pura provides no factual detail about what information was disclosed, when or how any disclosure occurred, or to whom, and instead relies on speculative inferences based on Knight's access to confidential information and subsequent involvement with a competitor.  She further contends that "information and belief" is improper here because Pura should know what confidential information was allegedly disclosed.  [Knight Motion at 4 (Dkt. 52)].  Effectively, Knight would require Pura to prove its claim before discovery by identifying specific disclosures that, by their nature, occur outside Pura's view.

Knight demands a level of factual specificity far beyond what Rule 8 requires. Pura plausibly alleges that Knight had access to Pura's confidential information and subsequently disclosed and used that information in developing competing products at Atmos. These allegations are not speculative; they reflect a reasonable inference drawn from Knight's access to sensitive information [Am. Compl. ¶¶ 6, 27, 29, 37-39 (Dkt. 47)], her role in founding a direct competitor [*id.* at 8], and the emergence of competing products and marketing initiatives that were very similar to the ones Knight oversaw during her tenure at Pura. [*Id.* at ¶¶ 7, 40-41]. That access provided Defendants with a roadmap to compete with Pura. [*Id.* at ¶¶ 42-44].

Knight's characterization of the claim as relying on "inevitable disclosure" is misplaced – Pura alleges actual disclosure and use, not merely the risk of it.

Nor is there anything improper about pleading certain facts on information and belief. The details of what Knight disclosed, when she disclosed it, and to whom are uniquely within Defendants' possession, not Pura's. Rule 8 does not require Pura to identify each specific disclosure transaction before discovery, and Knight's contention that Pura "should" know those details ignores the practical reality that such conduct occurs outside a company's visibility. At bottom, Knight seeks to impose a heightened pleading standard that would require Pura to prove its claim before discovery, which is not the law.

18

## CONCLUSION

For the reasons set forth above, the motions to dismiss of Atmos (Dkt. 53) and

Knight (Dkt. 52) should be denied.

DATED this 26th day of May, 2026.

**MAGLEBY CATAXINOS, PC**


/s/ James E. Magleby
Edgar R. Cataxinos
James E. Magleby
Jennifer Fraser Parrish
*Attorneys for Plaintiff Pura Scents, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC,

141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), of

the Federal Rules of Civil Procedure, a true and correct copy of the foregoing

COMBINED MEMO IN OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED

COMPLAINT OF ATMOS [Dkt. 53] AND KNIGHT [Dkt. 52] was delivered to the

following this 26th day of May 2026, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail

Chad Perhson
 cpehrson@knh.law
KNH
50 West Broadway, 9th Floor
Salt Lake City, Utah 84101

Attorneys for Defendants Atmos
 Fragrance, Inc., and Kristen Knight

/s/ H. Evan Gibson