Chad Pehrson (12622)
Nathan Gardner (19537)
**KNH LLP**
50 W Broadway, Ste 900
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law
ngardner@knh.law

*Attorneys for Defendants*

<table>
<tr><td colspan="2" align="center"><strong>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF UTAH</strong></td></tr>
<tr>
<td>PURA SCENTS, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation, and KRISTEN KNIGHT, an individual,<br><br>   Defendants.</td>
<td align="center"><strong>DEFENDANT KRISTEN KNIGHT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. 52]</strong><br><br>Case No.: 2:24-cv-00958-TS-DAO<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Daphne A. Oberg</td>
</tr>
</table>

Defendant Kristen Knight ("Knight") submits this reply in support of her Motion to Dismiss the First Amended Complaint [Dkt. 52]. Pura's combined opposition [Dkt. 60] ("Opp.") does two things that matter. It disclaims the inevitable disclosure doctrine. Opp. 15–16, 18. And it confirms that, with the doctrine gone, the case against Knight consists of three facts: she had access to information at Pura, she co-founded Atmos, and Atmos competes with Pura. That is not a claim. It is a job change.

**I. THE PLEADING STANDARD AND THE EXTRINSIC DISCLOSURES.**

Knight asks for the ordinary application of *Iqbal*, not a heightened standard, and Pura's Trade Secret Disclosure—served in discovery, never attached to or incorporated in the Amended

1

Complaint—cannot supply allegations the pleading lacks. Rather than repeat the points, Knight joins and incorporates by reference Sections I and II of Atmos's reply in support of its motion to dismiss. DUCivR 7-1(a)(4).

## II. PURA'S DISCLAIMER LEAVES NO PLEADED MISAPPROPRIATION.

Pura insists it "alleges actual disclosure and use, not merely the risk of it." Opp. 18. But the Amended Complaint's only allegations of Knight's "actual" use are the inevitability allegations themselves: her "position with Atmos is such that it led to and will continue to lead to the use or disclosure of Pura's trade secrets," ¶ 43; *accord* ¶¶ 173, 185, and she "has thus necessarily used and disclosed" Pura's information, ¶ 44; *accord* ¶¶ 174, 186. "Necessarily" is not a fact. It is an inference drawn from her position—the inevitable disclosure inference under another name. Pura cannot disclaim the doctrine and keep its conclusions.

Take the disclaimer at face value and set the disavowed inferences aside. What remains is that Knight had access to Pura's Shopify platform and Ambassador Program database, ¶¶ 29, 37–39, that she is a "co-founder" of Atmos, ¶ 26, and that Atmos sells competing products, ¶¶ 40–41, 62, 65. Allegations "so general that they encompass a wide swath of conduct, much of it innocent," do not move a claim "across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotations omitted). Leaving a company and helping found a competitor is lawful conduct. Congress made the point in the very statute Pura sues under: restraints on employment must rest on "evidence of threatened misappropriation and not merely on the information the person knows." 18 U.S.C. § 1836(b)(3)(A)(i)(I).

Nor does the separate allegation that Knight contacted a Pura employee about Atmos, ¶ 68, fill the gap: it alleges no disclosure or use of any confidential information, no breach of the Knight Agreement, and no misappropriation of any identified trade secret.

The one concrete "use" allegation in the Amended Complaint—the slide deck of ¶¶ 56–57—involves "one of the Investor Individuals," not Knight. A complaint naming multiple defendants must make clear which defendant is alleged to have done what to whom. *Robbins,* 519 F.3d at 1249–50. Pura instead groups Knight with "All Defendants" and the Investor Individuals throughout, ¶¶ 66, 165, 167–174, and its opposition identifies no nonconclusory paragraph alleging a specific act of disclosure or use by Knight—what she disclosed, when, how, or to whom.

## III. THE ALLEGATIONS WOULD FAIL EVEN WHERE THE INEVITABILITY INFERENCE IS RECOGNIZED.

If what Pura means is that it keeps the inference while shedding the label, the result is the same. The jurisdictions that recognize the doctrine confine it to records this pleading does not approach. *PepsiCo* rested on a nearly identical new role involving particularized strategic plans and on findings that the employee had been less than candid—and the Seventh Circuit cautioned that an allegation that a defendant "could misuse" the plaintiff's secrets, and that the plaintiff "fear[s] [it] will," does not state a claim. *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1268–70 (7th Cir. 1995) (quoting *Teradyne, Inc. v. Clear Commc'ns Corp.*, 707 F. Supp. 353 (N.D. Ill. 1989)). Other courts are blunter. "Absent evidence of actual misappropriation by an employee, the doctrine should be applied in only the rarest of cases." *EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 310 (S.D.N.Y. 1999). Courts refuse the inference "absent some showing of bad faith, underhanded dealing, or employment by an entity so plainly lacking comparable technology that misappropriation can be inferred"; that an employee "has left its employ for that of a competitor" is "not enough, by itself." *FMC Corp. v. Cyprus Foote Mineral Co.*, 899 F. Supp. 1477, 1481, 1483 (W.D.N.C. 1995). And the inference fails where the employee "took no documents or other

confidential information" on departure. *Bridgestone/Firestone, Inc. v. Lockhart*, 5 F. Supp. 2d 667, 682 (S.D. Ind. 1998).

The Amended Complaint pleads none of the doctrine's predicates. It alleges nothing about what Knight does at Atmos beyond the word "co-founder," ¶ 26—no role, no responsibilities, no overlap with the Ambassador Program work she performed at Pura, ¶¶ 29, 36. It alleges no taking: no copying, no downloading, no retention. Pura alleges Knight was obligated to return confidential materials, ¶ 162, but never alleges she failed to do so. And it alleges no bad faith or surreptitious conduct of any kind. The opposition's answer—that "start-up founders necessarily assume broad, overlapping roles," Opp. 16–17—appears nowhere in the Amended Complaint, and a brief cannot amend a pleading. It is also one more "necessarily."

## IV. PURA'S CASES ADDRESS EVIDENCE, NOT PLEADING.

Pura's circumstantial-inference authorities—*Stratienko*, *StorageCraft*, and *CDC Restoration*, Opp. 14–16—are summary-judgment and post-trial decisions about what record evidence can support. None addresses what a complaint must plead; the first affirmed judgment for the defendant, and the second involved a conceded disclosure. Knight joins Atmos's fuller treatment of those cases and of the Sixth Claim's identification of secrecy measures, rather than secrets, at ¶ 180. Atmos Reply §§ IV.A, IV.C; DUCivR 7-1(a)(4).

## V. THE BREACH OF CONTRACT CLAIM REMAINS A RECITAL.

The opposition defends the Fourth Claim with the same three facts—access, ¶¶ 27, 29, 37–39, a founding role, and "competing products and marketing initiatives that were very similar to the ones Knight oversaw," Opp. 18 (citing ¶¶ 7, 40–41)—and calls the breach a "reasonable inference." *Id.* Similar marketing by a competitor is not a breach of anything. The Amended Complaint identifies no contractual provision that similarity violates and no confidential

information used in any identified initiative. As for "information and belief": that qualifier exists for facts genuinely in a defendant's exclusive control. What Pura's own systems would show—what data Knight accessed, exported, retained, or transmitted—is squarely within Pura's control, and Pura pleads nothing of the kind. Paragraph 163 remains a "[t]hreadbare recital[]" of the breach element "supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## VI. CONCLUSION

For the reasons set forth above, the Court should dismiss the Fourth, Fifth, and Sixth Claims for Relief against Knight with prejudice.

DATED this 9th day of June, 2026.

Respectfully submitted,

KNH LLP

*/s/ Chad Pehrson*
Chad Pehrson (12622)
Nathan Gardner (19537)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2026, a true and correct copy of the foregoing DEFENDANT KRISTEN KNIGHT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS FIRST AMENDED COMPLAINT was served on all counsel of record via the Court's CM/ECF system.

/s/ *Chad Pehrson*