UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation; and KRISTEN KNIGHT, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER APPROVING PLAINTIFF'S FEE APPLICATION IN PART AND REDUCING THE TOTAL FEES AWARDED (DOC. NO. 48)**<br><br>Case No. 2:24-cv-00958<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

After the court granted two motions to compel, it awarded Pura Scents, Inc., its attorneys' fees incurred in bringing the motions.[1] And the court permitted Pura to file a motion if the parties could not agree on the fee award amount.[2] In its fee application, Pura asks for $18,439.50 for preparing the motions to compel and the fee application.[3] Atmos Fragrance and Kristen Knight argue the requested fees are unreasonable and claim Pura's counsel did not adequately confer with them before filing the fee application.[4] Where the fee application reflects block billing and an undue number of

---

[1] (Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Mots. to Compel (Order), Doc. No. 45.)

[2] (*Id.* at 4.)

[3] (Pl.'s Fee Appl. (Appl.) 1–2, Doc. No. 48.)

[4] (Defs.' Opp'n to Pl.'s Fee Appl. (Opp'n) 1–2, Doc. No. 50.)

hours billed for the motions to compel, the fee amount is reduced. Atmos Fragrance and Ms. Knight must pay Pura $9,747.50 in attorneys' fees.

**BACKGROUND**

After the defendants failed to serve their initial disclosures or respond to discovery requests, Pura filed two motions to compel, which included requests for attorneys' fees.[5] Each motion was about three pages long, excluding the certificates of service and any exhibits. Before the court ruled on the motions, Atmos and Ms. Knight corrected the deficiencies, serving initial disclosures and responding to the discovery requests.[6] Despite this, the court granted Pura's request for attorneys' fees, noting Rule 37 requires an attorney fee award if discovery is produced only after a party files a motion to compel.[7] The court ordered the parties to confer, to try to agree on the amount of the fees.[8] If the parties could not agree, Pura was permitted to file a motion with its fee request.[9]

In an attempt to confer, counsel for Pura emailed the defendants' counsel, noting a "rough calculation" of the fees incurred was "between about $11,800 and $18,000."[10] Pura proposed Atmos and Ms. Knight could resolve the fee dispute by paying the lower

---

[5] (*See* Doc. Nos. 26 & 28.)

[6] (Order 2, Doc. No. 45.)

[7] (*Id.* at 2–3); Fed. R. Civ. P. 37(a)(5)(A).

[8] (Order 4, Doc. No. 45.)

[9] (*Id.*)

[10] (Ex. B to Opp'n, Doc. No 50-3 at 2.)

number: $11,800.[11] Atmos and Ms. Knight declined the offer—in part because Pura did not list or include any billing entries "involved in the drafting of two 3-page motions."[12] Pura replied, providing supporting documentation and asking if Atmos and Ms. Knight would voluntarily pay the fees.[13] The defendants did not respond.[14] And Pura filed its application four days later.[15]

In its application, Pura requests $18,439.50 in fees—$13,479.50 for 18.1 hours spent preparing the motions to compel and $4,690 for the 6.4 hours it took to prepare the initial fee application.[16] The discounted rates for the attorneys who prepared the filings range from $615 to $815 an hour.[17]

Pura contends the requested amount reflects reasonable hourly rates and reasonable hours spent preparing the filings.[18] To support the rate, Pura's counsel notes its firm has a reputation as a "top-tier trial firm"—and refers to consumer reports

---

11 (*Id.*)

12 (*Id.*)

13 (*Id.* at 1.)

14 (Reply in Supp. of Pl.'s Fee Appl. (Reply) 2, Doc. No. 54.)

15 (*See id.*)

16 (Appl. 1–2, Doc. No. 48; Decl. of James E. Magleby in Support of Pl.'s Fee Appl. (Magleby Decl.) ¶ 45, Doc. No. 48-1; Ex. C to Appl., Doc. No. 48-4.)

17 (*See* Appl. 5, Doc. No. 48; Ex. A to Appl., Doc No 48-2.)

18 (Appl. 3–5, Doc. No. 48.)

listing hourly rates for firms of a comparable size and skill.[19] Pura also contends the hours spent by three attorneys drafting and reviewing the filings were appropriate.[20]

For their part, Atmos and Ms. Knight argue the hourly rates are unreasonable and the hours spent preparing the motion are disproportionate to the work performed.[21] The defendants also challenge the time spent preparing the fee application, arguing it was excessive, beyond the relief authorized by the court's order, and should be addressed in light of Pura's conduct during the conferral.[22]

## LEGAL STANDARD

When awarding attorneys' fees, the court uses the "lodestar" method.[23] To determine the lodestar, the court must multiply "the hours [Pura's] counsel reasonably spent on the litigation by a reasonable hourly rate."[24] "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours

---

[19] (*See id.* at 5; Ex. D to Appl., Doc. No. 48-5; Ex. E to Appl., Doc. No. 48-6.)

[20] (Appl. 4, Doc. No. 48.)

[21] (Opp'n 5–7, Doc. No. 50.)

[22] (*Id.* at 3–5, 7–11.)

[23] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir.1995)).

[24] *Id.* (citation omitted).

expended and hourly rates."[25] But the ultimate determination "is within the discretion of the trial judge."[26]

## ANALYSIS

The parties dispute both the reasonableness of the hourly rates and number of hours spent preparing the filings. Ultimately, while the hourly rates of Pura's counsel are reasonable, the hours attributed to the motions to compel and fee application are not. The fee award is reduced to reflect a reasonable number of hours.

### A. The Hourly Rates

The court generally determines whether an hourly rate is reasonable based on "what the evidence shows the market commands for analogous litigation."[27] "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."[28] When relying on market evidence, the district court has broad discretion to determine whether a rate is reasonable.[29]

---

[25] *Id.* (alteration in original) (citation omitted).

[26] *Scott v. Bed Bath & Beyond, Inc.*, No. 2:17-CV-01077, 2019 U.S. Dist. LEXIS 239788, at *2 (D. Utah Sept. 9, 2019) (unpublished) (quoting *Lucero v. Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).

[27] *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2018 U.S. Dist. LEXIS 103864, at *7 (D. Kan. June 21, 2018) (unpublished) (citing *Case*, 157 F.3d at 1250).

[28] *Kodiak Cakes, LLC v. JRM Nutrasciences, LLC*, No. 2:20-cv-00581, 2021 U.S. Dist. LEXIS 60416, at *2–3 (D. Utah Mar. 29, 2021) (unpublished) (citing *Jones v. Eagle–North Hills Shopping Ctr.*, 478 F.Supp.2d 1321, 1326 (E.D. Okla. 2007)).

[29] *See Case*, 157 F.3d at 1256 ("As long as its decision is grounded in appropriate market evidence, its ruling merits abuse-of-discretion deference from this court.").

The hourly rates range from $615 to $815 for the three attorneys who worked on the filings.[30] To support these rates, Pura provides evidence of the market rates in Salt Lake City, including "AMLaw 1-200" percentile reports,[31] and an American Intellectual Property Law Association (AIPLA) chart showing nationwide averages for various categories of intellectual property attorneys.[32] The AMLaw report shows the average rate for a partner at an AMLaw 1-200 firm in Salt Lake City is $873 an hour.[33] The rates in the AIPLA report vary significantly, with the median rate ranging from $450 an hour up to $1,100 depending on the firm's size.[34] And according to the AIPLA report, the third quartile for firms of a comparable size to Pura's counsel is $560.[35]

Considering the market data, the firm's reputation, and the credentials of the attorneys, the hourly rates are reasonable. It is true, as the defendants point out, that Pura's counsel are not attorneys at an AMLaw 1-200 firm.[36] But these rates indicate what a similarly skilled attorney can charge. Pura's attorneys are highly credentialled partners at their firm, each with multiple decades of experience.[37] And the firm is

---

[30] (*See* Magleby Decl. ¶ 45, Doc. No. 48-1; Ex. A to Appl., Doc. No. 48-2.)

[31] (Ex. D to Appl., Doc. No 48-5.)

[32] (Ex. E to Appl., Doc. No 48-6.)

[33] (Ex. D to Appl., Doc. No 48-5.)

[34] (Ex. E to Appl., Doc. No 48-6.)

[35] (*Id.*)

[36] (Opp'n 6–7, Doc. No. 50.)

[37] (*See* Magleby Decl. ¶¶ 6–14, Doc. No. 48-1.)

similarly well-respected, with multiple prestigious rankings for firms in its industry.[38] Because of these accomplishments and the firm's reputation and placement in the industry, the rates charged are reasonable when compared to the rates charged at AMLaw 1-200 firms in Salt Lake City.

**B. The Total Hours Expended**

Pura seeks to recover fees for 18.1 hours of work on the motions to compel and 6.4 hours of work preparing the initial fee application.[39] To be reasonable, these hours must be reduced.

1. *The Motions to Compel*

"The touchstone in determining the number of hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable."[40] The number of compensable hours may be reduced if the hours were "unnecessary, irrelevant, and duplicative."[41] When reducing hours, there is no requirement to "identify and justify each disallowed hour" or "announce what hours are permitted for each legal task."[42]

---

[38] (*See id.* ¶ 5.)

[39] (*See* Appl. 2, Doc. No. 48; Magleby Decl. ¶ 45, Doc. No. 48-1; Ex. C to Appl. Doc. No. 48-4.)

[40] *Kodiak Cakes*, 2021 U.S. Dist. LEXIS 60416, at *3–4 (citing *Case*, 157 F.3d at 1250).

[41] *Case*, 157 F.3d at 1250 (citation omitted).

[42] *Id.* (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)).

Atmos and Ms. Knight lodge many objections to the 18.1 hours spent preparing the motions to compel. But the court need not look beyond the length of the motions versus the time Pura claims it took to prepare them. Both motions were short form discovery motions, limited to 500 words by the local rules.[43] And the issues addressed in the motions were simple: Pura sought relief from the defendants' total failure to respond to discovery requests or serve initial disclosures. Pura only included one exhibit with the motions (the unanswered requests for production) and one proposed order. These are not the type of motions requiring extensive drafting or multiple rounds of review.

The billing logs show Cody Winchester spent 4.2 hours drafting the first motion and 4.3 hours drafting the second (among other tasks).[44] This is generally reasonable.[45] But the time spent on these motions after drafting was unreasonable. At core, these are straightforward motions the defendants did not oppose. Yet the logs show about ten hours of additional work related to the motions.[46] Because of the block nature of the billing entries, it is difficult to tell what relates specifically to the motions to

---

[43] *See* DuCivR 37-1(b)(1).

[44] (Ex. B to Appl., Doc. No 48-3 at 7–8.) Because this exhibit lacks page numbers, citations to page numbers are to CM/ECF pagination.

[45] *See Kodiak Cakes*, 2021 U.S. Dist. LEXIS 60416, at *5 (reducing hours awarded for drafting a short form motion to compel to 3.5 hours); *Scott*, 2019 U.S. Dist. LEXIS 239788, at *3 (awarding four hours of attorneys' fees for drafting a short form motion to compel).

[46] (*See* Ex. B to Appl., Doc. No 48-3 at 7–8.)

compel versus other aspects of the case. And where all the attorneys involved are experienced partners, it is not clear why so many rounds of review were necessary. Pura explains that Ms. Winchester, the attorney drafting the motions, was new to the case, requiring involvement from other attorneys familiar with the matter.[47] But it is not apparent Atmos and Ms. Knight should bear the costs of bringing Ms. Winchester up to speed. Moreover, presumably, the partners familiar with the matter could quickly verify the accuracy of another partner's work. In similar instances, courts have found half an hour of review reasonable.[48] So, too, here. The court awards half an hour per motion for time spent outside of drafting.

Applying the lodestar method, Pura is awarded 8.5 hours for drafting the motions at a rate of $775 an hour, and 1 hour for reviewing the motions at a rate of $815 an hour. The total fee award for the motions to compel is $7,402.50.

2. *The Fee Application*

Pura also asks for attorneys' fees for the time it took to prepare the fee application.[49] Ms. Knight and Atmos oppose this, arguing the hours are excessive, the court did not authorize attorneys' fees for the application, and Pura's conduct during the

---

[47] (Reply 6, Doc. No. 59.)

[48] *See Kodiak Cakes*, 2021 U.S. Dist. LEXIS 60416, at *5; *Scott*, 2019 U.S. Dist. LEXIS 239788, at *3.

[49] (Appl. 5–6, Doc. No. 48.)

conferral process cautions against a large award.[50] The attorneys' fees for the fee application must be reduced.

"An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application."[51] But an award for a fee application may be reduced if the time spent is excessive.[52] Another factor to consider is "whether the hours are supported by adequate billing records" for the court to assess reasonableness.[53] If an award is unjustified, the court may make "a general reduction of hours."[54]

Pura requests $4,690 for the 6.4 hours it took to prepare its fee application.[55] But it is not apparent the hours spent on the application were reasonable because they are not supported by adequate billing records. The only support for the hours comes from a declaration, which contains a simple statement that Ms. Winchester spent 6.4 hours drafting the motion and declaration.[56] From this statement, it is impossible to

---

[50] (Opp'n 7–11, Doc. No. 50.)

[51] *Case*, 157 F.3d at 1254 (citations omitted).

[52] *See id.* at 1255.

[53] *Martin v. SGT, Inc.*, No. 2:19-CV-00289, 2023 U.S. Dist. LEXIS 90346, at *29 (D. Utah May 22, 2023) (unpublished) (citation omitted).

[54] *Mares*, 801 F.2d at 1203 ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.").

[55] (Appl. 6, Doc. No 48.)

[56] (Magleby Decl. ¶ 45, Doc. No. 48-1.)

gauge how much original research or drafting the application required. Overall, clarity is lacking. And billing records did not exist when the application was filed.[57] This raises concerns where the records submitted in support of the fee award for the discovery motions reflected ambiguous block billing. Moreover, the fee award requested for the hours spent on the application is proportionally quite high: an additional 60% of the fee amount awarded for the discovery motions.[58] This disproportionate request is particularly problematic where the parties' conferral efforts were minimal and occurred at the eleventh hour.[59]

Under the totality of the circumstances, Pura has not justified its fee request.[60] Where Pura simply did not provide sufficient detail to determine whether the time spent

---

[57] (*Id.*)

[58] *See Brunswick Recs. Corp. v. Lastrada Ent. Co.*, No. 23CIV100, 2023 U.S. Dist. LEXIS 224226, at *20–21 (S.D.N.Y. Dec. 15, 2023) (unpublished) (finding a fee application increasing attorneys' fees by fifty percent to be disproportionate), *R. & R. adopted*, No. 23CV0100, 2024 U.S. Dist. LEXIS 21276 (S.D.N.Y. Feb. 2, 2024); *Diaz v. Paragon Motors of Woodside, Inc.*, No. CV-03-6466, 2008 U.S. Dist. LEXIS 37440, at *28–31 (E.D.N.Y. May 7, 2008) (unpublished) (reducing attorneys' fees where the hours spent litigating the fees produced a fifty percent increase to the award).

[59] *See Brunswick*, 2023 U.S. Dist. LEXIS 224226, at *20–21 (unpublished) (noting a "request for attorneys' fees should not result in a second major litigation" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))).

[60] *Martin*, 2023 U.S. Dist. LEXIS 90346, at *29 (unpublished) (placing the burden on the movant to prove "the reasonableness of *each dollar, each hour, above zero*" (emphasis added) (citation omitted)).

on the fee application was reasonable or necessary, the hours must be reduced.[61] A 50% reduction is reasonable, making the total fee award for the fee application $2,345.

**CONCLUSION**

Pura is awarded $9,747.50 in attorney fees. Payment is to be made within 30 days from the date of this order.

DATED this 3rd day of November, 2026.

BY THE COURT:

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge

[61] *See Oklahoma Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1258 (N.D. Okla. 2004) (unpublished) (reducing fees by $4,104 for insufficient detail to determine if fees were reasonable or necessary); *Barker v. GR Inv. Grp. LLC*, No. 1:23-CV-0332, 2024 U.S. Dist. LEXIS 240081, at *7–8 (D.N.M. July 10, 2024) (unpublished) (reducing a fee award by 1.4 hours where it was unclear how the time was spent).