Chad Pehrson (12622) cpehrson@knh.law
Nathan C. Gardner (19537) ngardner@knh.law
**KNH LLP**
50 West Broadway, Suite 301
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants Atmos Fragrance, Inc., and Kristen Knight*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation; and KRISTEN KNIGHT, an individual,<br><br>Defendants. | **JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE**<br><br>Case No. 2:24-cv-00958-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Pura Scents, Inc. (“**Pura**”) and Defendants Atmos Fragrance, Inc. (“**Atmos**”) and Kristen Knight (“**Knight**”) (together, the “**Parties**”) jointly move the Court to (1) enter the Stipulated Permanent Injunction attached as **Exhibit A** (the “**Injunction**”); and (2) dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(2), with each party to bear its own attorney fees and costs and with the Court retaining jurisdiction to enforce the Injunction and the Parties’ settlement.

## RELIEF REQUESTED AND GROUNDS

The Parties have resolved this action. They entered into a Settlement Agreement and

Mutual Release (the "**Settlement Agreement**"), effective October 27, 2026, that resolves all claims asserted in this case.

As part of that resolution, Atmos has stipulated to entry of the Injunction, and the Parties have agreed to its form. The Injunction is entered by stipulation to avoid the burden and expense of continued litigation. It is not a litigated determination on the merits, and Atmos and Knight deny any infringement, misappropriation, or liability.

The Parties also stipulate to dismissal of this action, including all claims and counterclaims that were or could have been asserted, with prejudice, with each party to bear its own attorney fees and costs. The Parties intend that dismissal take effect upon entry of the Injunction.

Because the dismissal is tied to entry of the Injunction, and because the Parties ask the Court to retain jurisdiction to enforce the Injunction and the Settlement Agreement, the Parties request dismissal by court order under Rule 41(a)(2) rather than by a self-executing stipulation under Rule 41(a)(1)(A)(ii). An order of dismissal that expressly retains jurisdiction preserves the Court's ability to enforce the Parties' settlement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

The Settlement Agreement also released Pura's claim for attorney fees in this action, including its Application for Attorney Fees [Dkt. 48]. The Court ruled on that application on November 3, 2026 [Dkt. 67], after the Settlement Agreement took effect but before the Parties filed this Motion. Because the fee claim has been released, no payment is due on that award or under the Court's earlier order granting fees [Dkt. 45]. Upon dismissal, Defendants' pending Motions to Dismiss the First Amended Complaint [Dkts. 52, 53] will be moot.

A proposed order of dismissal is attached as **Exhibit B**. Word versions of the Injunction

and the proposed order are being submitted to chambers.

**CONCLUSION**

The Parties respectfully request that the Court (1) enter the Stipulated Permanent Injunction attached as Exhibit A; (2) dismiss this action with prejudice, each party to bear its own attorney fees and costs, with no payment due on any fee award previously entered in this action; (3) deny as moot all pending motions; and (4) retain jurisdiction to enforce the Injunction and the Parties' Settlement Agreement.

DATED: November 9, 2026.

**KNH LLP**

*/s/ Chad Pehrson*
Chad Pehrson
Nathan C. Gardner

*Attorneys for Defendants Atmos Fragrance, Inc., and Kristen Knight*

**MAGLEBY CATAXINOS, PC**

*/s/ Jennifer Fraser Parrish**_
James E. Magleby
Edgar Cataxinos
Jennifer Fraser Parrish

*Attorneys for Plaintiff Pura Scents, Inc.*

** Signed by filing counsel with permission of Plaintiff's counsel via email dated 11/9/26.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November 2026, I caused a true and correct copy of the **JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE** to be submitted for electronic filing through the Court's CM/ECF system which automatically effectuated service of process upon all counsel of record.

*/s/Chad S. Pehrson*