**EXHIBIT A**

**TO**

**JOINT MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE**

---

**[PROPOSED] STIPULATED PERMANENT INJUNCTION**

Chad Pehrson (12622)
Nathan C. Gardner (19537)
**KNH LLP**
50 West Broadway, Suite 301
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@knh.law
ngardner@knh.law

*Attorneys for Defendants Atmos Fragrance, Inc., and Kristen Knight*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PURA SCENTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMOS FRAGRANCE, INC., a Delaware corporation; and KRISTEN KNIGHT, an individual,<br><br>Defendants. | **[PROPOSED] STIPULATED PERMANENT INJUNCTION**<br><br>Case No. 2:24-cv-00958-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter came before the Court on the joint stipulation and motion of Plaintiff Pura Scents, Inc. ("**Pura**") and Defendants Atmos Fragrance, Inc. ("**Atmos**") and Kristen Knight ("**Knight**") for entry of this Stipulated Permanent Injunction (the "**Injunction**"). The parties have resolved this action through a Settlement Agreement and Mutual Release and have consented to entry of this Injunction. Good cause appearing, the Court FINDS, ORDERS, ADJUDGES, AND DECREES as follows:

1. The Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and has personal jurisdiction over the parties. Venue is proper in this District. The parties consent to the Court's jurisdiction for entry and enforcement of this Injunction.

2. As used in this Injunction, the "Patents-in-Suit" means U.S. Patent No. 10,967,091 ("Scent Dispensation"), U.S. Patent No. 11,213,601 ("Fragrance Intensity Control Mechanism with PID Control"), and U.S. Patent No. 12,329,886 ("Enhanced Dispenser Control").

3. Solely for purposes of this action and this Injunction, Atmos stipulates that the Patents-in-Suit are valid and enforceable. This stipulation is entered solely to resolve this litigation and is not, and shall not be treated as, a litigated determination on the merits.

4. Atmos and Knight deny any infringement of the Patents-in-Suit, any misappropriation of any trade secret, and any liability or wrongdoing. This Injunction is entered by stipulation solely to avoid the burden and expense of continued litigation and shall not be construed as an admission of any fact, claim, or liability.

5. Through and including October 30, 2026 (the "**Wind-Down Period**"), Atmos may liquidate its existing inventory and assets in the ordinary course of winding down its business. During the Wind-Down Period, Atmos shall not manufacture or import any new Accused Products, launch any new versions or models of any Accused Products, or use, disclose, or misappropriate any Pura Trade Secrets. Beginning upon expiration of the Wind-Down Period, Atmos is permanently enjoined from making, using, offering to sell, selling, distributing, making available, maintaining, updating, or supporting within the United States, or importing into the United States, the following products: the Atmos diffusers, including the Atmos Aura diffuser, and the Atmos

smartphone applications, including the Apple and Android applications, together with prior and successor versions and model numbers of the foregoing (collectively, the "**Accused Products**"), and any product not more than colorably different from an Accused Product that infringes any claim of the Patents-in-Suit.

6. Atmos is permanently enjoined from using, disclosing, or misappropriating Pura's non-public trade-secret information including Pura's Shopify-based customer and financial analytics and the contents of Pura's Ambassador Program database (collectively, the "**Pura Trade Secrets**"). This Injunction does not restrict Atmos's use of any information that is or becomes publicly available through no wrongful act of Atmos, that Atmos lawfully possessed independent of Pura, or that Atmos is required to disclose by law or court order.

7. This Injunction binds Atmos and its officers, agents, servants, employees, and attorneys, and other persons who are in active concert with any of them who receive actual notice of this Injunction by personal service or otherwise, in accordance with Federal Rule of Civil Procedure 65(d)(2).

8. No bond or other security is required for entry of this permanent Injunction, and any requirement of security is waived.

9. The Court retains jurisdiction over the parties and the subject matter of this action for the purpose of enforcing this Injunction and the parties' Settlement Agreement and Mutual Release.

10. The parties have separately stipulated to the dismissal of this action with prejudice,

each party to bear its own attorney fees and costs. Entry of this Injunction and that dismissal fully and finally resolve this action.

**IT IS SO ORDERED.**

DATED: ______________________

BY THE COURT:

______________________________
Honorable Ted Stewart
United States District Judge

**STIPULATED AND AGREED TO:**
**KNH LLP**

*/s/ Chad Pehrson*
Chad Pehrson
Nathan C. Gardner

*Attorneys for Defendants Atmos Fragrance, Inc., and Kristen Knight*

**MAGLEBY CATAXINOS, PC**

*/s/ Jennifer Fraser Parrish**
James E. Magleby
Edgar Cataxinos
Jennifer Fraser Parrish

*Attorneys for Plaintiff Pura Scents, Inc.*

** Signed by filing counsel with permission of Plaintiff's counsel via email dated 11/09/26.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November 2026, I caused a true and correct copy of the **[PROPOSED] STIPULATED PERMANENT INJUNCTION** to be submitted for electronic filing through the Court's CM/ECF system which automatically effectuated service of process upon all counsel of record.

*/s/Chad S. Pehrson*